Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| KEVIN SELKOWITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-20,<br><br>Defendants. | NO. 3:10-cv-05523-JCC<br><br>DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)<br><br>NOTE ON MOTION CALENDAR: August 27, 2010 |

COMES NOW Defendant First American Title Insurance Company ("First American"), by its attorneys, Kennard M. Goodman and Ann T. Marshall, of Bishop, White, Marshall & Weibel, P.S., and moves for dismissal for failure to state a claim for relief.

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 1

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

# I. RELIEF REQUESTED

Pursuant to Fed.R.Civ.P. 12(b)(6), First American requests that this Court dismiss with prejudice as to First American all the claims for relief which are set forth in Plaintiff Kevin Selkowitz's Complaint on file herein.

# II. STATEMENT OF FACTS

Plaintiff's complaint seeks to restrain a trustee's sale on a nonjudicial foreclosure; to quiet title; and damages for violation of the Consumer Protection Act and Fair Debt Collection Practices Act, libel and defamation of title, malicious prosecution, and wrongful foreclosure.[1] The Complaint names five defendants (plus John Doe defendants).

According to the Complaint, plaintiff obtained a loan from New Century Mortgage Corporation in November 2006, for which he provided a deed of trust as security. *See* Complaint, ¶ 3.1. It appears that plaintiff has defaulted on the loan and foreclosure proceedings have been commenced. *See* Complaint, ¶ 3.4.

Paragraph 1.5 of the Complaint identifies First American as a party. The Complaint describes First American's role in the underlying events as follows:

> 3.1   Plaintiff executed a Deed of Trust on November 1, 2006, with Defendant FATCO as trustee, naming MERS as purported beneficiary; the lender was identified as New Century Mortgage Corporation. …
>
> …
>
> 3.3   On May 12, 2010, Defendant MERS executed, as beneficiary of the security instrument referenced in paragraph 3.1, an Appointment of Successor Trustee nominating Defendant [Quality Loan Service Corporation of Washington ("QLS")] as trustee. This instrument was recorded in King County under Recordation No. 20100520000866 on May 20, 2010. A true and correct copy of said Appointment of Successor

---

[1] The Complaint's caption on the first page also refers to violation of the Truth in Lending Act (15 U.S.C. § 1601, *et seq.*), but no such allegations appear in the Complaint's body.

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 2

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

Trustee is attached here and incorporated herein by this reference as **Exhibit "B".**

Complaint, ¶¶ 3.1, 3.3 (bold in original).

### III.   STATEMENT OF ISSUES

1. Does Plaintiff state a claim for relief against the former trustee on a deed of trust who is not alleged to have engaged in any act or omission, much less one causing damage or loss to Plaintiff?

### IV.   EVIDENCE RELIED UPON

First American relies upon the Complaint served in this action.

### V.   ARGUMENT

Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must indicate more than mere speculation of a right to relief. *See id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one of two reasons: *(1)* absence of a cognizable legal theory or *(2)* insufficient facts under a cognizable legal claim. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the Court assumes the truth of the plaintiff's allegations and draws all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 3

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

Accepting plaintiff's own allegations at face value, First American's only involvement is that it was originally named as trustee on the deed of trust signed by Plaintiff. First American has been a complete stranger to this property since a substitution of trustee was recorded on May 12, 2010. Plaintiff does not ascribe any particular act or omission to First American. Hence, First American is not a proper defendant in this lawsuit.

A. **CONSUMER PROTECTION ACT**

Plaintiff's first claim for relief seeks damages for violation of the Washington Consumer Protection Act (RCW Chapter 19.86) ("CPA"). Plaintiff alleges:

> 4.2   Defendants Litton, New Century, FATCO, MERS and QLS have violated the Consumer Protection Act, *RCW 19.86, et seq.,* through a course of conduct in executing, recording and relying upon documents that it knew or should have known to be false and that have the capacity to deceive a substantial portion of the public.
>
> 4.3   In promulgating false and improperly executed documents Defendants are engaged in deceptive acts.
>
> …
>
> 4.5   Defendants have engaged in these activities as part of a normal course of business and commerce. Such activities are likely to be repeated affecting the people of the State of Washington.
>
> 4.6   The public interest is negatively impacted by the pattern of conduct engaged in by Defendants as evidenced by the repeated acts and obvious potential for repetition.

