The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| KEVIN SELKOWITZ, and individual,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; DOE DEFENDANTS 1-20,<br><br>Defendants. | No. 3:10-cv-05523-JCC<br><br>**DEFENDANTS LITTON LOAN SERVICING AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**NOTE ON MOTION CALENDAR:**<br>**September 3, 2010** |

## I.   INTRODUCTION & RELIEF REQUESTED

COMES NOW Defendants Litton Loan Servicing, LP ("Litton") and Mortgage Electronic Registration Systems Inc. ("MERS") (collectively "Moving Defendants") and moves this court for dismissal, without leave to amend, pursuant to Fed. R. Civ. P 12(b)(6), on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff's claims and underlying theory are rooted in an assertion that the by naming MERS as the nominee beneficiary under the original deed of trust, all actions in furtherance of a foreclosure are false and ultimately void because the plaintiff borrower allegedly never

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 1 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

owed anything to MERS and MERS allegedly never actually held the note or "owned the debt." Additionally, Plaintiff challenges the foreclosure because no Assignment of Deed of Trust or Note has been recorded. Both of these theories have been specifically rejected by Washington courts and are not in accordance with Washington law.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the causes of action in the plaintiff's complaint. Plaintiff's Complaint in the captioned matter fails this test. Although a court considering a 12(b)(6) motion takes the allegations of material fact in plaintiff's complaint as true and construes them in the light most favorable to the plaintiff, *Parks Sch. of Bus, Inc. v. Symington,* 51 F.3d 4180, 1484 (9th Cir. 1995), allegations that are nothing more than bare conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009).

## II.   STATEMENT OF FACTS

On or about October 30, 2006, Plaintiff Kevin J. Selkowitz ("Selkowitz" or "Plaintiff"), in order to secure repayment of a promissory note (the "Note") in the amount of $309,600.00, granted to Mortgage Electronic Registration Systems as nominee for the original lender, New Century Mortgage Corporation and its successors and assigns, a deed of trust (the "Deed of Trust"). The Deed of Trust encumbers the real property commonly known as 6617 SE Cougar Mountain Way, Bellevue, Washington 98006 (the "Property"). The Deed of Trust was recorded on November 1, 2006 under King County Auditor's File No. 20061101000910. A true and correct copy of the Deed of Trust is attached hereto as Exhibit A.

On or about May 20, 2010, Mortgage Electronic Registration Systems recorded an appointment of successor trustee (the "Appointment of Successor Trustee") naming Quality Loan Service Corporation of Washington the successor trustee. The Appointment of Successor

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 2 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Trustee was recorded under King County Auditor's File No. 20100520000866. A true and correct copy of the Appointment of Successor Trustee is attached hereto as Exhibit B.

On or about June 1, 2010, Quality Loan Service recorded a Notice of Trustee's Sale (the "NTS") under King County Auditor's File No. 20100601001460. A true and correct copy of the NTS is hereto attached as Exhibit C.

On or about July 2, 2010, Plaintiff filed his Complaint for Temporary Restraining Order and Permanent Injunction, Wrongful Foreclosure, Libel/Defamation of Title, Malicious Prosecution, and Violations of Truth in Lending Act ("TILA")[1], the Consumer Protection Act ("CPA"), and the Fair Debt Collection Practices Act ("FDCPA") in King County Superior Court under Cause No. 10-2-24157-4 KNT.

On or about July 27, 2010, Defendant Quality Loan Service filed a Notice of Removal removing the Superior Court action to the United States District Court for the Western District of Washington at Seattle.

### III.   ISSUES PRESENTED

Whether Plaintiff's causes of action for (1) Violation of the Consumer Protection Act, (2) Violation of the Fair Debt Collection Practices Act, (3) Libel/Slander of Title, (4) Malicious Prosecution, (5) Wrongful Foreclosure, and (6) quiet title should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to sufficiently state any plausible claims for relief as to Litton and MERS.

