THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KEVIN J. SELKOWITZ, an individual,<br><br>Plaintiff<br><br>v.<br><br>LITTON LOAN SERVICING LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California Corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation ; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE Defendants 1-20,<br><br>Defendants. | NO. 3:10-cv-05523-JCC<br><br>AMENDED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION; ACTION TO QUIET TITLE; WRONGFUL FORECLOSURE; LIBEL/DEFAMATION OF TITLE; MALICIOUS PROSECUTION; VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86, ET. SEQ.<br><br>*(Clerks Action Required)* |

**COMES NOW** the Plaintiff, KEVIN SELKOWITZ, by and through his attorneys, RICHARD LLEWELYN JONES, P.S., and files this Complaint against the Defendants hereby alleging as follows:

### I. PARTIES

1.1 *Plaintiff.* Plaintiff, KEVIN SELKOWITZ, is now and was at all times herein mentioned a resident in Bellevue, King County, Washington. Said Plaintiff is the owner of certain real property, situated in King County, state of Washington, legally described as follows:

AMENDED COMPLAINT
Page 1

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Unit 4, Building 2-6 of Lakemont Ridge, a Condominium recorded in volume 125 of Condominiums, pages 6 through 14, according to the declaration thereof, recorded under King County Recording Number 9506140732 and any amendments thereto; Situate in the City of Bellevue, County of King, State of Washington.

Commonly known as: 6617 Southeast Cougar Mountain Way, Bellevue, WA 98006 (hereinafter "the Property").

1.2 *Defendant Litton Loan Servicing LP.* LITTON LOAN SERVICING, LP, is a limited partnership, organized under the laws of the state if Delaware, conducts businesses within the State of Washington and has a registered agent in Tumwater, Thurston County, Washington. This Defendant is hereinafter referred to as "Litton".

1.3 *Defendant New Century Mortgage Corporation.* NEW CENTURY MORTGAGE CORPORATION was a corporation organized under the laws of the State of California that provided sub-prime home mortgage loans and refinancing services and had a business address in Irvine, Orange County, California and at all times relevant to this cause of action has conducted businesses within the State of Washington. This Defendant is hereinafter referred to as "New Century".

1.4 *Defendant Quality Loan Service Corporation of Washington.* QUALITY LOAN SERVICE CORPORATION is a Washington corporation which acts as a foreclosing trustee in connection with foreclosing on deeds of trust secured by real property located in King County, Washington and in other counties within the State of Washington and has a registered agent address in Poulsbo, Washington. This Defendant is hereinafter referred to as "QLS".

1.5 *Defendant First American Title Insurance Company.* FIRST AMERICAN TITLE INSURANCE COMPANY is, upon information and belief, a title insurance company operating in the State of Washington. This Defendant is hereinafter referred to as "FATCO".

AMENDED COMPLAINT
Page 2

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1.6   *Defendant Mortgage Electronic Registration Systems, Inc.*   MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., is an inactive Washington corporation.  This Defendant is hereinafter referred to as "MERS".

1.7   *Doe Defendants 1-20.*   Doe Defendants 1-20 were at all times mentioned herein, the Defendants, and each of them, were the principals, successors or assigns, agents, servants, representatives and/or employees of each of the remaining Defendants and were acting within the course and scope of such agency or employment.  The exact terms and conditions of any succession, assignment, agency, representation or employment relationships are presently unknown to Plaintiff, but when the information is ascertained, leave of court will be sought to insert the appropriate allegations.

1.8   No party named herein is a minor, in the military service of the United States, as defined by the Soldier's and Sailor's Relief Act of 1942, as subsequently amended and re-codified under the Service members Civil Relief Act, or otherwise incompetent.

1.9   At all time relevant to this cause of action, the above-named Defendants acted for and on behalf of themselves, each other and, where appropriate, their respective martial communities.

