THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KEVIN SELKOWITZ, an individual,<br><br>　　　　　　　　　　　　　　　　Plaintiff<br>v.<br><br>LITTON LOAN SERVICING LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California Corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation ; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE Defendants 1-20, | NO. 3:10-cv-05523-JCC<br><br>NOTICE OF MOTION AND MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER<br><br>NOTE ON MOTION CALANDER:<br>September 2, 2010 |

TO:　　THE HONORABLE JOHN C. COUGHENOUR, U.S. District Court Judge; and

TO:　　ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## I. NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on September 2, 2010, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable John C. Coughenour, United States District Court Judge, 700 Stewart St., Seattle, WA 98101, the Plaintiff in the above captioned proceeding will and hereby does move the Court for an order for an emergency temporary restraining order, and for Plaintiff's just costs and fees incurred in obtaining the emergency temporary restraining order.

NOTICE OF MOTION AND MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER
Page 1

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## II. MOTION

**COMES NOW** the Plaintiff, KEVIN J. SELKOWITZ, by and through his attorneys, RICHARD LLEWELYN JONES, P.S., and moves this Court for an Order temporarily restraining QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, from conducting the trustee sale of Plaintiff's property, commonly known as 6617 Southeast Cougar Mountain Way, Bellevue, Washington 98006 now set for September 3, 2010, pending further action by the Court.

## III. FACTS

The facts are as alleged by the verified Complaint filed by the plaintiff in the above entitled action and herein incorporated by reference.

## IV. ISSUE PRESENTED

Under *RCW 7.40.020* and *RCW 61.24.130* is the Plaintiff entitled to a temporary restraining order when Defendants have improperly executed an assignment of the subject Deed of Trust, improperly executed an Appointment of Successor Trustee, appointing Defendant QUALITY LOAN SERVICE CORPORATION OF WASHINGTON as successor trustee, when such acts are legally insufficient to transfer and assign the interests purported?

## V. EVIDENCE RELIED UPON

This motion is based upon the verified Complaint, the moving papers and accompanying exhibits filed in the above entitled action, and the records and files herein.

## VI. ARGUMENT

Plaintiff seeks two forms of relief – a temporary restraining and a preliminary injunction. The standards for obtaining a temporary restraining order and preliminary injunction are the same. The basic function of either is to preserve the status quo pending a determination of an issue on the merits. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F. 2d 1197, 1200 (9th Cir. 1980). Plaintiffs seeking a preliminary injunction or TRO must establish (1) that they are

NOTICE OF MOTION AND MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER

Page 2

**RICHARD LLEWELYN JONES, P.S.**
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008).

1. **Plaintiff is likely to prevail on his claim for violation of the Consumer Protection Act.**

In order to prevail on a claim for a violation of the Washington Consumer Protection Act a plaintiff must prove: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) a public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778 (1986).

As demonstrated in the exhibits attached to the verified Complaint, the Defendants, particularly Defendant QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, in conjunction with Defendant MERS, have engaged in several acts that were deceptive and unfair on their face: the improper execution of documents and the subsequent false representations of their validity. The acts occurred in the trade and commerce of the Defendants, seek to dispossess Plaintiff of his real property on the basis of these false assertions, have negatively impacted the Plaintiff; financial standing, and such damages are solely the result of the Defendants' misconduct.

2. **Plaintiff is likely to prevail on his claim for libel/defamation of title.**

To prevail on a claim for libel the plaintiff must prove (1) a false and defamatory statement; (2) lack of privilege; (3) fault; and (4) damages. *Maison de France Ltd. v. Mais Oui!, Inc.*, 126 Wash.App. 34 (2005).

