1

2

3

4

5

6

The Honorable John C. Coughenour

7

8

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF
WASHINGTON AT TACOMA**

9  KEVIN SELKOWITZ, and individual,    )
    )
10      Plaintiff,    )    No. 3:10-cv-05523-JCC
    )
11      v.    )    **DEFENDANTS LITTON LOAN**
    )    **SERVICING, LP AND MORTGAGE**
12  LITTON LOAN SERVICING, LP, a Delaware    )    **ELECTRONIC REGISTRATION**
    Limited Partnership; NEW CENTURY    )    **SYSTEMS, INC.'S OPPOSITION**
13  MORTGAGE CORPORATION, a California    )    **TO PLAINTIFF'S MOTION FOR**
    corporation; QUALITY LOAN SERVICE    )    **TEMPORARY RESTRAINING**
14  CORPORATION OF WASHINGTON, a    )    **ORDER**
    Washington Corporation; FIRST AMERICAN    )
15  TITLE INSURANCE COMPANY, a    )    **(Motion originally noted for**
    Washington Corporation; MORTGAGE    )    **September 2, 2010, re-noted for**
16  ELECTRONIC REGISTRATION SYSTEMS,    )    **August 26, 2010 per Plaintiff's Motion**
    INC., a Delaware Corporation; DOE    )    **to Shorten Time)**
17  DEFENDANTS 1-20,    )
    )
18      Defendants.    )

19

    COMES NOW Defendants Litton Loan Servicing, LP ("Litton") and Mortgage

20

Electronic Registration Systems Inc. ("MERS") (collectively "Defendants") and submits this

21

Opposition to Plaintiff's Motion for Temporary Restraining Order and Motion for Shortening

22

Time for Motion for Temporary Restraining Order and Injunctive Relief.

23

24      **I.    RELIEF REQUESTED**

25      Pursuant to RCW 7.40.010 and RCW 61.24.130(1),  Defendants Litton and MERS

26  request that the Court deny Plaintiff's Motion for Temporary Restraining Order as there is no

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -1 of 13
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

legal or equitable right to restrain the sale.

Additionally, pursuant to CR(6)(e), Defendants Litton and MERS request that the Court deny Plaintiff's Motion for Shortening Time for Motion for Temporary Restraining Order and Injunctive Relief as motions to shorten time have been abolished under the civil rules.

## II.    STATEMENT OF FACTS

The underlying lawsuit is an attempt to halt a nonjudicial foreclosure. Plaintiff's claims and underlying theory for restraining the sale are rooted in an assertion that by naming MERS as the nominee beneficiary under the original deed of trust, all actions in furtherance of a foreclosure are false and ultimately void because the plaintiff borrower allegedly never owed anything to MERS and MERS allegedly never actually held the note or "owned the debt." Additionally, Plaintiff challenges the foreclosure because no Assignment of Deed of Trust or Note has been recorded. Both of these theories have been specifically rejected by Washington courts and are not in accordance with Washington law.

The applicable facts are as follows:

On or about October 30, 2006, Plaintiff Kevin J. Selkowitz ("Selkowitz" or "Plaintiff"), in order to secure repayment of a promissory note (the "Note") in the amount of $309,600.00, granted to Mortgage Electronic Registration Systems as nominee for the original lender, New Century Mortgage Corporation and its successors and assigns, a deed of trust (the "Deed of Trust"). The Deed of Trust encumbers the real property commonly known as 6617 SE Cougar Mountain Way, Bellevue, Washington 98006 (the "Property"). The Deed of Trust was recorded on November 1, 2006, under King County Auditor's File No. 20061101000910.  A true and correct copy of the Deed of Trust is attached hereto as Exhibit A.

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -2 of 13
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Litton Loan Servicing, LP is the current loan servicer of the loan secured by the Deed of Trust and is in possession of the promissory note secured by the Deed of Trust. *See* Declaration of Christopher Spradling ("Spradling Decl."), ¶ 2.

Thereafter, Plaintiff defaulted by failing to make the payment due on November 1, 2009 and every payment thereafter due. *See* Spradling Decl., ¶ 4.

On or about April 23, 2010, as agent for Litton, Quality Loan Service executed and mailed a Notice of Default and posted the Notice of Default at the property. *See* Spradling Decl., ¶ 5.

