The Honorable John C. Coughenour
Hearing Date: September 3, 2010

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| KEVIN SELKOWITZ, and individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; DOE DEFENDANTS 1-20,<br><br>　　　　　　　　　　Defendants. | No. 3:10-cv-05523-JCC<br><br>**DEFENDANTS LITTON LOAN SERVICING, LP AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** |

COMES NOW Defendants Litton Loan Servicing, LP ("Litton") and Mortgage Electronic Registration Systems Inc. ("MERS") (collectively "Defendants") and submits this Opposition to Plaintiff's Motion for Remand.

### I.  RELIEF REQUESTED

Defendants Litton and MERS request that the Court deny Plaintiff's Motion for Remand on the grounds that the District Court retains jurisdiction because jurisdiction is determined at the

DEFENDANTS LITTON AND MERS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR REMAND -1 of 5
CASE NO. 3:10-cv-05523-JCC

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

outset of the action, and Plaintiff's attempt to amend the complaint is an improper procedural tactic to manipulate federal jurisdiction.

## II.   STATEMENT OF FACTS

The applicable facts are as follows:

On or about July 2, 2010, Plaintiff filed his Complaint for Temporary Restraining Order and Permanent Injunction, Wrongful Foreclosure, Libel/Defamation of Title, Malicious Prosecution, and Violations of Truth in Lending Act ("TILA")[1], the Consumer Protection Act ("CPA"), and the Fair Debt Collection Practices Act ("FDCPA") in King County Superior Court under Cause No. 10-2-24157-4 KNT.

On or about July 27, 2010, Defendant Quality Loan Service filed a Notice of Removal removing the Superior Court action to the United States District Court for the Western District of Washington at Seattle.

On or about August 12, 2010, Defendants Litton and MERS filed a Motion to Dismiss pursuant to FRCP 12(b)(6) on the grounds that Plaintiff's Complaint failed to state any claim upon which relief can be granted. Defendants' Motion to Dismiss is noted for September 3, 2010.

On August 18, 2010, Plaintiff filed an Amended Complaint in which Plaintiff dropped the cause of action for violation of the FDCPA.

On that same date, Plaintiff filed a Motion for Remand on the grounds that no federal question jurisdiction existed based on the Amended Complaint.

---

[1] Additionally, the case caption to Plaintiff's Complaint listed "Violation of the Truth in Lending Act 15 U.S.C. § 1601, et seq." as an assertion cause of action. Plaintiff, however, makes no mention of any TILA claim in the body of his Complaint.

DEFENDANTS LITTON AND MERS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR REMAND -2 of 5
CASE NO. 3:10-cv-05523-JCC

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### III. ISSUES PRESENTED

1. *Whether the court should deny Plaintiff's Motion for Remand under the Time of Filing Rule when federal question jurisdiction existed at the outset of the action and Plaintiff's subsequent amendment to the Complaint was a procedural tactic to manipulate federal jurisdiction.*

### IV. EVIDENCE RELIED UPON

This Opposition is based on pleadings and documents filed with the Court and Exhibits attached thereto; the Declaration of Christopher Spradling; and this Opposition and memorandum of law in support thereof and the Exhibits attached hereto.

### V. AUTHORITY & ARGUMENT

**A. THE COURT MUST DENY PLAINTIFF'S MOTION FOR REMAND BECAUSE THE DISTRICT COURT RETAINS JURISDICTION.**

**I. Under the Time of Filing Rule, jurisdiction is determined at the outset of the action, and because federal question jurisdiction existed at the outset of the action by virtue of Plaintiff's FDCPA claim the District Court retains jurisdiction despite Plaintiff's Amended Complaint.**

Under 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. The Time of Filing Rule provides that jurisdiction is determined when the action is commenced. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 286, 290-92, 58 S.Ct. 586, 590, 591-92, 82 L.Ed. 845 (1938). The rule addresses an underlying concern regarding the risk that parties will deploy procedural tactics to manipulate federal jurisdiction. *See Id.*

DEFENDANTS LITTON AND MERS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR REMAND -3 of 5
CASE NO. 3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

In *St. Paul*, the court set out the rule in the context of a diversity jurisdiction case. The court paid significant attention to the policies behind removal and the risks of manipulative behavior. The Court pointed out that the time of filing rule prevents plaintiffs from subsequently amending their complaint to plead a lesser amount and avoid removal. *Id.*, at 294, 58 S.Ct. at 592-93. The court noted similar concerns applied to changes of parties that would potentially destroy diversity of citizenship. *Id.*, at 294-95, 58 S.Ct. at 592-93. This rule equally applies where a party, in order avoid removal, subsequently amends the complaint for the purpose of destroying federal question jurisdiction.

In this case, Plaintiff's original Complaint contained a cause of action for violation of 15 U.S.C. § 1692, The Fair Debt Collection Practices Act. Thus, pursuant to 28 U.S.C. § 1331, this court had original jurisdiction over this action when commenced.

Thereafter, Defendant Quality Loan Service Corporation timely filed a Notice of Removal. Subsequently, in an effort to avoid removal, Plaintiff filed an Amended Complaint, purportedly dropping the FDCPA claim, and filed a Motion for Remand.

Despite Plaintiff's Amended Complaint, the District Court retains jurisdiction under the Time of Filing Rule. Therefore, the court must deny Plaintiff's Motion for Remand.

## II.   Plaintiff's Amended Complaint and Motion for Remand is an improper procedural tactic aimed at manipulating federal jurisdiction.

In this case, Plaintiff filed the Amended Complaint for no other reason than to destroy federal question jurisdiction so as to defeat Defendant Quality's removal. As noted by the *St. Paul* court, this type of procedural manipulation by Plaintiffs was an underlying concern that drove the court's decision in promulgating the Time of Filing Rule. The *St. Paul* court's

DEFENDANTS LITTON AND MERS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR REMAND -4 of 5
CASE NO. 3:10-cv-05523-JCC

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

concerns are apparent in this case such that the Time of Filing rule should be applied and Plaintiff's Motion for Remand should be denied.

## VI.  CONCLUSION

Based on the foregoing, Defendants Litton and MERS respectfully request that this Court deny Plaintiffs' Motion for Remand.

## VII.  PROPOSED ORDER

A proposed order granting the requested relief accompanies this motion.

DATED this 30th day of August, 2010.

ROUTH CRABTREE OLSEN, P.S.

By: /s/ Heidi E. Buck
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants Litton Loan
Servicing, LP and Mortgage Electronic
Registration Systems, Inc.

DEFENDANTS LITTON AND MERS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR REMAND -5 of 5
CASE NO. 3:10-cv-05523-JCC

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131