THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

KEVIN SELKOWITZ, and individual,

Case No. C10-5523-JCC

11

Plaintiff,

ORDER

12

v.

13

14
15
16
17
18
19
20
21

LITTON LOAN SERVICING, LP, a
Delaware Limited Partnership; NEW
CENTURY MORTGAGE CORPORATION,
a California corporation; QUALITY LOAN
SERVICE CORPORATION OF
WASHINGTON, a Washington Corporation;
FIRST AMERICAN TITLE INSURANCE
COMPANY, a Washington Corporation;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware Corporation; DOE DEFENDANTS
1-20,

Defendants.

22

23        This matter comes before the Court on Defendant First American Title Insurance

24   Company's (First American's) motion to dismiss (Dkt. No. 7) and Plaintiff's response (Dkt.

25   No. 16); Defendants Litton Loan Servicing and Mortgage Electronic Registration Systems'

26   (MERS's) motion to dismiss (Dkt. No. 8) and Plaintiff's response (Dkt. No. 17); Plaintiff's

ORDER
PAGE - 1

1   motion for temporary restraining order and shortening time (Dkt. No. 13); Plaintiff's motion to

2   remand (Dkt. No. 14) and Defendants Litton and MERS's response. (Dkt. No. 20.) Having

3   thoroughly considered the parties' briefing and the relevant record, the Court finds oral

4   argument unnecessary and hereby GRANTS Defendants' motions and DENIES Plaintiff's

5   motions for the reasons explained herein.

6   **I.      BACKGROUND**

7               This case concerns the imminent trustee's sale on a nonjudicial foreclosure of

8   Plaintiff's property.  Plaintiff obtained a loan from New Century Mortgage Corporation in

9   November 2006 and as security on the loan, he provided a deed of trust encumbering his

10  property at 6617 SE Cougar Mountain Way, Bellevue, WA. (Litton & MERS's Mot. 2 (Dkt.

11  No. 8).) The deed of trust named First American as the trustee and MERS as the beneficiary.

12  (Pl.'s Resp. 2 (Dkt. No. 17).) On or about May 20, 2010, MERS recorded an appointment of

13  successor trustee, naming Quality Loan Servicing Corporation of Washington (QLS) the

14  successor trustee. (Litton & MERS's Mot. 2 (Dkt. No. 8).)

15              Plaintiff has defaulted on the loan and foreclosure proceedings have been commenced.

16  (First American's Mot. 2 (Dkt. No. 7).) On June 1, 2010, QLS recorded a notice of trustee's

17  sale with the King County Auditor. (Litton & MERS's Mot. 3 (Dkt. No. 8).) On July 2, 2010,

18  Plaintiff filed a complaint for temporary restraining order and permanent injunction, wrongful

19  foreclosure, libel/defamation of title, malicious prosecution, and violations of the Truth in

20  Lending Act, the Consumer Protection Act, and the Fair Debt Collection Practices Act in King

21  County Superior Court. (*Id.*) On July 27, 2010, QLS removed the case to this Court. (Dkt. No.

22  1.) Defendants Litton, MERS, and First American have filed motions to dismiss. (Dkt. Nos.

23  7&8.) On August 18, 2010, Plaintiff filed an Amended Complaint, removing his federal

24  claims. (Dkt. No. 9.)

25  //

26  //

ORDER
PAGE - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**II.     DISCUSSION**

> **A.     Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint has stated a claim "plausible on its face" when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing Defendant's motion, then, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of Plaintiffs. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross "the line between possibility and plausibility of 'entitlement to relief': if the facts are merely consistent with Defendant's liability but cannot ground a reasonable inference that Defendant actually is liable, the motion to dismiss will succeed. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff brings a wide range of claims, none of which is supported by fact or law.

> **1.   Consumer Protection Act**

Plaintiff's Complaint alleges that Defendants violated the CPA, RCW 19.86 *et seq.* "through a course of conduct in executing, recording and relying upon documents that it knew or should have known to be false and that have the capacity to deceive a substantial portion of the public." But Plaintiff fails to identify a single false or deceptive document to substantiate its claims. Plaintiff's CPA claims are DISMISSED.

