IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT TACOMA

| | |
|---|---|
| KEVIN SELKOWITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-20,<br><br>Defendants. | No.: 3:10-cv-05523-JCC<br><br>DEFENDANT QUALITY LOAN SERVICES CORPORATION OF WASHINGTON'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>NOTE ON MOTION CALENDAR:<br>October 1, 2010 |

COMES NOW defendant Quality Loan Service Corporation of Washington ("QLS") and moves this court for dismissal, without leave to amend, pursuant to Fed. R. Civ. P 12(b)(6), on the grounds that Plaintiff has failed to state a claim upon which relief may be granted.

DEFENDANT QLS' MOTION TO DISMISS
Page 1
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

## I. FACTUAL AND PROCEDURAL HISTORY

This is Plaintiff's First Amended Complaint (the "FAC"). Plaintiff's initial complaint was filed was filed in the Washington State Superior Court for King County on July 2, 2010. Subsequently, the action was removed to Federal Court.

Plaintiff's complaint arises out of his failure to make payments as required under the terms of the promissory note and deed of trust secured by a parcel of residential real property standing in his name commonly known as 6617 Southeast Cougar Mountain Way, Bellevue, WA 98006 (the "Property"). FAC ¶¶1.1 and 3.1. Upon his default, non-judicial foreclosure proceedings were commenced which Plaintiff sought to stop by virtue of the instant lawsuit.

Plaintiff does not dispute defaulting on his loan. Instead, his FAC purports to allege that all actions in furtherance of the foreclosure are improper based on the theory that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was not an appropriate Deed of Trust beneficiary and that therefore QLS had no right to act as Trustee and undertake foreclosure action against the Property.

Based upon his theory relative to MERS, Plaintiff's FAC purports to allege claims for i) violation of the Washington Consumer Protection Act; ii) Libel/Defamation of Title; iii) Malicious Prosecution; iv) Wrongful Foreclosure; and, v) Quiet Title.[1]

Previously, Defendant First American Title Insurance Company ("First American") and Defendants Litton Loan Servicing ("Litton") and Mortgage Electronic Registration System ("MERS") each brought motions to dismiss, (Dkt. No. 7 and Dkt. No. 8, respectively). Said motions were granted in their entirety by order of this Court entered on August 31, 2010 (Dkt. No. 22). Under the "law of the case doctrine", rulings previously made in a case become the law of the case. Fidelity & Deposit Co.v. Seattle, 106 F.2d 777, 781 (1939), citing 2 Freeman on Judgments, 2d ed., §630, p. 1328.

---

[1] Plaintiff's initial complaint also alleged a claim for violation of the Federal Fair Debt Collection Practices Act. Plaintiff's FAC omitted this claim in his unsuccessful attempt to remand the case back to state court.

DEFENDANT QLS' MOTION TO DISMISS
Page 2
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo  WA  98370
PH: (206) 319-9100
FAX: (206) 780-6862

Defendant QLS respectfully requests that the Court dismiss Plaintiff's FAC as to QLS pursuant to CR 12(b)(6) based upon the same rationale and conclusions of law which the Court made in its August 31, 2010 Order granting Defendant First American's and Defendants' Litton and MERS' respective motions to dismiss pursuant to the "law of the case doctrine". QLS further requests that Plaintiff's action be dismissed against QLS, based upon the following reasons:

*First,* MERS is an appropriate beneficiary. Plaintiffs allege no actionable conduct by QLS under any theory. Notably, Plaintiffs agreed to have MERS as their Deed of Trust beneficiary. Further, Washington courts recognize MERS as an appropriate beneficiary acting as nominee for their lender. *Moon v. GMAC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 91933 (W.D. Wash. Oct. 2, 2009)./[2]

*Second,* Plaintiffs' Consumer Protection Act claim fails because Plaintiffs allege no facts as to QLS showing: (a) an unfair or deceptive act; (b) occurring in Defendants' trade or business (c) impact on the public interest; (d) injury to Plaintiffs' business or property; and, (e) causation between the unfair practice and the injury. *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 739 (Wash. 1987).

*Third,* Plaintiffs fail to state a cause of action against QLS for the tort claims of i) Libel/Defamation of Title; ii) Malicious Prosecution and/or iii) Wrongful Foreclosure.

*Fourth,* A cause of action for Quiet Title does not lie under the facts of Plaintiffs' case.

