1

THE HONORABLE JOHN C. COUGHENOUR

2

3

4

5

6

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

| | |
|---|---|
| KEVIN SELKOWITZ, an individual,<br><br>                                      Plaintiff<br><br>v.<br><br>LITTON LOAN SERVICING LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California Corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation ; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE Defendants 1-20, | NO.  3:10-cv-05523-JCC<br><br>**MOTION TO AMEND JUDGMENT**<br><br><br>**NOTE ON MOTION CALANDER:**<br>**October 4, 2010** |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**COMES NOW** the Plaintiff, KEVIN SELKOWITZ, an individual, by and through his attorney, RICHARD LLEWELYN JONES, P.S., and moves Court to reconsider its August 31, 2010 Order, pursuant to *FRCP 59(d)*.

## I.  MOTION

In granting the motions to dismiss of Defendants LITTON LOAN SERVICING LP, a Delaware Limited Partnership (hereinafter "LITTON"), FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation (hereinafter "FIRST AMERICAN"); and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation

MOTION TO AMEND JUDGMENT - Page 1

RICHARD LLEWELYN JONES, P.S.<br>ATTORNEY AT LAW<br>2050 – 112th Avenue N.E.<br>Suite 230<br>Bellevue, Washington 98004<br>(425) 462-7322

1   (hereinafter "MERS"), the Court has overlooked important facts and issues of the Plaintiffs

2   factual and legal claims.  In supplement to his Responses to Defendants' Motions to Dismiss of

3   August 26, 2010, Plaintiff offers the following:

4       **A.       <u>Violations of *RCW 61.24* support plaintiffs Consumer Protection Act Claims.</u>**

5       *RCW 61.24.005(2)* provides, in pertinent part, as follows:

6           2) "Beneficiary" means <u>the holder of the instrument or document evidencing the
        obligations secured by the deed of trust</u>, excluding persons holding the same as security
        for a different obligation.[1]

7   (Emphasis added)

8       *RCW 61.24.010* provides, in pertinent part, as follows:

9           2) The trustee may resign at its own election or be replaced by the beneficiary.
        The trustee shall give prompt written notice of its resignation to the beneficiary. The
10       resignation of the trustee shall become effective upon the recording of the notice of
        resignation in each county in which the deed of trust is recorded. If a trustee is not
11       appointed in the deed of trust, or upon the resignation, incapacity, disability, absence, or
        death of the trustee, or the election of the beneficiary to replace the trustee, <u>the
12       beneficiary shall appoint a trustee or a successor trustee</u>. Only upon recording the
        appointment of a successor trustee in each county in which the deed of trust is recorded,
13       the successor trustee shall be vested with all powers of an original trustee.

14   (Emphasis added)

15       Neither LITTON, FIRST AMERICAN nor MERS meet the statutory definition of a

16   "beneficiary" and the Deed of Trust at issue in this case clearly states that MERS is only acting

17   as "nominee" and not the "holder."  Based upon the subject Note and Deed of Trust of October

18   31, 2006 attached to Plaintiff's verified Complaint, the only legitimate "holder" of the subject

19   debt is Defendant, NEW CENTURY MORTGAGE CORPORATION, a California Corporation.

20   There is no evidence before the Court that the beneficial interest in the subject obligation has

21   _____

    [1]

22       Use of the term "holder" is similar to the use of the term under the UCC.  This is a position recently
    taken in the case of *In re Walker* (E.D. Cal. Bky: 10-21656-E-11), a copy of which is attached hereto.

MOTION TO AMEND JUDGMENT - Page 2

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1   ever been transferred.  But this apparent lender and beneficiary has neither appeared nor offered

2   evidence to support either the existence of a default or express authority for the initiation of a

3   non-judicial foreclosure of the subject obligation.[2]  So, by what authority has LITTON, FIRST

4   AMERICAN and MERS taken action to foreclose the subject Note and Deed of Trust?  There is

5   nothing before the Court and Defendants have offered the Court nothing on this issue.

6   If MERS never had an interest in the underlying Note, it could never be a proper

7   beneficiary under *RCW 61.24.005(2)* and never had the right to assign or authorize foreclose the

8   subject Deed of Trust without the <u>express</u> authority of the "holder": Defendant, NEW

9   CENTURY MORTGAGE CORPORATION, a California Corporation.  But no offer of proof of

    such authority has been provided by any Defendant named herein.

