THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN SELKOWITZ, and individual,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; DOE DEFENDANTS 1-20,<br><br>　　Defendants. | Case No. C10-5523-JCC<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. Since issuing its previous order (Dkt. No. 22) the Court has had some of the relevant issues presented in a different light. (*E.g., Bain v. Metropolitan Mortgage Group, Inc., et al.*, C09-0149 (September 20, 2010 Order, Dkt. No.

ORDER, C09-0149
PAGE - 1

130).) The Court has determined that under certain circumstances, a withdrawal of the Court's previous order (Dkt. No. 22) may become appropriate.

The Court is now convinced that the issue of whether MERS was an authorized "beneficiary" under Washington's Deed of Trust Act requires further inquiry. The Western District of Washington has not squarely addressed this issue. *See Moon v. GMAC Mortgage Corp.*, No. C08-0969-TSZ, 2008 WL 4741492, at *3 (W.D. Wash. Oct. 24, 2008) ("Simply because MERS registers documents in a database does not prove that MERS cannot be the legal holder of an instrument.") The Bankruptcy Court for the Western District of Washington has expressed doubt as to whether MERS can act as a beneficiary. *In re Jacobson*, 402 B.R. 359, 367 & n.2 (W.D. Wash. Bankr. Mar. 6, 2009) ("In Washington, only the holder of the obligation secured by the deed of trust is entitled to foreclose[,] which renders problematic the identification of MERS 'solely as nominee' as the beneficiary of Jacobsons' deed of trust. Having an assignment of the deed of trust is not sufficient because the security follows the obligation secured, rather than the other way around. This principle is neither new nor unique to Washington . . . ."). Other courts are split on this issue. The Bankruptcy Court for the Eastern District of California recently concluded, using the same analysis suggested by Plaintiff, that MERS cannot be the beneficiary. *In re Walker*, No. 10-21656, at *2 (E.D. Cal. Bankr. May 20, 2010) ("Since MERS did not own the underlying note, it could not transfer the beneficial interest of the Deed of Trust to another. Any attempt to transfer the beneficial interest of a trust deed without ownership of the underlying note is void under California law.").

Accordingly, the Court STAYS all proceedings in this case. All parties are ORDERED to show cause why the Court should not submit this issue to the Washington Supreme Court as a request for certification pursuant to WASH. REV. CODE § 2.60.030. The parties shall respond to this order simultaneously no later than October 27, 2010, in briefs no longer than ten pages.

In their responses, the parties shall address the following issues:

ORDER, C09-0149
PAGE - 2

1. Whether Washington has addressed Mortgage Electronic Registration Systems'—and similar organizations'—ability to serve as the beneficiary and nominee of the lender under Washington's Deed of Trust Act when it does not hold the promissory note secured by a deed of trust. *See* 61.24.005(2) (defining "beneficiary").
2. Whether Washington has addressed the legal effect in a nonjudicial foreclosure of an unauthorized beneficiary's appointment of a successor trustee.

The Court RESETS the noting date for Defendant Quality Loan Service Corporation's motion to dismiss (Dkt. No. 24), and Plaintiff's motion to amend judgment (Dkt. No. 25) to October 27, 2010.

Dated this 6th day of October, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER, C09-0149
PAGE - 3