Complaint, ¶¶ 4.2, 4.3, 4.5, 4.6 (italics in original). Plaintiff also alleges:

> Several named Defendants are jointly and severally liable as said Defendants knowingly executed and directed documents to Plaintiff or Defendant QLS at such time they knew or should have known contained false statements [sic].

Complaint, ¶ 4.8.

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 4

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

A claim for violation of the CPA requires proof of five elements: *(1)* unfair or deceptive act or practice; *(2)* occurring in trade or commerce; *(3)* public interest impact; *(4)* injury to plaintiff in his or her business or property; and *(5)* causation. *See Hangman Ridge Training Stables v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780 (1986). Allegations sounding in fraud must be pleaded with particularity under Fed.R.Civ.P. 9(b). *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-05 (9th Cir. 2003).

Plaintiff has not identified any deceptive or unfair act or practice allegedly committed by First American.[2] Because Plaintiff does not describe any document *executed* by First American or *directed* by it to either Plaintiff or the other defendants, he utterly fails to describe such a document containing a false statement. Given these fundamental omissions, Plaintiff naturally cannot allege any public interest impact, injury, or causation resulting from any act by First American. Plaintiff also does not identify the "[s]everal named Defendants" mentioned in ¶ 4.8 by either name or description.[3] Accordingly, Plaintiff fails to state a claim for relief under the CPA against First American.

---

[2] A trustee to a deed of trust is typically identified without prior notice by the beneficiary, who has complete discretion to substitute a new trustee at any time. *See* RCW 61.24.010(2) (trustee may be replaced by beneficiary; if no trustee is named in deed of trust or if trustee resigns or otherwise cannot serve, "the beneficiary shall appoint a trustee or successor trustee"); *see also Mutual Reserve Ass'n v. Zeran,* 152 Wash. 342, 350, 277 P. 984 (1929) ("The trustee is a mere nominal party, without interest in the subject-matter, who is named only as the instrument through which the rights of the real parties may be protected and enforced.") Plaintiff has alleged nothing to suggest First American is liable for anything done by the subsequent trustee, QLS.

[3] Throughout his Complaint, Plaintiff repeatedly refers to "several named defendants" without actually identifying those parties. This is not sufficient to fulfill even notice-pleading requirements, especially when Plaintiff does not provide other details that *might* permit a party to ascertain whether it is the subject of the allegations.

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 5

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

## B. Fair Debt Collection Practices Act

Plaintiff's second claim for relief is for violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1691, *et seq.*). Plaintiff does not expressly name First American. Rather, First American is peripherally implicated only by two broad references to "defendants":

> 5.3   A threat to take nonjudicial action to dispossess the Plaintiff of his residence without a present right to possession by Defendant QLS, **or any other named Defendant,** is a violation of §808 (6) of the Fair Debt Collection Practices Act.
>
> 5.4   **Several named Defendants** are jointly and severally liable as said Defendants knowingly executed documents they knew or should have known contained false statements or seeking to take nonjudicial action to which they were not legally entitled.

Complaint, ¶¶ 5.3 – 5.4 (emphasis added).

Plaintiff does not allege any action *by First American* that would constitute an attempt to collect a debt. Plaintiff does not identify any document "executed" *by First American*; obviously, if First American did not execute any document, then it could not have executed one that contained false statements. Plaintiff's allegations concede that First American was replaced as trustee before any effort was made to declare Plaintiff in default and to foreclose on his property; Plaintiff does not — because he cannot — describe any role played by First American in the foreclosure proceeding against his property. Plaintiff has not stated a claim for relief for breach of the Fair Debt Collection Practices Act against First American.

## C. Libel and Defamation of Title

Plaintiff's third claim for relief seeks damages for libel and defamation of title arising from the recording and publication of Notices of Trustee's Sale. In this instance, the only defendant actually named is QLS. Complaint, ¶ 6.2. The Complaint also alleges:

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 6

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

> **Several named Defendants** are jointly and severally liable as said Defendants knowingly executed and directed documents to Plaintiff, third parties, or Defendant QLS at such time as they knew or should have known said documents contained false statements.

Complaint, ¶ 6.3 (emphasis added).