### IV.   EVIDENCE RELIED UPON

The evidentiary basis for this motion to dismiss for failure to state claim are the

---

[1] While the case caption to Plaintiff's Complaint lists "Violation of the Truth in Lending Act 15 U.S.C. § 1601, *et seq.*" as an assertion cause of action, Plaintiff makes no mention of any TILA claim in the body of his Complaint.

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 3 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

allegations stated in Plaintiff's Complaint, the attachments thereto, the documents referenced therein, and the undisputed facts of which the Court may take judicial notice.

## V.     AUTHORITY & ARGUMENT

### A. STANDARD FOR A FED.R. CIV. P. 12(b)(6) MOTION TO DISMISS

A complaint, or any cause of action alleged therein, must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff fails to state a claim if his complaint does allege sufficient fact which, if true, would provide adequate grounds for his or her entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). More recently, in *Ashcroft v. Iqbal,* 556 U.S. __, 129 S.Ct. 1937, 177 L.Ed.2d 868 (2009), the United States Supreme Court expanded upon its reasoning in *Twombly,* stating that:

> The pleading standard under F.R.C.P. 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." A pleading that offers "labels and conclusions" or a "formulaic recitation of elements of a cause of action will not do." Nor [does] a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Iqbal,* 129 S.Ct. at 1949 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, "states a claim to relief that is plausible on its face." *Id.* (citing *Twombly,* 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly,* 550 U.S. at 556). In *Iqbal,* the court reasoned that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 4 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 557).

The Supreme Court outlined two "working principles" for applying the *Twombly* standard in the motion to dismiss context:

> [(1)] the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions…[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice [and (2)] only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 1949-50. The Court noted that the determination of whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense, "but where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]" – "that the pleader is entitled to relief." *Id.* at 1950 (citing Fed. Civ. R. P. 8(a)). As additional guidance in applying these principles, the Court stated:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Id.* Application of these pleading standards necessitates dismissal of Plaintiff's causes of action against Moving Defendants. Here, as in *Iqbal*, Plaintiff's Complaint has not "nudged" his claims "across the line from conceivable to plausible." *Iqbal,* 129 S.Ct. at 1951 (citing *Twombly,* 550 U.S. at 570).

Additionally, this court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into one for summary judgment. *See e.g., Shaw v. Hahn,* 56 f.3d 1128, 1129 n. 1 (9th Cir. 1995). The Court may also consider the

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 5 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

exhibits to the Complaint because Plaintiff refers to their note, deed of trust, and other documents extensively. *See United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) ("[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Parrino v. FHP, Inc.* 146 F.3d 669, 707 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

In addition to ruling on a 12(b)(6) motion, the court may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds, Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991). *See also In re Cendent Corp Derivative Action Litig.,* 189 F.R.D. 117, 127 (D.N.J. 1999) (in resolving a motion to dismiss, courts may consider the allegations of the complaint, documents attached to or specifically referenced in the complaint, and matters of public record). When this Court considers a motion to dismiss, "documents whose contents are alleged in the complaint and whose authenticity no party questions may be considered." *In re Stacs Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996) (quoting *Fecht v. The Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)).

B. **PLAINTIFF HAS FAILED TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff's complaint asserts the following causes of action as to the Moving Defendants: 1) Violation of the Consumer Protection Act, 2) Violation of the Fair Debt

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 6 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Collection Practices Act, 3) Libel/Slander of Title, 4) Malicious Prosecution, 5) Wrongful Foreclosure, and 6) asks the court to quiet title in Plaintiff's favor. However, each claim is nothing more than "[t]hreadbare recitals of elements of each cause of action, supported by mere conclusory statements." In other words, Plaintiff provides no specific facts or allegations to support the causes of action. Rather, the only verifiable facts stated in Plaintiff's "statement of facts" is the execution and recording dates of the subject Deed of Trust, Appointment of Successor Trustee, and Notice of Sale. Beyond that, Plaintiff makes a number of unsupported and conclusory statements regarding MERS. Ultimately, these recitals supported by the conclusory statements do not suffice and do not survive a Fed. R. Civ. P. 12(b)(6) motion.