## II. JURISDICTION AND VENUE

2.1   The King County Superior Court has jurisdiction and venue is properly laid with said court because this action involves title to certain real property located in King County, Washington. The United States District Court Western District of Washington does not have jurisdiction and venue is not properly laid with this court because there is no claim or right arising under the laws of the United States pursuant to this Amended Complaint.

AMENDED COMPLAINT
Page 3

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## III. FACTS

3.1 Plaintiff executed a Deed of Trust on November 1, 2006, with Defendant FATCO as trustee, naming MERS as purported beneficiary; the lender was identified as New Century Mortgage Corporation. This instrument was recorded in King County under Recordation No. 20061101000910, encumbering the Property. A true and correct copy of said deed of trust is attached here and incorporated herein by this reference as ***Exhibit "A"***.

3.2 As of November 1, 2006, and subsequently at all times thereafter, the Plaintiff owed to MERS no monetary or other obligation under the terms of any promissory note or other evidence of debt executed contemporaneously with the deed of trust referenced in paragraph 3.1.

3.3 On May 12, 2010, Defendant MERS executed, as beneficiary of the security instrument referenced in paragraph 3.1, an Appointment of Successor Trustee nominating Defendant QLS as trustee. This instrument was recorded in King County under Recordation No. 20100520000866 on May 20, 2010. A true and correct copy of said Appointment of Successor Trustee is attached here and incorporated herein by this reference as ***Exhibit "B"***.

3.4 On May 27, 2010, Defendant QLS executed a Notice of Trustee's Sale in connection with the Property. This instrument was recorded in King County under Recording Number 20100601001460 on June 1, 2010. A true and correct copy of said notice is attached here and incorporated herein by this reference as ***Exhibit "C"***.

3.5 A search of the public records indicates that no assignment of the Deed of Trust or Note has ever been recorded. Upon information and belief, MERS has never owned the debt secured by the Deed of Trust at issue herein. Further, Defendant MERS never obtained possession of the Promissory Note which secures the subject Deed of Trust.

AMENDED COMPLAINT
Page 4

**RICHARD LLEWELYN JONES, P.S.**
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## IV. CAUSE OF ACTION VIOLATION OF CONSUMER PROTECTION ACT

4.1     Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

4.2     Defendants Litton, New Century, FATCO, MERS and QLS have violated the Consumer Protection Act, *RCW 19.86, et seq.*, through a course of conduct in executing, recording and relying upon documents that it knew or should have known to be false and that have the capacity to deceive a substantial portion of the public.

4.3     In promulgating false and improperly executed documents Defendants are engaged in deceptive acts.

4.4     Defendant QLS violated provisions of *RCW 61.24* and per se violations of *RCW 19.86*.

4.5     Defendants have engaged in these activities as part of a normal course of business and commerce. Such activities are likely to be repeated affecting the people of the State of Washington.

4.6     The public interest is negatively impacted by the pattern of conduct engaged in by Defendants as evidenced by the repeated acts and obvious potential for repetition.

4.7     The Plaintiff has suffered injury as outlined above and below, in addition the distraction and loss of time to pursue business and personal activities due to the necessity of addressing the wrongful conduct through this and other actions. These injuries are solely the result of the conduct of the Defendants in this action.

AMENDED COMPLAINT
Page 5

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

4.8 Several named Defendants are jointly and severally liable as said Defendants knowingly executed and directed documents to Plaintiff or Defendant QLS at such time they knew or should have known contained false statements.

## V. CAUSE OF ACTION FOR LIBEL/DEFAMATION OF TITLE

5.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

5.2 Defendant QLS made a false and defamatory statement against Plaintiff and the title to Plaintiff's property by recording and publishing a Notice of Trustee's Sale when it had no legal right to do so. Such action was not protected by any privilege, was the result of said Defendant's malicious, reckless or negligent conduct, had the potential effect of defeating Plaintiff's title, and had a prejudicial effect upon Plaintiff's reputation and damaged his ability to negotiate with third parties in addition to other damages.

5.3 Several named Defendants are jointly and severally liable as said Defendants knowingly executed and directed documents to Plaintiff, third parties or Defendant QLS at such time as they knew or should have known said documents contained false statements.