As previously set forth above, the statements related to the Notice of Trustee Sale were false, the defamatory aspect of the statement arises in the perception of the Plaintiff. A statement

NOTICE OF MOTION AND MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER

Page 3

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

that harms the reputation of another by lowering him in the estimation of a third party is defamatory. *Right-Price Recreation, L.L.C. v. Connells Prairie Community Council*, 146 Wash.2d 370 (2002). In this case the plaintiff was subjected to the shame and humiliation of having his home listed for public sale in foreclosure proceedings, including a notice published in a local newspaper that adversely impacted his standing in the community and with businesses that evaluated his credit worthiness for the extension of credit. The Defendants are protected by no privilege as it relates to the Notice of Trustee Sale or any report made to credit reporting agencies and all such statements are the sole fault of the defendants.

### 3. Plaintiff is likely to prevail on his claim for wrongful foreclosure.

The Defendants have failed to comply with the Deed of Trust Act as codified in *RCW 61.24, et seq.*, as described above with particularity. The Defendants did cause false documents to be drafted, executed, acknowledged, and recorded in a blatant attempt to wrongfully dispossess the Plaintiff of his home. The acts of Defendant QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, in conjunction with MERS constituted a violation of *RCW 61.24.010 (4)* which states:

> The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor.

In this case there is a clear pattern of collusion and cooperation between the trustee and beneficiaries to execute and record false documentation in order to ease their scheme to deprive the plaintiff of his home.

### 4. Plaintiff if likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tip in favor of Plaintiff, and a preliminary injunction is in the public interest.

NOTICE OF MOTION AND MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER

Page 4

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Plaintiff if likely to suffer irreparable harm if the trustee's sale proceeds before the Court has had the opportunity to address the merits of the Complaint. Further, the balance of hardships tips sharply toward Plaintiff because he would suffer severe hardship from the loss of his property, while Defendants have demonstrated no harm that would arise from a delay in the trustee's sale. Finally, a preliminary injunction is in the public interest to preserve the confidence of the public in the fairness and legitimacy of the foreclosure and sale process.

## VII.     CONCLUSION

Based on the foregoing, Plaintiff hereby requests that this Court enter a temporary restraining order against and preliminary injunction Defendant QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, restraining the trustee's sale of the subject property pending further action by the Court.

**RESPECTFULLY SUBMITTED** this 18th day of August 2010.

**RICHARD LLEWELYN JONES, P.S.**

/s/ Richard Llewelyn Jones
Richard Llewelyn Jones, WSBA # 12904
Attorney for Plaintiff
2050 – 112th Avenue NE, Suite 230
Bellevue, WA 98004
Ph: 425.462.7322
Fax: 425.450.0249
Email: rlj@richardjoneslaw.com

NOTICE OF MOTION AND MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER

Page 5

**RICHARD LLEWELYN JONES, P.S.**
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington that on this 18th day of August, 2010, I caused to be delivered a copy of the foregoing **NOTICE OF MOTION AND MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF** to the following in the manner indicated:

| | |
|---|---|
| Ann T. Marshall<br>Bishop White Marshall & Weibel PS<br>720 Olive Way Ste 1301<br>Seattle, WA 98101-1834 | [ ] By United States Mail<br>[ ] By Legal Messenger/Processor<br>[X] By ECF<br>[ ] By Facsimile |
| Heidi E. Buck<br>Routh Crabtree Olsen, P.S.<br>3535 Factoria Blvd SE Ste 200<br>Bellevue, WA 98006-1263 | [ ] By United States Mail<br>[ ] By Legal Messenger/Processor<br>[X] By ECF<br>[ ] By Facsimile |
| Kennard M. Goodman<br>Bishop White Marshall & Weibel PS<br>720 Olive Way Ste 1301<br>Seattle, WA 98101-1834 | [ ] By United States Mail<br>[ ] By Legal Messenger/Processor<br>[X] By ECF<br>[ ] By Facsimile |
| Mary Stearns<br>McCarthy & Holthus LLP<br>19735 – 10th Avenue NE, Suite N200<br>Poulsbo, WA 98370 | [ ] By United States Mail<br>[ ] By Legal Messenger/Processor<br>[X] By ECF<br>[ ] By Facsimile |

Signed this 18th day of August, 2010 at Bellevue, Washington.

*Susan J. Rodriguez*
Susan Rodriguez

NOTICE OF MOTION AND MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

Page 6

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322