On or about May 20, 2010, Mortgage Electronic Registration Systems recorded an appointment of successor trustee (the "Appointment of Successor Trustee") naming Quality Loan Service Corporation of Washington the successor trustee. The Appointment of Successor Trustee was recorded under King County Auditor's File No. 20100520000866. A true and correct copy of the Appointment of Successor Trustee is attached hereto as Exhibit B.

On or about June 1, 2010, as successor trustee, Quality Loan Service recorded a Notice of Trustee's Sale (the "NTS") under King County Auditor's File No. 20100601001460, setting the trustee's sale for September 3, 2010. A true and correct copy of the NTS is hereto attached as Exhibit C.

On or about July 2, 2010, Plaintiff filed his Complaint for Temporary Restraining Order and Permanent Injunction, Wrongful Foreclosure, Libel/Defamation of Title, Malicious Prosecution, and Violations of Truth in Lending Act ("TILA")[1], the Consumer Protection Act ("CPA"), and the Fair Debt Collection Practices Act ("FDCPA") in King

---

[1] While the case caption to Plaintiff's Complaint lists "Violation of the Truth in Lending Act 15 U.S.C. § 1601, *et seq.*" as an assertion cause of action, Plaintiff makes no mention of any TILA claim in the body of his Complaint.

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -3 of 13
CASE NO. 3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

County Superior Court under Cause No. 10-2-24157-4 KNT.

On or about July 27, 2010, Defendant Quality Loan Service filed a Notice of Removal removing the Superior Court action to the United States District Court for the Western District of Washington at Seattle.

On or about August 12, 2010, Defendants Litton and MERS filed a Motion to Dismiss pursuant to FRCP 12(b)(6) on the grounds that Plaintiff's Complaint failed to state any claim upon which relief can be granted. Defendants' Motion to Dismiss is noted for September 3, 2010.

On August 18, 2010, Plaintiff filed a Motion for Temporary Restraining Order requesting that the Court enter a restraining order and preliminary injunction to restrain the September 3, 2010, trustee's sale. On that same date, Plaintiff filed a Motion for Shortening Time for Motion for Temporary Restraining Order and Injunctive Relief requesting that the Court note Plaintiff's Motion for TRO on August 26, 2010.

### ISSUES PRESENTED

1. Whether Plaintiff's Motion for Temporary Restraining Order should be denied under RCW 7.40.010 and RCW 61.24.130(1) when Plaintiff fails to sufficiently state any plausible claims for relief as to Defendants Litton and MERS.

2. Whether Plaintiff's Motion for Shortening Time for Motion for Temporary Restraining Order and Injunctive Relief should be denied under CR 6(e) when motions to shorten time have been abolished pursuant to that rule.

3. Alternatively, if the Court does grant Plaintiff's Motion for Temporary Restraining Order, whether under RCW 7.40.080 and RCW 61.24.130(1), Plaintiff should be required to 1) post a bond in the amount of $6,000.00 and 2) make his regularly monthly payment of $1,644.75 into the court registry while any temporary restraining order or preliminary injunction is in place.

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -4 of 13
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*

3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

### III.      EVIDENCE RELIED UPON

This Opposition is based on pleadings and documents filed with the Court and Exhibits attached thereto; the Declaration of Christopher Spradling; and this Opposition and memorandum of law in support thereof and the Exhibits attached hereto.

### IV.      AUTHORITY & ARGUMENT

**A. BECAUSE PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER ANY CLAIMS PLEADED, THERE ARE NO LEGAL OR EQUITABLE GROUNDS TO RESTRAIN THE SALE.**

In order to obtain a restraining order or preliminary injunction, the plaintiff must show that he has a clear legal or equitable right, that he has a well-grounded fear of immediate invasion of that right, and that the acts complained of are either resulting in or will result in actual and substantial injury to him. *Kucera v. State Department of Transportation*, 140 Wn.2d 200, 299, 995 P.2d 63 (2000), RCW 61.24.130.   In order to determine whether an applicant has a clear or equitable right, the Court will analyze the applicant's likelihood of prevailing on the merits. *Tyler Pipe Industries, Inc. v. Stat, Dept. of Revenue*, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982). And, when it appears by the complaint that the plaintiff is entitled to the relief demanded and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff; or when during the litigation, it appears that the defendant is doing, or threatened, or is about to do, or is procuring, or is suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action tending to render the judgment ineffectual; or where such relief, or any part thereof, consists in restraining proceedings upon any final order or judgment, an injunction may be granted to

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -5 of 13
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*

3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

restrain such act or proceedings until the further order of the court, which may afterwards be dissolved or modified upon motion. RCW 7.40.020.