> **2.   Defamation of Title and Malicious Prosecution**

Plaintiff's claims for defamation of title and malicious prosecution contain the same allegations about impropriety and false documents containing false statements as his previous claims. Again, there are no allegations that a specific document or action has violated any law.

ORDER
PAGE - 3

Plaintiff's briefing represents the epitome of the conclusory statements that *Iqbal* held to be insufficient to defeat a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Accordingly, Plaintiff's Defamation and Malicious Prosecution claims are DISMISSED.

### 3. Wrongful Foreclosure

Plaintiff's claims for wrongful foreclosure are equally misguided. The Deed of Trust Act does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale has occurred. *Krienke v. Chase Home Fin., LLC*, 2007 Wash. App. LEXIS 2668, *12 (Wash. Ct. App. Sept. 18, 2007) ("But there is no case law supporting a claim for damages for the initiation of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings.") In response, Plaintiff quotes RCW 61.24.130, which states that the right to restrain a trustee's sale on any proper legal or equitable ground shall not be prejudiced. (Pl.'s Resp. 6 (Dkt. No. 17).) Plaintiff fails, however, to present such a proper legal or equitable ground. Plaintiff's wrongful foreclosure claims are DISMISSED.

### B. Motion for Temporary Restraining Order

The Ninth Circuit applies two alternative tests to determine whether to issue a TRO or preliminary injunction. According to the "traditional test," the equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest (in certain cases). *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). In the alternative, the Ninth Circuit applies a "sliding scale" or balancing test where injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007) (*quoting Earth Island*

ORDER
PAGE - 4

1  *Inst. v. United States Forest Serv.*, 351 F.3d 1291, 1297 (9th Cir. 2003)). These two

2  alternatives of the sliding scale test "represent 'extremes of a single continuum,' rather than

3  two separate tests" in that "the greater the relative hardship to [the party seeking the

4  preliminary injunction,] the less probability of success must be shown." *Earth Island.*, 351

5  F.3d at 1298 (citation omitted) (alteration in original). However, under either the traditional or

6  the sliding scale test, "where a plaintiff fails to even raise serious questions about its likelihood

7  of success, [a preliminary] injunction may not issue." *Freecycle Network, Inc.*, 505 F.3d at

8  902.

9        The hardship to the Plaintiff that a foreclosure represents is a serious matter, and one to

10  which this Court gives serious consideration. However, as explained above, Plaintiff's claims

11  are deficient in several respects. Plaintiff's allegations are conclusory, his statements of the law

12  erroneous, and his briefing devoid of facts. Plaintiff has failed to demonstrate a likelihood of

13  success on the merits and his motion for a TRO is DENIED.

14       **C.**     **Motion to Remand**

15        Plaintiff amended his Complaint, removed his federal claims, and now seeks remand to

16  state court on the grounds that this Court no longer has jurisdiction. (Dkt. No. 14.) This sort of

17  gamesmanship has long been prohibited. The Supreme Court has held that events occurring

18  after removal to federal court which thwart the requirements of federal jurisdiction do not oust

19  the district court's jurisdiction once it has attached. *St. Paul Mercury Indem. Co. v. Red Cab

20  Co.*, 303 U.S. 283, 293 (U.S. 1938). Plaintiff's motion to remand is DENIED.

21

22  //

23

24  //

25

26

ORDER
PAGE - 5

1  **III.    CONCLUSION**

2          For the foregoing reasons, Defendants' motions to dismiss are GRANTED. (Dkt. Nos.

3  7&8). Plaintiff's motion for a TRO is DENIED. (Dkt. No. 13.) Plaintiff's motion to remand is

4  DENIED. (Dkt. No. 14.)

5

6

7  DATED this 31 day of August, 2010.

8

9

10

11                                          John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 6