## II.  AUTHORITY & ARGUMENT

### A.  Legal Standard Pertaining to Notice

FRCP 8(a)(2) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to FRCP 12(b)(6) based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

---

[2] Copies of all cases from non-Washington State jurisdictions, including 9th Circuit Federal cases are attached pursuant to local rules.

DEFENDANT QLS' MOTION TO DISMISS
Page 3
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

699 (9th Cir. 1990). In making this determination, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, to survive a 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). While the plaintiff's complaint need not make detailed factual allegations, it must provide sufficient factual allegations "to raise a right to relief above the speculative level." *Id.,* 127 S. Ct. at 1965. The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). More recently, in *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 177 L.Ed.2d 868 (2009) the United States Supreme Court, expanding its reasoning in *Twombly* stated:

> The pleading standard under F.R.C.P. 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." A pleading that offers "labels and conclusions" or a "formulaic recitation of elements of a cause of action will not do." Nor [does] a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancements."

*Iqbal,* 129 S.Ct. at 1949.

### B.   MERS is an Appropriate Beneficiary

Plaintiff concedes that MERS is the beneficiary identified by the Deed of Trust pertaining to the Property and acting as nominee for the lender New Century Mortgage Corporation. *See* FAC at ¶3.1.

As stated above, the gravamen of Plaintiff's complaint is that commencement of non-judicial foreclosure proceedings was improper and and QLS had no right to act as Trustee in connection therewith because MERS was not an appropriate Deed of Trust beneficiary.

In support of his claims that the non-judicial foreclosure was flawed, Plaintiff further alleges, on information and belief, that "MERS never owned the debt secured by the Deed of

DEFENDANT QLS' MOTION TO DISMISS
Page 4
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

...
...

Trust ... [and that] MERS never obtained possession of the Promissory Note which secures the subject Deed of Trust." *See* FAC at ¶3.5.

Plaintiff's allegations of impropriety in the foreclosure sale process are misguided, conclusory, and unfounded. As to the MERS argument, Courts in Washington have recognized that MERS can function as a nominee for the lender and act as a valid beneficiary of a deed of trust. *Daddabbo v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 50223 (W.D. Wash. May 20, 2010); *Moon v. GMAC Mortg. Corp.*, *supra*, at *18 wherein the court recognized MERS as beneficiary acting as nominee for lender GMAC. Plaintiffs' position is a rejection of basic agency principles recognized by statute and the Washington Supreme Court. RCW 61.24.031 specifically permits the "beneficiary or authorized agent" to take foreclosure actions. Further, the Washington Supreme Court specifically upheld the application of agency principles to authorize actions under the Deed of Trust Act in *Udall v. T.D. Escrow Serv. Inc.*, 159 Wn.2d 903, 913 (2007); *Buse v. First Am. Title Ins. Co.*, 2009 U.S. Dist. LEXIS 45119 at *5-*6; on reconsideration, 2009 U.S. Dist. LEXIS 70243, at *4 (W.D. Wash. 2009) (same).

Here, Plaintiff granted the Deed of Trust to the Property to MERS as nominee for the original lender under each Deed of Trust. The Deed of Trust specifically provides as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument but, *if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property.*

FAC, Ex. A, pg. 3 (emphasis added).

MERS's possession of legal title to the lien rights in a nominee capacity is neither novel nor controversial. MERS's right to foreclose in a nominee capacity has been repeatedly upheld

DEFENDANT QLS' MOTION TO DISMISS
Page 5
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

by the Ninth Circuit.[3] In *Derakshan v. MERS, Inc.*, a California District Court case, the Court recently recognized MERS's right to foreclose in a nominee capacity, noting:

> MERS is the named beneficiary in the Deed of Trust. By signing the Deed of Trust, Plaintiff agreed that MERS would be the beneficiary and act as nominee for the lender . . . Plaintiff explicitly authorized MERS to act as beneficiary with the right to foreclose on the property.

2009 U.S. Dist. LEXIS 63176, at 17-18 (C.D. Cal. 2009). As a result, the court held that MERS had standing to foreclose. *Id.*

Here, as in *Derakshan*, Plaintiff explicitly authorized MERS to act as a beneficiary with the right to foreclose on his Property with full knowledge that MERS was acting as a nominee for the lender. Having specifically entered this contract, Plaintiff cannot now complain that MERS is exercising its rights under the Deed of Trust.