10  The provisions of *RCW 61.24, et seq.* must be strictly construed, for absent judicial

11  oversight sophisticated lenders, and their agents, are in position to exploit unsophisticated

12  borrowers.  See *In re Fritz*, 225 BR 218 (E.D. Wash. 1997).  In the absence of judicial oversight

13  there is an expectation that trustees, and the parties that have retained them, will act consistently

14  with the procedural requirements which are meant to provide borrowers notice of the process

15  and an opportunity to object to the process if necessary.  The Deed of Trust statutes thus strip

16  borrowers of many of the protections available under a mortgage. Therefore, lenders must

17  strictly comply with the Deed of Trust statutes, and the statutes and Deeds of Trust must be

18  strictly construed in favor of the borrower. *Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App.

19  _____
        2

20  In its Order of August 31, 2010, the Court recites a number of "facts" that can only have come from Defendants' Notice of Trustee's Sale, including the existence of a default in the subject obligation.  These statements cannot be considered verities for purpose of considering Defendants' motions.  Without input for the

21  "holder" / "beneficiary" of the subject obligation, the statements contained in Defendants' Notice of Trustee's Sale are conclusory hearsay statements that should not be relied upon by the Court.  Plaintiff disputes the existence of a default in the subject obligation and all such factual disputes must be construed in Plaintiff's favor.

22  *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987).

MOTION TO AMEND JUDGMENT - Page 3

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

108, 752 P.2d 385 (1988).

The Defendants have failed on multiple fronts to comply with the procedural requirements of *RCW 61.24* and have failed meet their burden of proof by failing to offer this Court any evidence to the contrary.

Under the provisions of *RCW 61.24.010(4)* in effect when this foreclosure was initiated, the trustee Defendants had a duty to act in "good faith" in its dealings with Plaintiff. *Cox v. Helenius*, 103 Wn.2d 383, 693 P.2d 683 (1985). *RCW 61.24.130(7)(a)* specifically provides:

> That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, <u>the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust</u>. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.

No Defendant has made any effort to demonstrate compliance with this provision and the arguments advanced by LITTON and MERS demonstrate no intention to do so. Failure to abide by this provision itself demonstrates the entire foreclosure process to be illegal under Washington law. No Washington court has addressed this provision since its enactment, but the language of the statute is clear and unambiguous.

The false and deceptive documents or allegations that the Court has stated the Plaintiff failed to provide lie here. Plaintiff alleges that MERS was not the owner of the Note as required by statute. As a result the Notice of Trustees Sale is false and deceptive in that it fails to adhere to the statutory prerequisites for its use.

The subject Deed of Trust provides, in pertinent part, as follows:

> "MERS" is Mortgage Electronic Registration Systems, Inc., MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. . . .

Nothing in any of the documents before the Court ever assigned an interest in the

MOTION TO AMEND JUDGMENT - Page 4

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1  underlying Note to MERS.  As noted in the pleadings of the Plaintiff and of several Defendants

2  courts across the nation are divided on the ability of MERS to initiate foreclosure actions or have

3  standing in various courts (notably bankruptcy courts) to sustain actions against borrowers

4  without possession of the Note.  The Plaintiff will not regurgitate those opionions here, but draw

5  the Court's attention to Plaintiff's Responses to Defendants Motions to Dismiss.  Plaintiff will

6  simply note that whatever is decided in other states, it is a Washington statute that is at issue

7  here.  While it may be something of an inconvenience for large banking institutions and their

8  agents such as LITTON and MERS that have sought to nationalize and securitize home loan

9  transactions that are fundamentally local in nature, adherence to state law is still required.  And,

10  under Washington law, the note and the deed of trust cannot be separated.  See *RCW 61.24.005*

   *– RCW 61.24.003.*

11  It is the apparent violation of Washingtons statutory scheme concering foreclosure is

12  what gives rise to Plaintiffs CPA claims under *RCW 19.86, et seq.  RCW 61.24.127(2)(f)*

13  contains a clause specifically and unambiguously reserving to the borrower claims under *RCW*

14  *19.86*, even if no action was brought to enjoin the sale process.  This provision bears a relation

15  to this Courts Order of August 31, 2010 in two respects.  First, it demonstrates the Washington

16  State legislature's belief that WCPA claims lie within the provisions of *RCW 61.24* (beyond that

17  already contained in the price fixing provision of *RCW 61.24.135*) and the failure to comply

18  with those provisions.  Second, that regardless of whether an action for damages under *RCW*

19  *61.24* can be sustained prior to the trustee sale (an assertion the Plaintiff would dispute), a civil

20  action to enjoin the sale process, whether temporarily or permanently, is unquestionably

21  contemplated by the statutes.