Plaintiff expressly alleges that the Notice of Trustee's Sale was executed by QLS after it replaced First American as trustee. *See* Complaint, ¶¶ 3.3, 3.4. Plaintiff does not identify any document executed or directed by First American, much less one containing any false statements. Consequently, this cause of action does not state a claim for relief against First American.

### D. MALICIOUS PROSECUTION

Plaintiff's third claim for relief is for malicious prosecution. Plaintiff alleges:

> Defendant QLS embarked upon the above described course of conduct to dispossess the Plaintiff of his residence with actual or imputed knowledge of the impropriety of such action. The Defendant had no basis for a reasonable belief that the actions taken were proper.

Complaint, ¶ 7.2. Plaintiff also alleges:

> **Several named Defendants** are jointly and severally liable as said Defendants knowingly executed and directed documents to Defendant QLS at such time they knew or should have known said documents contained false statements.

Complaint, ¶ 7.4 (emphasis added).

A claim for malicious prosecution in a civil case requires a plaintiff to allege and prove seven elements: *(1)* the prosecution claimed to have been malicious was instituted or continued by the defendant; *(2)* there was want of probable cause for the institution or continuation of the prosecution; *(3)* the proceedings were instituted and continued through malice; *(4)* the proceedings terminated on the merits in favor of the Plaintiff or were abandoned; *(5)* the Plaintiff suffered injury or damages as a result of the prosecution; *(6)*

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 7

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

there was arrest or seizure of property; and *(7)* there was special injury (meaning injury that would not necessarily result from similar causes of action). *See Clark v. Baines,* 150 Wn.2d 905, 965, 84 P.3d 245 (2004).

Plaintiff does not allege First American has initiated any lawsuit against him. This, alone, is fatal to his claim. Plaintiff also does not allege any of the other six elements as against First American, further establishing the absence of any merit to this claim.

Moreover, to the extent it is relevant to a claim for malicious prosecution, Plaintiff does not describe any document executed, or recorded, by First American, much less one *(a)* containing false statements *(b)* of which it was, or should have been, aware.

Plaintiff's claim for malicious prosecution against First American cannot stand.

### E. WRONGFUL FORECLOSURE

Plaintiff's fourth claim for relief is for wrongful foreclosure. The gravamen of this claim is that defendant MERS does not meet the statutory definition of "beneficiary" and, therefore, had no right to foreclose or to name QLS as the successor trustee. *See* Complaint, ¶ 8.2. Plaintiff does not refer to First American by name in this claim for relief. He does include two general, unexplained references to "Defendants":

> 8.4   Defendants have violated the provisions of *RCW 61.24*.
>
> 8.5   Based upon the facts alleged herein the Defendants have engaged in a wrongful foreclosure against the Plaintiffs for which the sale should be permanently enjoined.

Complaint, ¶¶ 8.4 – 8.5 (italics in original).

In the narrow context of this claim for relief, "Defendants" may refer only to MERS and QLS; given Plaintiff's other broad allegations, however, he may well intend "Defendants" to encompass parties other than MERS and QLS. Assuming that Plaintiff intends the latter, the allegations do not provide any basis for a claim against First

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 8

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

American: Plaintiff himself admits that the Notice of Trustee's Sale was executed by QLS, not First American. *See* Complaint, ¶ 3.4. The Complaint implicitly concedes that First American has no role in any foreclosure against Plaintiff's property because First American has been succeeded as trustee by QLS. If the foreclosure is wrongful, Plaintiff has alleged no facts on which to hold First American responsible. Accordingly, First American is entitled to dismissal of this claim for relief.

### F. QUIET TITLE

Plaintiff's final claim for relief is to quiet title to his property. The Complaint makes clear that First American has been replaced as trustee. Plaintiff does not allege that First American possesses, has control over, or is asserting any interest in, Plaintiff's property. Accordingly, Plaintiff's action to quiet title must be dismissed as to First American.

### VI. CONCLUSION

Plaintiff cannot prove any set of facts consistent with the Complaint that would entitle him to relief as against First American. For the foregoing reasons, defendant First American Title Insurance Company respectfully requests this Court to dismiss Plaintiff's claims for relief, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6).

Dated this 5th day of August, 2010.

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.

By:   /s/ Kennard M. Goodman
   Ann T. Marshall, WSBA No. 23533
   Kennard M. Goodman, WSBA No. 22823

Attorneys for Defendant
First American Title Insurance Company

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) - 9

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354