### 1. **Plaintiff's claim for violation of the Consumer Protection Act is premised on a conclusory allegation that the Defendants recorded and relied on false documents.**

Plaintiff claims that "Litton…[and]..MERS have violated the Consumer Protection Act through a course of conduct in executing, recording, and relying on documents it knew or should have to be false." Complaint, ¶ 4.2. Plaintiff fails to identify the "false documents" and fails to assert any facts relating to Litton or MERS that support any of the conclusory statements made. These unsupported blanket assertions cannot survive a motion to dismiss under the standards set forth by this court. Therefore, Plaintiff's CPA claim must be dismissed as to the Moving Defendants.

/ / /

/ / /

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 7 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

## 2. The Moving Defendants are Exempt from Plaintiff's CPA and FDCPA Claims.

The FDCPA creates guidelines under which debt collectors must conduct business. *See* 15 U.S.C. § 1692. However, in order for the FDCPA guidelines to apply, an individual or entity must first meet the statutory definition of "debt collector." *See* 15 U.S.C. §1692 (e) and §1692a(6). Such a finding is therefore also a prerequisite to finding that an entity violated the FDCPA. *See id.*

Plaintiff's claims for CPA and FDCPA violations as to the Moving Defendant fails due to the statutory exemption for creditors and servicers collecting their own debts. The FDCPA applies only to a "debt collector," not to creditors or mortgage servicers, as Litton is here[2]. 15 U.S.C. §1692a(6)(F)*; Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985).

Additionally, since Litton's debt collection activities were legal under the FDCPA, Plaintiff's claims cannot be bootstrapped onto a CPA violation. A violation of debt collection regulations is a *per se* CPA violation. *Panag v. Farmers Ins. Co. of Wash.,* 166 Wn.2d 27, 53, 204 P.3d 885 (2009). However, the CPA contains a "safe harbor" provision for any activity expressly permitted by a regulatory body. RCW 19.86.170. Accordingly, Plaintiff cannot state either a FDCPA or CPA claim against Litton, and therefore dismissal should be granted.

/ / /

/ / /

---

[2] Plaintiff's Complaint does not assert any FDCPA violation as to MERS. Nonetheless, a number of other jurisdictions have held that MERS is not a debt collector and is not subject to the FDCPA. *See Baisa v. Indymac, MERS, et al,* 09-1464 (E.D. Cal. 2009); *Zambrano v. HSBC Bank USA, N.A.*, No. 1:09-cv-996, Dkt. No. 30 (E.D. Va. Nov. 9, 2009); and *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 (N.D. W.Va. 1998) aff'd 173 F.3d 850 (4th Cir. 1999).

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 8 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

**3. <u>Plaintiff has failed to state a claim for Libel/Slander of Title and Malicious Prosecution because Plaintiff makes no allegations of wrongdoing by Moving Defendants to support the claim.</u>**

To prevail on a claim for defamation of title, the plaintiff must establish, by a preponderance of the evidence, that 1) statements concerning the plaintiff's title were false, 2) the statements were published maliciously, 3) the statements were spoken with reference to some pending sale or related transaction concerning the plaintiff's property, 4) the plaintiff has suffered pecuniary loss or injury as a result of the false statements, and 5) the statements were of the nature to defeat plaintiff's title. *Lee v. Maggard,* 197 Wn. 380 (1938). The element of falsity is established by recording a document known to contain false declarations. *Rogvig v. Douglas,* 123 Wn.2d 854 (1994). The element of "malice" is established by false statements that are not made in good faith or otherwise based on a reasonable belief in the veracity of the statements. *Id.*

A claim for malicious prosecution in a civil case requires that the party must allege and prove the following seven elements: 1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; 2) that there was want of probable cause for the institution or continuation of the prosecution; 3) that the proceedings were instituted and continued through malice; 4) that the proceedings terminated on the merits in favor of the plaintiff or were abandoned; 5) that the plaintiff suffered injury or damages as a result of the prosecution, 6) that there was arrest or seizure of property; and 7) that there was special injury which means injury that would not necessarily result from similar causes of action. *Clark v. Baines,* 150 Wn.2d 905, 965, 84 P.3d 245 (2004).