## VI.   CAUSE OF ACTION FOR MALICIOUS PROSECUTION

6.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

6.2 Defendant QLS embarked upon the above described course of conduct to dispossess the Plaintiff of his residence with actual or imputed knowledge of the impropriety of such action. The Defendant had no basis for a reasonable belief that the actions taken were proper.

AMENDED COMPLAINT
Page 6

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

6.3 These actions described above were taken in reckless disregard of the rights of the Plaintiff and sought to seize and put up for sale the Plaintiff's property giving rise to the damages and injuries herein described.

6.6 Several named Defendants are jointly and severally liable as said Defendants knowingly executed and directed documents to Defendant QLS at such time they knew or should have known said documents contained false statements.

### VII. CAUSE OF ACTION FOR WRONGFUL FORECLOSURE

7.1 Plaintiff repeats and realleges each and very item and allegation above as fully and completely set forth herein.

7.2 Defendant MERS did not at the time of the deed of trust was executed, nor at any subsequent time thereafter, meet the definition of "Beneficiary" under *RCW 61.24.005*. Therefore MERS cannot ever have the right to foreclose under the Deed of Trust nor legally assign such right, since that right is reserved to the owner and holder of the subject Promissory Note. It is Plaintiff's contention, based upon the foregoing, that the subject transaction is nothing more than a sham and therefore the appointment of QLS as successor trustee by MERS was invalid.

7.3 *RCW 61.24.020* requires that only those deeds of trust that "secure the performance of an obligation of the grantor or another **to the beneficiary** may be foreclosed by trustee's sale." Plaintiff at no time was obligated to perform any obligation to MERS.

7.4 Defendants have violated the provisions of *RCW 61.24*.

7.5 Based upon the facts alleged herein the Defendants have engaged in a wrongful foreclosure against the Plaintiffs for which the sale should be permanently enjoined.

AMENDED COMPLAINT
Page 7

**RICHARD LLEWELYN JONES, P.S.**
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## VIII. ACTION TO QUIET TITLE

8.1   The Plaintiff is the owner in fee, and is in possession of, the subject Property.

8.2   Plaintiff acquired his interest in the property by virtue of the events herein described in that MERS was not a legitimate beneficiary under *RCW 61.24.005* and further that several Defendants have engaged in transactions that have irreparably severed the promissory note from the deed of trust.

8.3   Plaintiff has been in the actual and uninterrupted possession of the Property since the dates previously set forth.

## IX.   PRAYER FOR RELIEF

9.1   That judgment be entered against all of the Defendants, jointly and severally, for all damages in an amount to be proven at the time of trial;

9.2   That the actions of some or all of the Defendants be determined to be unfair and deceptive business practices in violation of *RCW 19.86, et seq.* and that this Court award all such relief to Plaintiff as they may be entitled, including treble damages and an award for costs and attorneys fees;

9.3   That the Plaintiff be awarded consequential damages, including attorney's fees incurred to bring this action and all other attorney's fees incurred in defending against the actions of the Defendants described more particularly above, in an amount to be proved at trial;

9.4   That the Plaintiff be awarded statutory damages available under any applicable statutes, or any other statutory basis that may emerge at trial.

AMENDED COMPLAINT
Page 8

**RICHARD LLEWELYN JONES, P.S.**
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

9.5   That Plaintiff's title to the Property be established and quieted in him in fee simple, against any and all claims of the Defendants, or any of them;

9.6   That the Defendants, and each of them, be forever barred from having or asserting any right, title, estate, lien, or interest in or to the property herein described adverse to Plaintiff; and

9.7   That the Plaintiff have such other and further relief as may be just and equitable.

DATED this 16th day of August, 2010.

RICHARD LLEWELYN JONES, P.S.

_____
Richard Llewelyn Jones, WSBA # 12904
Attorney for Plaintiff

AMENDED COMPLAINT
Page 9

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322