Plaintiff's complaint asserts the following causes of action as to the Moving Defendants: 1) Violation of the Consumer Protection Act, 2) Violation of the Fair Debt Collection Practices Act[2], 3) Libel/Slander of Title, 4) Malicious Prosecution, 5) Wrongful Foreclosure, and 6) asks the court to quiet title in Plaintiff's favor.

However, Plaintiff provides no specific facts or allegations to support the causes of action. Rather, the only verifiable facts stated in Plaintiff's "statement of facts" are the execution and recording dates of the subject Deed of Trust, Appointment of Successor Trustee, and Notice of Sale. Beyond that, Plaintiff makes a number of unsupported and conclusory statements regarding MERS. Ultimately, these recitals supported by the conclusory statements do not suffice and do not demonstrate Plaintiff is entitled to any legal or equitable relief that warrants entry of temporary restraining order.

### 1.   Plaintiff's Consumer Protection Act claim will not prevail.

Plaintiff claims that "Litton…[and]..MERS have violated the Consumer Protection Act through a course of conduct in executing, recording, and relying on documents it knew or should have known to be false." Complaint, ¶ 4.2. Plaintiff fails to identify the "false documents" and fails to assert any facts relating to Litton or MERS that support any of the conclusory statements made. Therefore, these unsupported blanket assertions do not give rise to any legal or equitable relief and cannot support entry of a TRO.

### 2.   Plaintiff's Libel/Defamation/Slander of Title and Malicious Prosecution claims will not prevail.

To prevail on a claim for libel/defamation/slander of title, the plaintiff must establish,

---

[2] However, Plaintiff filed an Amended Complaint on August 18, 2010, in which Plaintiff did not include a claim for FDCPA violation.

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -6 of 13
CASE NO.  3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*

3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

by a preponderance of the evidence, that 1) statements concerning the plaintiff's title were false, 2) the statements were published maliciously, 3) the statements were spoken with reference to some pending sale or related transaction concerning the plaintiff's property, 4) the plaintiff has suffered pecuniary loss or injury as a result of the false statements, and 5) the statements were of the nature to defeat plaintiff's title. *Lee v. Maggard,* 197 Wn. 380 (1938). The element of falsity is established by recording a document known to contain false declarations. *Rogvig v. Douglas,* 123 Wn.2d 854 (1994). The element of "malice" is established by false statements that are not made in good faith or otherwise based on a reasonable belief in the veracity of the statements. *Id.*

A claim for malicious prosecution in a civil case requires that the party must allege and prove the following seven elements: 1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; 2) that there was want of probable cause for the institution or continuation of the prosecution; 3) that the proceedings were instituted and continued through malice; 4) that the proceedings terminated on the merits in favor of the plaintiff or were abandoned; 5) that the plaintiff suffered injury or damages as a result of the prosecution, 6) that there was arrest or seizure of property; and 7) that there was special injury which means injury that would not necessarily result from similar causes of action. *Clark v. Baines,* 150 Wn.2d 905, 965, 84 P.3d 245 (2004).

Plaintiff makes no allegations as to Litton and MERS to support his libel/defamation/slander of title and malicious prosecution claims. Plaintiff only asserts that "Several named Defendants" are jointly and severally liable for these claims. Complaint, ¶ 7.4. Plaintiff fails to specifically identify these "several named defendants." Therefore, because Plaintiff fails to assert any facts that give rise to these claims, these claims cannot

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -7 of 13
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*

3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

support the entry of a TRO.

### 3.  Plaintiff's  Wrongful Foreclosure claim will not prevail.

In Washington, the Deed of Trust Act ("DTA") does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale has occurred. *See Vawter v. Quality Loan Service Corporation of Washington,* 2010 WL 1629355 at 5 (W.D. Wash. 2010); *Pfau v. Wash. Mutual, Inc.*, No CV-08-00142-JLQ, 2009 WL 484448, at 12 (E.D. Wash. 2009); *Krienke v. Chase Home Fin., LLC*, 140 Wn. App. 1032, 2007 WL 2713737, at 5 (Wash. Ct. App. 2007); *see also Henderson v. GMAC Mortgage Corp.*, No. C05-5781RBL, 2008 WL 1733265, at 5 (W.D. Wash. 2008) (holding that plaintiff's claim for wrongful foreclosure under the DTA failed because, *inter alia*, no foreclosure occurred). In *Vawter, Pfau,* and *Krienke*, the courts rejected the argument that a grantor can maintain a damages claim for wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale actually occurs. *Vawter,* at 5. These courts underscored their view that there is simply no statutory authority or case law to support such a claim. As the *Krienke* court explained:

> [T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful *institution* of foreclosure proceedings. On the contrary, courts promote the [DTA's] objectives, declining to invalidate completed sales even where trustees have not complied with the statute's technical requirements.