### 1. Consumer Protection Act

Plaintiff's allegations relative to QLS's purported violations of the Washington Consumer Protection Act ("CPA") are identical to the allegations Plaintiff makes against First American, Litton, and MERS which claims this Court dismissed by its August 31, 2010 Order. Specifically, Plaintiff alleges that QLS, together with the other defendants, "…violated the [CPA]… through a course of conduct in executing, recording and relying upon documents that it knew or should have known to be false…" ¶4.2 Plaintiff further alleges, as to QLS only, that "QLS violated provisions of *RCW 61.24* and per se violations of *RCW 19.86*.

As in the case of First American, Litton, and MERS, Plaintiff fails to identify the "false documents' and fails to assert any facts relating to QLS that support any of the conclusory statements made by Plaintiff. This Court has already found that these unsupported blanket assertions cannot survive First American's and Litton's and MERS' respective motions to

---

[3] See *Pantoja v. Countrywide Home loans, Inc.*, 640 F. Supp. 2d 1177, 1189 (N.D. Cal. 2009); *Silvas v. GMAC Mortgage, LLC*, 2009 WL 4573234, *8 (D. Ariz. 2009) ("MERS [is] empowered to act on behalf of whoever was the equitable owner of the rights in the Deed of Trust"); *Baisa v. Indymac Fed. Bank*, 2009 WL 3756682, *3 (E.D. Cal. 2009); *Croce v. Trinity Mortgage Assurance Corp.*, 2009 WL 3172119, *4 (D. Nev. 2009); *Benham v. Aurora Loan Servs.*, 2009 WL 2880232, *3 (N.D. Cal. 2009).

DEFENDANT QLS' MOTION TO DISMISS
Page 6
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

dismiss. It is respectfully submitted that they likewise cannot survive QLS' instant motion to dismiss and that Plaintiff's CPA should be dismissed against QLS as well.

### 2. Defamation of Title and Malicious Prosecution

In order to sustain a claim for defamation of title, Plaintiff must establish, by a preponderance of the evidence, that i) statements concerning plaintiff's title were false; ii) the statements were published maliciously; iii) the statements were make with reference to some pending sale or related transaction concerning plaintiff's property; iv) plaintiff has suffered pecuniary loss or injury as a result of the false statements; and, v) the statements were of the nature to defeat plaintiff's title. *Lee v. Maggard,* 197 Wn. 380 (1938). The element of falsity is established by recording a document known to contain false declarations. *Rogvig v. Douglas,* 123 Wn.2d 854 (1994). The element of "malice" is established by false statements that are not made in good faith or otherwise based on a reasonable belief in the veracity of the statements. *Id.* Plaintiff's claims for Defamation of Title and for Malicious Prosecution are premised upon the assertion that MERS is not an appropriate beneficiary.

In the instant case, Plaintiff's claim fails as a matter of law because i) Plaintiff defaulted on his loan and, as such, the statements published by QLS were not false; ii) Plaintiff fails to plead any facts reflecting malice and, under the circumstances of this case, cannot, as a matter of law so plead; and, as will be further detailed below, Plaintiff did not, and as a matter of law, could not suffer pecuniary loss or injury as a result of the false statements because, 1) the statements were not false, and 2) because no sale has taken place. Accordingly, Plaintiff's claim against QLS for defamation of title should fail and should be dismissed with prejudice as it was dismissed against the First American, Litton, and MERS Defendants.

### 3. Plaintiff's Claim for Malicious Prosecution Fails as a Matter of Law

An action will not lie for the prosecution of a civil action with malice and without probable cause, when there has been no arrest of the person or attachment of the property of the defendant, and no special injury sustained, or injury which is not the necessary result in such suits. *Petrich v. McDonald,* 44 Wn.2d 211, 217 (Wash. 1954). Further, proof of probable cause is

DEFENDANT QLS' MOTION TO DISMISS
Page 7
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

a complete defense to a malicious prosecution action. *Pace v. Brodie-National, Inc.*, 60 Wn.2d 654, 656 (Wash. 1962). A claim for malicious prosecution in a civil case requires that the party must allege and prove seven elements: 1) the prosecution claimed to have been malicious was instituted or continued by the defendant; 2) there was want of probable cause for the institution or continuation of the prosecution; 3) the proceedings were instituted and continued through malice; 4) the proceedings terminated on the merits in favor of the Plaintiffs or were abandoned; 5) the Plaintiffs suffered injury or damages as a result of the prosecution; 6) there was arrest or seizure of property; and 7) there was special injury (meaning injury that would not necessarily result from similar causes of action). *See Clark v. Baines,* 150 Wn.2d 905, 912 (2004).