22  As to the second issue, Plaintiff brought an action to permanently enjoin the sale process

MOTION TO AMEND JUDGMENT - Page 5

RICHARD LLEWELYN JONES, P.S.

ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1   for violations of the foreclosure process and has set forth specific facts concerning that violation.

2   On this basis alone, it was inappropriate to dismiss the action in its entirety as the propriety of

3   the foreclosure process is still in question.

4   As it relates to the Washington State legislature's clear intent and belief that a WCPA

5   claims lie within the provision of *RCW 61.24,* Plaintiff alleges that all Defendants have

6   knowingly and willfully violated provisions concerning the legal definition of beneficiary and

7   that MERS, through its own actions and the actions of the other Defendants named herein, have

8   violated the provision requiring ownership of the note which was effective prior to the

    recordation of the Notice of Trustee Sale. *RCW 61.24.130(7)(a)* Plaintiff would assert that the

9   language of *RCW 61.24.137* indicates Washington State legislative intent to make violations of

10  the statute *per se* WCPA violations, however, even if this Court were not inclined to make such

11  a finding, Plaintiff has asserted sufficient facts to support each element of the same:  (1) That

12  Defendants engaged in an unfair or deceptive act or practice through violations of statutory

13  provisions as noted above; (2) That the act or practice occurred in the conduct of  trade or

14  commerce; (3) That the act or practice affected the public interest; (4) That Plaintiff was injured

15  in either his business or property, and (5) That Defendants acts caused Plaintiffs injury.

16  Plaintiff believes that the statutory violations set forth provide a sufficient basis for a

17  finding on on the first element, as the attempt to dispossess the property of an individual by a

18  party not legally entitled to do so is unfair, and through the use of the recording process

19  deceptive.

20  Under the second element the phrase "trade or commerce" includes the sale of assets or

21  services, and any commerce directly or indirectly affecting the people of the State of

22  Washington.  The word "assets" includes anything of value – including a person's home.  That

MOTION TO AMEND JUDGMENT - Page 6

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1   element is satisfied under the facts of this case.

2          Among the factors under third element are whether the acts or practices were done in the

3   course of Defendants business; whether the acts or practices were part of a pattern or general

4   course of conduct of business; whether Defendants did similar acts or practices prior to the act or

5   practice involving Plaintiff; whether there is a real and substantial potential for repetition of

6   Defendants conduct after the act involving Plaintiff; or if only one transaction is complained of,

7   whether many customers were affected or likely to be affected by it.  The distinction between

8   "consumer transactions" and "private dispute" was created in *Hangman Ridge Training Stables,*

9   *Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 719 P.2d 531 (1986). Although *Hangman Ridge*

10  does not specifically define "consumer transaction," the term tends to involve sellers who are

11  more sophisticated than the buyer due to their large volume of transactions.  Examples of such

12  cases given in *Hangman Ridge were Haner v. Quincy Farm Chems., Inc.,* 97 Wn.2d 753, 649

13  P.2d 828 (1982) (plaintiff farmer purchased defective wheat); *Lidstrand v. Silvercrest Indus.,* 28

14  Wn.App. 359, 623 P.2d 710 (1981) (plaintiff purchased defective mobile home); *Dempsey v. Joe*

15  *Pignataro Chevrolet, Inc.,* 22 Wn.App. 384, 589 P.2d 1265 (1979) (plaintiff purchased new

16  automobile with defective paint job); *Testo v. Russ Dunmire Oldsmobile, Inc.,* 16 Wn.App. 39,

17  554 P.2d 349 (1976) (plaintiff purchased defective used automobile).  But given the number of

18  MERS cases before this Court and others across the country cited herein and in Plaintiff's

19  Responses to Defendants Motions to Dismiss, this element is easily established.

20         The fourth element merely requires the Plaintiff to show he has been injured to any

21  degree and no monetary amount need be proved and proof of any injury is sufficient, even if

22  expenses or losses caused by the violation are minimal. In *Hangman Ridge Training Stables,*

    *Inc. v. Safeco Title Ins.* Co., *supra,* the court discussed the nature of injury to "business or

MOTION TO AMEND JUDGMENT - Page 7

RICHARD LLEWELYN JONES, P.S.

ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

property." See *RCW 19.86.020.* Non-quantifiable injuries such as loss of good will are sufficient to establish the required injury; even minimal damages are sufficient. *Mason v. Mortgage America, Inc.*, 114 Wn.2d 842, 792 P.2d 142 (1990) (injury as result of loss of use of property); *Sorrel v. Eagle Healthcare*, 110 Wn.App. 290, 298, 38 P.3d 1024 (2002) (injury by delay in refund of money).

The fifth element requires the Plaintiff show proximate causation between the acts of the Defendants and his injury. In *Schmidt v. Cornerstone Investments, Inc.*, 115 Wn.2d 148, 167, 795 P.2d 1143 (1990), the court rejected the argument of one defendant, who had ordered an inflated real estate appraisal but had not had contact with the plaintiffs, that a "causal link must exist between plaintiffs [to whom another defendant later showed the appraisal] and himself," stating "[t]his is incorrect. Instead, the causal link must exist between the deceptive act (the inflated appraisal) and injury suffered." The Plaintiff asserts the deceptive acts were present at the outset of the transaction and therefore implicate all named Defendants.

**B.      Defendants have committed Defamation of Title and Malicious Prosecution against Plaintiff.**

The foregoing arguments also establish the basis of Plaintiff's defamation of title claim: if the obligation underlying the subject Deed of Trust has been divorced from the Deed of Trust, the Deed of Trust secures nothing and the foreclosure process is an inappropriate cloud on Plaintiff's title. Therefore the Plaintiff disagrees with this Courts characterization that he has made only "conclusory" statements on this issue.[3] Plaintiff has alleged specific facts concerning the falsity and impropriety of the Defendants actions, which should be viewed in a light most

---

[3]

On that basis, given the nature of "notice pleading", all complaints filed could be dismissed as conclusory under Rule 12(b).

MOTION TO AMEND JUDGMENT - Page 8

RICHARD LLEWELYN JONES, P.S.

ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1    favorable to Plaintiff. *Usher v. City of Los Angeles*, *supra*.

2    Under Washington law, a claim for slander of title requires the proponent to establish, by

3    a preponderance of the evidence, the following elements:

4       1.    the statements concerning the proponents title must be false;
   2.    the statements must be maliciously published;

5       3.    the statements must be spoken with reference to some pending sale or related transaction concerning the proponent's property;

6       4.    the proponent must suffer pecuniary loss or injury as a result of the false statements; and

7       5.    the statements must be such as to defeat the proponent's title.

8    *Lee v. Maggard*, 197 Wash. 380, 85 P.2d 654 (1938); *Brown v. Safeway Stores*, 94

9    Wn.2d 359, 617 P.2d 704 (1980); *Rogvig v. Douglas*, 123 Wn.2d 854, 873 P.2d 492 (1994).

10   The element of falsity is established by the recording of a document known to contain

11   false declarations. *Rogvig v. Douglas, supra*. LITTON and MERS, through their agents acted to

12   dispossess the Plaintiff of his real property and publicly recorded documents to this effect. The

13   element of "malice" is established by false statements as to the existence of a default and others

14   that are not made in good faith or otherwise based on a reasonable belief in the veracity of the

15   statements. *Rogvig v. Douglas, supra*. As previously stated the Defendants have knowingly

16   violated the relevant provisions of *RCW 61.24*, therefore there can be no reasonable belief in the

17   veracity of such statements that are in direct contradiction to the laws of Washington. These

18   statements were made in reference to the scheduled Trustee's sale and further served to diminish

19   the value of Plaintiff's property, his ability to sell the parcel, and were intended to defeat

20   Plaintiff's title to the property. Defendants knew or should have known that at the time it

21   recorded its Notice of Trustee's Sales, the underlying Notice of Defaults, the proper issuance of

22   which is a prerequisite to the issuance of the filing of a Notice of Trustee's Sales, were defective.

MOTION TO AMEND JUDGMENT - Page 9

RICHARD LLEWELYN JONES, P.S.

ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

**C.     *RCW 61.24* and *RCW 7.40* provide for a civil action to enjoin the foreclosure process and Plaintiff brought such action**

As set forth above, Plaintiff asserts that Defendants' violation of various provisions of *RCW 61.24* provide a sufficient basis for his original cause of action seeking to enjoin the sale of his property by Defendants.  Regardless of whether an action may be maintained for damages for wrongful foreclosure prior to a sale (Plaintiff disputes that it may not), it is clearly appropriate to bring an action to enjoin the sale if it is brought on an inadequate or improper basis.  It is on this basis that Plaintiff asserts that he has plead adequate legal ground for the Court to enter an injunction prohibiting the Defendants from continuing their foreclosure process.  First, Plaintiff has alleged that violations of specific provisions of *RCW 61.24* have occurred.  Further, *RCW 7.40.020* provides an additional legal basis for Plaintiffs claim for an injunction, the grounds for issuance under that statute are:

> When it appears by the complaint that the plaintiff is entitled to the relief demanded and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff; or when during the litigation, it appears that the defendant is doing, or threatened, or is about to do, or is procuring, or is suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action tending to render the judgment ineffectual; or where such relief, or any part thereof, consists in restraining proceedings upon any final order or judgment, an injunction may be granted to restrain such act or proceedings until the further order of the court, which may afterwards be dissolved or modified upon motion.

Depriving the Plaintiff of his residence in flagrant violation of the provisions of Washington law provides the Court with a legal basis to restrain further action by any of the Defendants to dispossess the Plaintiff of his property under the process or documents already begun or executed.

The Court declined the grant Plaintiffs temporary restraining order, finding that Plaintiff

MOTION TO AMEND JUDGMENT - Page 10

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1  did not have a sufficient probability of success on the merits.   As set forth above Plaintiff

2  disputes this finding and believes he has set forth sufficient facts and allegations for the Court to

3  reconsider its prior finding and grant Plaintiffs motion.

### D.    The Court has discretion to remand state law claims

*28 U.S.C. § 1367(c)* provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim
> under subsection (a) if (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the
> district court has original jurisdiction, (3) the district court has dismissed all
> claims over which it has original jurisdiction, or (4) in exceptional circumstances,
> there are other compelling reasons for declining jurisdiction.

Plaintiff would dispute any assertion that he or his attorneys of record have engaging in

"gamesmanship" as it related to claims he has made under the FDCPA.  Those claims are not

central to Plaintiff's cause of action and are tangential in nature.  In fact, Plaintiff's FDCPA

claims are dependent upon the interpretation of Washington law for its adequacy, as absent a

finding that the foreclosure process initiated by Defendants was improper under Washington

law, the FDCPA claim could not exist.  It was not the Plaintiff who sought to engage the

jurisdiction of this Court.  Given the clear predominance of the Washington state law claims and

the novel nature of those claims (as previously stated there are no Washington court decisions on

provisions under which Plaintiff makes claims having only become effective in July of 2009)

this Court should vacate its dismissal of Plaintiffs state law claims and exercise its discretion to

remand those causes of action which concern state law to a state court.

### II.    CONCLUSION

On the basis of the foregoing and because there are numerous issues of fact that remain

outstanding that militate against granting Defendant's Motion to Dismiss and therefore this

MOTION TO AMEND JUDGMENT - Page 11

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Court should amend by vacating its Order of August 31, 2010.  These issues of fact include, without limitation: (1) who are the current holders of the Notes? (2) was the Note assigned and under what conditions? (3) who was the holder of the Note when subject foreclosure process was initiated by Defendants? (4) was the individual or entity that authorized the subject foreclosure process the "holder" of the Notes at the time the authorization was given? (5) did Defendants obtain authorization to foreclose from the "holder" of the subject obligation? and (6) did Defendants comply with all statutory provisions of *RCW 61.24*, including *RCW 61.24.130(7)(a),* in conducting the foreclosure?

    **RESPECTFULLY SUBMITTED** this 26th day of September, 2010.

**RICHARD LLEWELYN JONES, P.S.**

Richard Llewelyn Jones, WSBA No. 12904
Attorney for Plaintiff

MOTION TO AMEND JUDGMENT - Page 12

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1

## CERTIFICATE OF SERVICE

2      I hereby declare under penalty of perjury of the laws of the State of Washington that on
this ___27th___ day of September, 2010, I caused to be delivered a copy of the foregoing