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 9 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Plaintiff makes no allegations as to Litton and MERS to support his Slander of Title and Malicious Prosecution claims. Plaintiff only asserts that "Several named Defendants" are jointly and severally liable for these claims. Complaint, ¶ 7.4. As Plaintiff fails to identify these "several named defendants," the Moving Defendants cannot ascertain whether Plaintiff intends to assert these causes of action against them. For this reason, Plaintiffs have not received fair notice of this claim and any claim for Slander of Title and Malicious Prosecution or arising from Slander of Title and Malicious Prosecution should fail as to the Moving Defendants.

### 4. Plaintiff fails to state a claim for Wrongful Foreclosure because no cause of action exists for Wrongful Foreclosure when no Trustee's Sale has occurred.

In Washington, the Deed of Trust Act ("DTA") does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale has occurred. *See Vawter v. Quality Loan Service Corporation of Washington*, 2010 WL 1629355 at 5 (W.D. Wash. 2010); *Pfau v. Wash. Mutual, Inc.*, No CV-08-00142-JLQ, 2009 WL 484448, at 12 (E.D. Wash. 2009); *Krienke v. Chase Home Fin., LLC*, 140 Wn. App. 1032, 2007 WL 2713737, at 5 (Wash. Ct. App. 2007); *see also Henderson v. GMAC Mortgage Corp.*, No. C05-5781RBL, 2008 WL 1733265, at 5 (W.D. Wash. 2008) (holding that plaintiff's claim for wrongful foreclosure under the DTA failed because, *inter alia*, no foreclosure occurred). In *Vawter, Pfau,* and *Krienke*, the courts rejected the argument that a grantor can maintain a damages claim for wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale actually occurs. *Vawter,* at 5. These courts

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 10 of 14
CASE NO. 3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

underscored their view that there is simply no statutory authority or case law to support such a claim. As the *Krienke* court explained:

> [T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful *institution* of foreclosure proceedings. On the contrary, courts promote the [DTA's] objectives, declining to invalidate completed sales even where trustees have not complied with the statute's technical requirements.

*Vawter,* at 6 (*citing Krienke*, 2007 WL 2713737, at 5 (emphasis in original)).

Here, Plaintiff fails to plead a viable claim under the Deed of Trust Act and Washington law. The Plaintiff's cause of action, though styled in the complaint as a claim for wrongful foreclosure, is properly construed as a claim for wrongful institution of nonjudicial foreclosure proceedings since the trustee's sale has not occurred. *See Id*. When viewed in this light, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claim must be dismissed.

### 5. Plaintiff's claims and assertions in regard to MERS do not support any claim.

Plaintiff claims that MERS has never owned the debt secured by the Deed of Trust and that MERS has never obtained possession of the Note. *See* Complaint, ¶ 3.5. These assertions are merely unsupported conclusions devoid of any factual support and do not support any claim against the Moving Defendants. MERS' role is in accordance with Washington law.

Courts in Washington have recognized MERS' ability to hold a Deed of Trust as the beneficiary and to do so in as an agent (or nominee) of the lender. *See Moon v. GMAC Mortgage Corp., dba Ditech.com,* 2009 WL 3185596 (W.D.Wash.,2009) and *Vawter v. Quality Loan Service Corporation of Washington,* 2010 WL 1629355 (W.D. Wash. 2010).

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 11 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Plaintiff signed the Deed of Trust which explicitly provides that MERS has all the powers of the lender, which logically includes the power to substitute a trustee. Simply put, MERS is properly empowered to act on behalf of the equitable owner of the rights in the Deed of Trust because the Deed of Trust itself makes clear that MERS….may, if necessary, exercise all of the substantive rights of the … party who holds the beneficial ownership of the Deed of Trust. *See* Exhibit A. Therefore, MERS had the authority to appoint Quality Loan Service as successor trustee.