*Vawter,* at 6 (*citing Krienke*, 2007 WL 2713737, at 5 (emphasis in original)).

Here, Plaintiff fails to plead a viable claim under the Deed of Trust Act and Washington law. The Plaintiff's cause of action, though styled in the complaint as a claim for wrongful foreclosure, is properly construed as a claim for wrongful institution of nonjudicial foreclosure proceedings since the trustee's sale has not occurred. *See Id*. When viewed in this

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*

3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

light, as a matter of law Plaintiff has failed to state a claim upon which relief can be granted.

Therefore, Plaintiff's claim for wrongful foreclosure cannot support entry of a TRO.

### 4. Plaintiff's claims and assertions in regard to MERS do not Demonstrate any legal or equitable right to relief.

Plaintiff claims that MERS has never owned the debt secured by the Deed of Trust and that MERS has never obtained possession of the Note. *See* Complaint, ¶ 3.5. These assertions are merely unsupported conclusions devoid of any factual support and do not support any claim against Litton and MERS. MERS' role is in accordance with Washington law.

Courts in Washington have recognized MERS ability to hold a Deed of Trust as the beneficiary and to do so in as an agent (or nominee) of the lender. *See Moon v. GMAC Mortgage Corp., dba Ditech.com,* 2009 WL 3185596 (W.D.Wash.,2009) and *Vawter v. Quality Loan Service Corporation of Washington,* 2010 WL 1629355 (W.D. Wash. 2010). Plaintiff signed the Deed of Trust which explicitly provides that MERS has all the powers of the lender, which logically includes the power to substitute a trustee. Simply put, MERS is properly empowered to act on behalf of the equitable owner of the rights in the Deed of Trust because the Deed of Trust itself makes clear that MERS….may, if necessary, exercise all of the substantive rights of the … party who holds the beneficial ownership of the Deed of Trust. *See* Exhibit A. Therefore, MERS had the authority to appoint Quality Loan Service as successor trustee.

Numerous other courts in various jurisdictions have held that MERS may hold legal title to the Deed of Trust as the beneficiary, has standing to assign the Deed of Trust, substitute trustees, and even foreclose to enforce the property interest granted to it in the

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -9 of 13
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

mortgage or Deed of Trust. *See*, e.g., *Jackson v. MERS, Inc.,* 770 N.W.2d 487 (2009) (holding MERS does not need to record assignments of underlying indebtedness to initiate foreclosure proceedings); *Mortgage Electronic Registration Systems, Inc. v. Azize*, 965 So2d 151, 153 (Fla.App.2d 2007); *Mortgage Electronic Registration Systems, Inc. v. Revoverdo,* 955 So.2d 33, 34 (Fla.App.3d 2007); *MERSCORP, Inc. v. Romaine,* 8 N.Y.3d 90, 101, 828 N.Y.S.2d 266, 271, 861 N.Ed.2d 81 (2006); *In re Huggins,* 357 B.R. at 183. *Elias v. HomeEq Servicing*, 2009 WL 481270, 1 (D. Nev. 2009) (deeds of trust confirmed the standing of the loan servicer, the loan owner, and MERS as the nominee beneficiary to seek foreclosure); *Blau v. America's Servicing Co.,* 2009 WL 3174823, 7-8 (D. Ariz. 2009) (MERS was authorized to act on behalf of, and exercise the rights of, the loan originator; *Cervantes v. Countrywide Home Loans Inc.,* 2009 WL 3157160, 11 (D. Ariz. 2009) (rejecting claim that MERS could not act as beneficiary under a deed of trust); *Derakshan v. Mortgage Electronic Registration Systems, Inc.*, 2009 U.S. Dist. LEXIS 63176, 17-18 (C.D. Cal. 2009).

In sum, MERS' role is in accordance with Washington law and Plaintiff's assertions as to MERS do not give rise to any legal or equitable right to relief on behalf of Plaintiff, and therefore does not support entry of a TRO.