Here, Plaintiff's claim for Malicious Prosecution fails on both theories. First, as in *Petrich*, there was no attachment of Plaintiff's property and no special injury sustained which is not the necessary result of a non-judicial foreclosure action. Second, Plaintiff defaulted on his loan and, under the Deed of Trust Act, his property was subject to non-judicial foreclosure proceedings. Finally, as detailed below, Plaintiff cannot maintain a cause of action for wrongful foreclosure where his property has not been foreclosed. Under these facts, Plaintiffs cannot, as a matter of law, maintain a Malicious Prosecution action against QLS.

### 4. Plaintiff's Wrongful Foreclosure Claim Fails Because It Will Not Lie As a Matter of Law When There Has Been No Foreclosure

In Washington, the Deed of Trust Act ("DTA") does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale occurs. *Vawter et al., v. QLS of Washington, et al.*, 2010 U.S. Dist. LEXIS 41903 19, 20; *Pfau v. Wash. Mutual, Inc.* No. CV-08-00142-JLQ, 2009 U.S. Dist. LEXIS 14233, 2009 WL 484448 at 12 (E.D. Wash. Feb 24, 2009); *Krienke v. Chase Home Fin.*, LLC, 140 Wn.App. 1032, 2007 WL 2713737 at 5 (2007) see also *Henderson v. GMAC Mortgage Corp.*, No. C05-5781RBL, 2008 U.S. Dist. LEXIS 29329, 2008 WL 1733265, at 5 (W.D. Wash. Aril 10, 2008) (holding that plaintiff's claim for wrongful foreclosure under DTA failed because, *inter alia*, no foreclosure occurred). In *Pfau* and *Krienke,* the courts

DEFENDANT QLS' MOTION TO DISMISS
Page 8
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

rejected the argument that a grantor can maintain a damages claim for wrongful institution of non-judicial foreclosure proceedings where no trustee's sale actually occurs. *Vawter*, at 5. These courts underscored their view that there is simply no statutory authority or case law to support such a damages claim. As the *Krienke* court explained:

> [T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful *institution* of foreclosure proceedings. On the contrary, courts promote the [DTA's] objectives, declining to invalidate completed sales even where trustees have not complied with the statute's technical requirements.

*Vawter*, at 6 (*citing Krienke*, 2007 WL 2713737, at 5 (emphasis in original)).

Here, Plaintiff has failed to plead a viable claim under the DTA and Washington law. Plaintiff's cause of action, though labeled in the complaint as a claim for wrongful foreclosure, is properly construed as a claim for wrongful institution of non-judicial foreclosure proceedings since the trustee's sale never occurred. When viewed in this light, Plaintiff's claim fails as a matter of law.

First, Plaintiff has not identified any statutory provision of the DTA that permits a cause of action for wrongful institution of foreclosure proceedings. Standing alone, the fact that the DTA establishes procedures and requisites for the non-judicial foreclosure process does not necessarily give rise to cause of action. Plaintiff fails to point to any case law supporting his interpretation of the DTA.

Second, the Washington legislature, in enacting the DTA, established a comprehensive scheme for the non-judicial foreclosure process, including specific remedies for grantors and borrowers facing the potential loss of their homes. Interjecting a cause of action for damages for wrongful institution of non-judicial foreclosure proceedings into the DTA's scheme would potentially upset the balance struck by the legislature. Cf. *Udall v. T.D. Escrow Servs., Inc.*, 132 Wn.App. 290, 130 P.3d 908, 913-14 (2006) (reasoning that the common law of contracts is inapplicable to non-judicial foreclosure sales because, *inter alia*, applying the common law would interfere with the DTA's "detailed set of procedures

DEFENDANT QLS' MOTION TO DISMISS
Page 9
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

for nonjudicial foreclosure sales." Furthermore, to the extent the legislature intended to permit a cause of action for damages, it could have said so.

Third, recognizing a cause of action for damages for wrongful institution of foreclosure proceedings would potentially undermine the legislature's goal that the non-judicial foreclosure process remains efficient and inexpensive. Here, Plaintiff, does not contest his default under the terms of the Note, but seeks to pursue a damages claim based on the non-judicial foreclosure proceedings. This approach would spawn litigation under DTA for damages, thereby interfering with the efficient and inexpensive nature of the non-judicial foreclosure process, while at the same time failing to address directly the propriety of foreclosure or advancing the opportunity of interested parties to prevent wrongful foreclosure. Although the court recognizes that an action for damages might often have the incidental effect of stopping a trustee's sale, as in this case, it is not the statutory method established by the Washington legislature to restrain a sale.