3  MOTION TO AMENDE JUDGMENT to the following in the manner indicated:

| | |
|---|---|
| 4    Ann T. Marshall<br>Bishop White Marshall & Weibel PS<br>720 Olive Way Ste 1301<br>5    Seattle, WA  98101-1834 | [ ] By United States Mail<br>[ ] By Legal Messenger/Processor<br>[X] By ECF<br>[ ] By Facsimile |
| 6    Heidi E. Buck<br>Routh Crabtree Olsen, P.S.<br>3535 Factoria Blvd SE Ste 200<br>7    Bellevue, WA  98006-1263 | [ ] By United States Mail<br>[ ] By Legal Messenger/Processor<br>[X] By ECF<br>[ ] By Facsimile |
| 8    Kennard M. Goodman<br>Bishop White Marshall & Weibel PS<br>720 Olive Way Ste 1301<br>9    Seattle, WA  98101-1834 | [ ] By United States Mail<br>[ ] By Legal Messenger/Processor<br>[X] By ECF<br>[ ] By Facsimile |
| 10    Mary Stearns<br>McCarthy & Holthus LLP<br>19735 – 10th Avenue NE, Suite N200<br>11    Poulsbo, WA 98370 | [ ] By United States Mail<br>[ ] By Legal Messenger/Processor<br>[X] By ECF<br>[ ] By Facsimile |

12      Signed this 27th day of September, 2010 at Bellevue, Washington.

13

14      Susan L. Rodriguez
        Paralegal to Richard Llewelyn Jones, P.S.

15

16

17

18

19

20

21

22

MOTION TO AMEND JUDGMENT - Page 13

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Rickie Walker | Case No : | 10−21656 − E − 11 |
| | | Date : | 5/20/10 |
| | | Time : | 10:30 |

Matter :    [52] − Objection to Claim of Citibank, N.A., Claim Number 5 [MLA−3] Filed by Debtor In Possession Rickie Walker (npas)

Judge :    Ronald H. Sargis
Courtroom Deputy :    Janet Larson
Reporter :    Diamond Reporters
Department :    E

APPEARANCES for :
Movant(s) :
    Debtor(s) Attorney − Mitchell L. Abdallah
Respondent(s) :
None

OBJECTION was :
Sustained
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 3007−1(c)(1) Motion − No Opposition Filed.

Proper Notice Provided. The Proof of Service filed on April 6, 2010, states that the Motion and supporting pleadings were served on respondent creditor, other parties in interest, and Office of the United States Trustee.

The court notes that the moving party filed the declaration and exhibits in this matter as one document. This is not the practice in the Bankruptcy Court. "Motions, notices, objections, responses, replies, declarations, affidavits, other documentary evidence, memoranda of points and authorities, other supporting documents, proofs of service, and related pleadings shall be filed as separate documents." Revised Guidelines for the Preparation of Documents, paragraph(3)(a). Counsel is reminded of the court's expectation that documents filed with this court comply with the Revised Guidelines for the Preparation of Documents in Appendix II of the Local Rules and that attorneys practicing in federal court comply with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

NOTICE
FAILURE TO COMPLY WITH THE GUIDELINES AND
FILING PLEADINGS WHICH DO NOT COMPLY WITH THE
FEDERAL RULES OF CIVIL PROCEDURE SHALL RESULT
IN THE MOTION BEING SUMMARILY DISMISSED WITHOUT PREJUDICE.

This Objection to a Proof of Claim has been set for hearing on the notice required by Local Bankruptcy Rule 3007−1(c)(1). The failure of the Trustee and the respondent creditor to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 3007−1(c)(1)(I) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The court's decision is to sustain the Objection to the Proof of Claim and disallow the claim in its entirety with leave for the owner of the promissory note to file a claim by June 18, 2010. Oral argument may be

presented by the parties at the scheduled hearing, where the parties shall address the issues identified in this tentative ruling and such other issues as are necessary and appropriate to the court's resolution of the matter. If the court's tentative ruling becomes its final ruling, the court will make the following findings of fact and conclusions of law:

The Proof of Claim at issue, listed as claim number 5 on the court's official claims registry, asserts a $1,320,650.52 secured claim. The Debtor objects to the Claim on the basis that the claimant, Citibank, N.A., did not provided any evidence that Citibank has the authority to bring the claim, as required by Federal Rule of Bankruptcy Procedure 3001(c), rendering the claim facially defective.