Numerous other courts in various jurisdictions have held that MERS may hold legal title to the Deed of Trust as the beneficiary, has standing to assign the Deed of Trust, substitute trustees, and even foreclose to enforce the property interest granted to it in the mortgage or Deed of Trust.  *See*, e.g., *Jackson v. MERS, Inc.,* 770 N.W.2d 487 (2009) (holding MERS does not need to record assignments of underlying indebtedness to initiate foreclosure proceedings); *Mortgage Electronic Registration Systems, Inc. v. Azize*, 965 So2d 151, 153 (Fla.App.2d 2007); *Mortgage Electronic Registration Systems, Inc. v. Revoverdo,* 955 So.2d 33, 34 (Fla.App.3d 2007); *MERSCORP, Inc. v. Romaine,* 8 N.Y.3d 90, 101, 828 N.Y.S.2d 266, 271, 861 N.Ed.2d 81 (2006); *In re Huggins,* 357 B.R. at 183. *Elias v. HomeEq Servicing*, 2009 WL 481270, 1 (D. Nev. 2009) (deeds of trust confirmed the standing of the loan servicer, the loan owner, and MERS as the nominee beneficiary to seek foreclosure); *Blau v. America's Servicing Co.,* 2009 WL 3174823, 7-8 (D. Ariz. 2009) (MERS was authorized to act on behalf of, and exercise the rights of, the loan originator); *Cervantes v. Countrywide Home Loans Inc.,* 2009 WL 3157160, 11 (D. Ariz. 2009) (rejecting claim that MERS could not act as beneficiary under a deed of trust); *Derakshan v. Mortgage Electronic Registration Systems, Inc.*, 2009 U.S. Dist. LEXIS 63176, 17-18 (C.D. Cal. 2009).

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 12 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

In sum, MERS' role is in accordance with Washington law and Plaintiff's assertions as to MERS do not amount to claim against the Moving Defendants.

### 6. <u>No Assignment of Deed of Trust or Note need be recorded in order to non-judicially foreclose.</u>

Under the Washington Deed of Trust Act RCW 61.24 et seq., the beneficiary's authority to act does not depend upon the recording of an assignment of the beneficial interest under the deed of trust. Rather, all that matters is that the purported beneficiary be the holder of the note. RCW 61.24.005(2). According to RCW 61.24.005(2), a "beneficiary" is "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." RCW 61.24.005(2). Generally, a person is a holder of the note by having physical possession of the note, which has either been endorsed to that person or endorsed in blank. *See also* RCW 62A.3-30, RCW 62A.3-301, and RCW 62A.1-201. Recordation of the assignment is *only* important for purposes of a title report and to establish priority. *See* RCW 65.08.070.

Plaintiff simply states that no Assignment of Deed of Trust or Note has been recorded. Complaint, ¶ 3.5. First, a Note is not "assigned" and therefore no Assignment of Note would ever be executed or recorded. Secondly, as discussed above, MERS may be the holder, as it is in this case, in its role as nominee for the lender and its successors and assigns. *See Moon v. GMAC Mortgage Corp., dba Ditech.com,* 2009 WL 3185596 (W.D.Wash.,2009) and *Vawter v. Quality Loan Service Corporation of Washington,* 2010 WL 1629355 (W.D. Wash. 2010).   Therefore, Plaintiff's assertion does not support or amount to any claim against the Moving Defendants.

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 13 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

## VI.  CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief can be granted as to the Moving Defendants. Based on the foregoing, the Moving Defendants respectfully request that the Court grant this Motion to Dismiss and dismiss Plaintiff's Complaint, in entirety, with prejudice.

## VII.  PROPOSED ORDER

A proposed order granting the requested relief accompanies this motion.

DATED this 12th day of August, 2010.

**ROUTH CRABTREE OLSEN, P.S.**

By: /s/ Heidi E. Buck
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants Litton
Loan Servicing, LP and Mortgage
Electronic Registration Systems, Inc.

DEFENDANTS LITTON AND MERS' MOTION
TO DISMISS – PAGE 14 of 14
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131