### 5. No Assignment of Deed of Trust or Note need be recorded in order to non-judicially foreclose.

Under the Washington Deed of Trust Act RCW 61.24 et seq., the beneficiary's authority to act does not depend upon the recording of an assignment of the beneficial interest under the deed of trust. Rather, all that matters is that the purported beneficiary be the holder of the note. RCW 61.24.005(2). According to RCW 61.24.005(2), a "beneficiary" is "the holder of the instrument or document evidencing the obligations secured by the deed of

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*

3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

1  trust, excluding persons holding the same as security for a different obligation." RCW

2  61.24.005(2). Generally, a person is a holder of the note by having physical possession of the

3  note, which has either been endorsed to that person or endorsed in blank. *See also* RCW

4  62A.3-30, RCW 62A.3-301, and RCW 62A.1-201. Recordation of the assignment is *only*

5  important for purposes of a title report and to establish priority. *See* RCW 65.08.070.

6

7  Plaintiff simply states that no Assignment of Deed of Trust or Note has been

8  recorded. Complaint, ¶ 3.5. First, a Note is not "assigned" and therefore no Assignment of

9  Note would ever be executed or recorded. Secondly, as discussed above, MERS may be the

10 holder, as it is in this case, in its role as nominee for the lender and its successors and assigns.

11 *See Moon v. GMAC Mortgage Corp., dba Ditech.com,* 2009 WL 3185596 (W.D.Wash.,2009)

12 and *Vawter v. Quality Loan Service Corporation of Washington,* 2010 WL 1629355 (W.D.

13 Wash. 2010).    Therefore, Plaintiff's assertion does not give rise to any legal or equitable

14 relief in support of a TRO.

15

16 **B.  PLAINTIFF'S MOTION TO SHORTEN TIME SHOULD BE DENIED AS
17     THERE IS NO BASIS FOR SUCH RELIEF UNDER THE CIVIL RULES.**

18 Under CR 6(e), motions to shorten time have been abolished. CR 6(e).  Therefore,

19 Plaintiff's Motion to Shorten time must be denied.

20 **C.  IF THE COURT GRANTS PLAINTIFF'S MOTION, THE COURT SHOULD
21     REQUIRE PLAINTIFF TO POST A BOND AND MAKE HIS MONTHLY
       PAYMENT INTO THE COURT REGISTRY.**

22 No restraining order shall be granted until the party asking it shall enter into a bond,

23 in such a sum as shall be fixed by the court or judge granting the order, with surety to the

24 satisfaction of the clerk of the superior court, to the adverse party affected thereby,

25

26 conditioned to pay all damages and costs which may accrue by reason of the injunction or

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -11 of 13
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*

3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

restraining order. RCW 7.40.080. Where the court grants a restraining order, the court shall condition the granting on the applicant paying to the clerk the sums that would otherwise be due on the obligation secured by the Deed of Trust if the Deed of Trust was not being foreclosed. RCW 61.24.130(1).

If the Court grants Plaintiff's Motion for Temporary Restraining Order, Plaintiff must enter a bond and make monthly payments into the court registry. An appropriate bond amount in this case to cover Litton and MERS' attorneys' fees and costs in order to defend against Plaintiff's action is $6,000.00. Additionally, in this case, Plaintiff has failed to make approximately 9 monthly payments of $1,644.75. Thus, Plaintiff should be required to make the monthly payment of $1,644.75 due under the Note into the court registry on the first of every month while any temporary restraining order or preliminary injunction is in place.

## VI.    CONCLUSION

Based on the foregoing, Defendants Litton and MERS respectfully request that this Court deny Plaintiffs' Motion for Preliminary Injunction and deny Plaintiff's Motion for Shortening Time for Motion for Temporary Restraining Order and Injunctive Relief. Alternatively, Defendants request that any temporary restraining order or preliminary injunction be conditioned upon Plaintiff paying into the court registry a bond in the amount of $6,000.00 and the monthly payment of $1,644.75 due under the Note into the court registry on the first of every month while any temporary restraining order or preliminary injunction is in place.

/ / /

/ / /

/ / /

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -12 of 13
CASE NO.  3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
*A Law Firm and Professional Services Corporation*

3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

1

## VII.   PROPOSED ORDER

2

Proposed orders granting the requested relief accompany this motion.

3

4

DATED this 24th day of August, 2010.

5

6

**ROUTH CRABTREE OLSEN, P.S.**

7

By: /s/  Heidi E. Buck

8

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants Litton

9

Loan Servicing, LP and Mortgage
Electronic Registration Systems, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS LITTON AND MERS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TRO -13 of 13
CASE NO.  3:10-cv-05523-JCC

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131