Fourth, even assuming a cause of action for damages for wrongful institution of non-judicial foreclosure proceedings were to exist under the DTA, it cannot be maintained without a showing of prejudice. Cf. *Amresco Independence Funding, Inc. v. SPS Props., LLC*, 129 Wn.App. 532, 119 P.3d 884, 886-87 (2005). ("Despite the strict compliance requirement, a plaintiff must show prejudice before a court will set aside a trustee's sale."); *Koegel v. Prudential Mutual Sav. Bank*, 51 Wn.App. 108, 752 P.2d 385, 387-89 (1998) (declining to set aside trustee's sale despite trustee failure to comply with the DTA's notice requirements because plaintiff had not shown prejudice). Plaintiff simply fails to allege in his complaint how he suffered prejudice as a result of the actions of QLS.

In summary, following the rulings in *Pfau* and *Krienke*, Plaintiff simply has not shown any reason to depart from the *Krienke* court's conclusion that "there is no statutory basis supporting a claim for damages for wrongful institution of foreclosure proceedings." *Krienke*, 2008 U.S. Dist. LEXIS 29329, 2007 WL 2713737 at 5. The court in *Vawter* stated that it is "mindful that lenders must strictly comply with the DTA because the nonjudicial

DEFENDANT QLS' MOTION TO DISMISS
Page 10
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

foreclosure process removes many protections borrowers and grantors have under a mortgage." *Vawter et al., v. QLS of Washington, et al.*, 2010 U.S. Dist. LEXIS 41903 19, 20, citing *Amresco Independence Funding, Inc. v. SPS Props., LLC*, 129 Wn.App. 532, 119 P.3d 884, 886-87 (2005). Nevertheless, it does not follow that a grantor or a borrower can maintain a cause of action for damages for violation of the DTA where the trustee's sale has not even taken place. *Id.*

This Court has already granted First American's and Litton and MERS' respective motions to dismiss Plaintiff's claim for wrongful foreclosure. QLS respectfully submits that QLS' motion to dismiss Plaintiff's cause of action for Wrongful Foreclosure against QLS should likewise be granted.

### 5. Plaintiff's Tort Claims Are Barred by the Economic Loss Rule.

Plaintiff's tort claims of Libel/Defamation, Malicious Prosecution, and Wrongful Foreclosure are barred by the Economic Loss Rule. In *Alejandre v. Bull*, 159 Wn2d 674 (2007), the Washington Supreme Court discussed the rule:

> The economic loss rule applies to hold parties to their contract remedies when a loss potentially implicates both tort and contract relief. It is a "device used to classify damages for which a remedy in tort or contract is deemed permissible, but are more properly remediable only in contract. . . . "[E]conomic loss describes those damages falling on the contract side of 'the line between tort and contract'."
>
> The rule "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from contract" because "tort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."

*Alejandre v. Bull, 159 Wn.2d* at 681-82 (citations omitted). *Alejandre v. Bull* involved the sale of real property and the seller's failure to disclose a defective septic system. Because the issue was within the parties' contract, the Economic Loss Rule prevented any recovery in tort. *Alejandre v. Bull, 159 Wn.2d* at 677, 686. The court concluded:

> In short, the purpose of the economic loss rule is to bar recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic losses. If the economic loss rule applies, the party will be held to contract remedies, regardless of how the plaintiff characterizes the claims.

DEFENDANT QLS' MOTION TO DISMISS
Page 11
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

1 *Alejandre v. Bull, 159 Wn.2d* at 683.

2 Additionally, arguments that the borrowers had no bargaining powers when they entered into their loan contract were rejected by the Supreme Court when it quoted another court's holding "Exact parity in bargaining power is not required." *Alejandre v. Bull, 159 Wn.2d* at 689 n.5 (citation omitted). Where the parties to a contract vary widely in their "sophistication" or have disparate bargaining power, "then there may be an issue as to the enforceability of the contract – a different question from whether tort remedies should be available." *Alejandre v. Bull, 159 Wn.2d* at 689.