The court's review of the claim shows that the Deed of Trust purports to have been assigned to Citibank, N.A. by Mortgage Electronic Registration Systems, Inc. as nominee for Bayrock Mortgage Corporation on March 5, 2010. (Proof of Claim No. 5 p.36–37, Mar. 19, 2010.) Debtor contends that this does not establish that Citibank is the owner of the underling promissory note since the assignor, Mortgage Electronic Registration Systems, Inc. ("MERS"), had no interest in the note to transfer. Debtors loan was originated by Bayrock Mortgage Corporation and no evidence of the current owner of the promissory note is attached to the proof of claim. It is well established law in the Ninth Circuit that the assignment of a trust deed does not assign the underlying promissory note and right to be paid, and that the security interest is incident of the debt. 4 Witkin Summary of California Law, Secured Transactions in Real Property §105 (10th ed).

MERS AND CITIBANK ARE NOT THE REAL PARTIES IN INTEREST

Under California law, to perfect the transfer of mortgage paper as collateral the owner should physically deliver the note to the transferee. Bear v. Golden Plan of California, Inc., 829 F.2d 705, 709 (9th Cir. 1986). Without physical transfer, the sale of the note could be invalid as a fraudulent conveyance, Cal. Civ. Code §3440, or as unperfected, Cal. Com. Code §§9313–9314. See Roger Bernhardt, California Mortgages and Deeds of Trusts, and Foreclosure Litigation §1.26 (4th ed. 2009). The note here specifically identified the party to whom it was payable, Bayrock Mortgage Corporation, and the note therefore cannot be transferred unless the note is endorsed. See Cal. Com. Code §§3109, 3201, 3203, 3204. The attachments to the claim do not establish that Bayrock Mortgage Corporation endorsed and sold the note to any other party.

TRANSFER OF AN INTEREST IN THE DEED OF TRUST ALONE IS VOID

MERS acted only as a "nominee" for Bayrock Mortgage under the Deed of Trust. Since no evidence has been offered that the promissory note has been transferred, MERS could only transfer what ever interest it had in the Deed of Trust. However, the promissory note and the Deed of Trust are inseparable. "The note and the mortgage are inseparable; the former as essential, the later as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Carpenter v. Longan, 83 U.S. 271, 274 (1872); accord Henley v. Hotaling, 41 Cal. 22, 28 (1871); Seidell v. Tuxedo Land Co., 216 Cal. 165, 170 (1932); Cal. Civ. Code §2936. Therefore, if on party receives the note an another receives the deed of trust, the holder of the note prevails regardless of the order in which the interests were transferred. Adler v. Sargent, 109 Cal. 42, 49–50 (1895).

Further, several courts have acknowledged that MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose upon the property secured by the deed. See In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007); In re Vargas, 396 B.R. 511, 520 (Bankr. C.D. Cal. 2008); Landmark Nat'l Bank v. Kesler, 216 P.3d 158 (Kan. 2009); LaSalle Bank v. Lamy, 824 N.Y.S.2d 769 (N.Y. Sup. Ct. 2006). Since no evidence of MERS' ownership of the underlying note has been offered, and other courts have concluded that MERS does not own the underlying notes, this court is convinced that MERS had no interest it could transfer to Citibank.

Since MERS did not own the underling note, it could not transfer the beneficial interest of the Deed of Trust to another. Any attempt to transfer the beneficial interest of a trust deed with out ownership of the underlying note is void under California law. Therefore Citibank has not established that it is entitled to assert a claim in this case.

MULTIPLE CLAIMS TO THE BENEFICIAL INTEREST IN THE DEED OF TRUST AND OWNERSHIP OF PROMISSORY NOTE SECURED THEREBY

Debtor also points out that four separate entities have claimed beneficial ownership of the deed of trust. (Obj. to Claim 3–5, Apr. 6, 2010.) The true owner of the underling promissory note needs to step forward to settle the cloud that has been created surrounding the relevant parties rights and interests under the trust deed.

DECISION

11 U.S.C. §502(a) provides that a claim supported by a Proof of Claim is allowed unless a party in interest objects. Once an objection has been filed, the court may determine the amount of the claim after a noticed hearing. 11 U.S.C. §502(b). Since the claimant, Citibank, has not established that it is the owner of the promissory note secured by the trust deed, Citibank is unable to assert a claim for payment in this case. The objection is sustained and Claim Number 5 on the court's official register is disallowed in its entirety, with leave for the owner of the promissory note to file a claim in this case by June 18, 2010.

The court disallowing the proof of claim does not alter or modify the trust deed or the fact that someone has an interest in the property which can be subject thereto. The order disallowing the proof of claim shall expressly so provide.

The court shall issue a minute order consistent with this ruling.