Furthermore, any suggestion that the economic loss rule should not bar tort claims when the loan agreement does not specifically allocate risk of loss was also rejected. The Supreme Court rejected this same argument in *Alejandre* when it reversed the appellate court's holding that the economic loss rule does not apply to a risk of loss which the parties failed to allocate specifically under their contract. *Alejandre v. Bull, 159 Wn.2d* at 686. Discussing a previous decision, the Court noted, "We did not say … that the parties will be held to their bargained-for remedies only if they explicitly addressed any or all potential economic losses and allocated the risks associated with them. Other courts have also rejected this premise. Courts reason, instead, that the economic loss rule applies where the parties could or should have allocated the risk of loss, or had the opportunity to do so." *Alejandre v. Bull, 159 Wn.2d* at 686-87.

In the instant case, Plaintiff entered into a contract embodied in the Deed of Trust which Plaintiff alleges was breached. Based upon the authorities above, the Economic Loss Rule applies and Plaintiff is precluded from recovering for losses allegedly arising from his four tort claims. Accordingly, QLS' motion to dismiss should be granted.

### I. Plaintiff's Claim for Quiet Title Does not Lie as a Matter of Law

An action to quiet title in Washington is governed by RCW 7.28.010. It is equitable in nature and will properly lie when a party seeks to remove a cloud from title to the party's

DEFENDANT QLS' MOTION TO DISMISS
Page 12
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

property and is equitably entitled to such removal. *Robinson v. Khan*, 89 Wn. App. 418, 422 (Wash. Ct. App. 1998).

      In the instant case, Plaintiff does not deny that he took out a loan and voluntarily secured it by a deed of trust on the Property in favor of MERS; and, subsequently defaulted on the loan.

      Notwithstanding the foregoing, Plaintiffs are now apparently seeking to remove the security interest in the Property under the pretext that MERS was not an appropriate beneficiary. As detailed above, MERS is an appropriate beneficiary and there is no legal or equitable basis for removing the security interest in the Property. Plaintiff's cause of action to quiet title is not supported by the facts in this case as a matter of law and, accordingly should be dismissed.

## VI. CONCLUSION

      Based upon the foregoing authorities cited and arguments made, it is respectfully submitted that Plaintiff's Fist Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, QLS respectfully request that its motion be granted and that Plaintiff's First Amended Complaint be dismissed with prejudice.

Dated: September 3, 2010                    Respectfully Submitted,

                                                MCCARTHY & HOLTHUS, LLP

                                                ___/S/__ Mary Stearns_____
                                                Mary Stearns, Esq., WSBA #42543
                                                Attorneys for Defendant Quality Loan
                                                Service Corporation of Washington

DEFENDANT QLS' MOTION TO DISMISS
Page 13
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

# CERTIFICATE OF SERVICE

I certify that on September 3, 2010, I served a copy of the foregoing document in the manner specified on the following:

| Name/Address | Method |
|---|---|
| Richard Llewelyn Jones<br>2050 112th Ave NE, Suite 230<br>Bellevue, WA 98004<br>rlj@richardjoneslaw.com | ☐ Hand Delivery<br>☐ First Class Mail<br>X Electronic Mail (via e-filing)<br>☐ Facsimile<br>☐ Process Server<br>☐ Federal Express (overnight) |
| Heidi E. Buck<br>Routh Crabtree & Olsen<br>3535 Factoria Blvd., Suite 200<br>Bellevue, WA 98006<br>hbuck@rcolegal.com | ☐ Hand Delivery<br>☐ First Class Mail<br>X Electronic Mail (via e-filing)<br>☐ Facsimile<br>☐ Process Server<br>☐ Federal Express (overnight) |
| Ann T. Marshall<br>Kennard M. Goodman<br>Bishop White Marshall & Weibel, PS<br>720 Olive Way, Suite 1301<br>Seattle, WA 98101<br>kgoodman@bwmlegal.com<br>amarshall@bwmlegal.com | ☐ Hand Delivery<br>☐ First Class Mail<br>X Electronic Mail (via e-filing)<br>☐ Facsimile<br>☐ Process Server<br>☐ Federal Express (overnight) |

I declare under penalty of perjury under the laws of the Unites States of America and the State of Washington that the foregoing is true and correct and that this Declaration was executed in Poulsbo, Washington.

Dated: September 3, 2010

*/s/ Melissa Rice*
Melissa Rice, Legal Assistant
McCarthy & Holthus, LLP

Certificate of Service
Page 1
MH #WA10-4046

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862