HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| KEVIN SELKOWITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-20,<br><br>Defendants. | NO. 3:10-cv-05523-JCC<br><br>DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND STATEMENT ON COURT'S ORDER TO SHOW CAUSE<br><br>NOTE ON MOTION CALENDAR: October 27, 2010 |

By order entered October 6, 2010, the Court stayed all proceedings in the above-captioned lawsuit; ordered all parties to show cause by October 27, 2010, why the Court should not certify two issues to the Washington Supreme Court pursuant to RCW 2.60.030; and continued Plaintiff Kevin Selkowitz's Motion to Amend Judgment and Defendant Quality Loan Service Corporation of Washington's Motion to Dismiss

FIRST AMERICAN'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND STATEMENT ON COURT'S ORDER TO SHOW CAUSE - 1

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1   Complaint to October 27, 2010.  Defendant First American Title Insurance Company
2   ("First American") contends that the Motion to Amend Judgment has no merit as to the
3   dismissal of Plaintiff's claims for relief against First American.  If the Court sustains First
4   American's motion to dismiss, then First American has no direct interest in the questions
5   to be certified because the first has no connection to First American's role in the under-
6   lying transactions and any resolution of the second will not give rise to a present case or
7   controversy as between First American and Plaintiff.

## I.    FACTUAL BACKGROUND

Plaintiff commenced this lawsuit in King County Superior Court to prevent a non-judicial foreclosure of his home.  First American was the trustee originally named on the deed of trust Plaintiff executed as security for his loan, but another trustee was substituted for First American before any foreclosure proceedings were commenced, a fact pleaded in Plaintiff's Complaint.

The lawsuit was removed to the United States District Court.  First American moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6).  Defendants Litton Loan Servicing, LP, and Mortgage Electronic Registry Services ("MERS") also moved to dismiss the Complaint.  Plaintiff submitted a 20-page response that contained precisely three references to First American:  once, to identify it as the original trustee; and two times, to observe that First American does not dispute that the original lender, New Century Mortgage Corporation ("New Century"), may still hold Plaintiff's promissory note.  *See* Plaintiff's Response to Defendant First American Title Insurance Company's Motion to Dismiss, filed August 26, 2010, Docket No. 16 ("Plaintiff's Response"), pp. 2, 4, 6.

FIRST AMERICAN'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND STATEMENT ON COURT'S ORDER TO SHOW CAUSE - 2

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

Before First American could file a reply, the Court entered an order on August 31, 2010, granting the motion and dismissing the Complaint. Docket No. 22.

Plaintiff filed the pending Motion to Amend Judgment on September 27, 2010. Docket No. 25. Pursuant to the Court's Order to Show Cause, the motion is now noted for October 27, 2010, to be submitted at the same time as the parties' briefing on certification. Docket No. 26.

## II.   ARGUMENT

**A. MOTION TO AMEND JUDGMENT**

Plaintiff moves to amend the Court's August 31 order pursuant to Fed.R.Civ.P. 59. Granting a motion to amend the judgment is a matter for the Court's discretion. *See Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1441 (9th Cir.1991).

As with his response to First American's motion to dismiss, Plaintiff's current motion fails to present any substantial basis for the claims he alleges against First American in his Complaint.[1] Beyond identifying First American as one of the parties whose motion to dismiss was granted, Plaintiff mentions First American only two other times in his Motion to Amend Judgment:

- "Neither LITTON, FIRST AMERICAN nor MERS meet the statutory definition of a 'beneficiary' and the Deed of Trust at issue in this case clearly states that MERS is only acting as 'nominee' and not the 'holder.'"

- "So, by what authority has LITTON, FIRST AMERICAN and MERS taken action to foreclose the subject Note and Deed of Trust?

---

[1] To the extent that Plaintiff's Motion to Amend Judgment is merely a motion for reconsideration, First American notes that Plaintiff does not present any facts or law that were not available when the motion to dismiss was originally submitted to the Court.

FIRST AMERICAN'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND STATEMENT ON COURT'S ORDER TO SHOW CAUSE - 3

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

> There is nothing before the Court and Defendants have offered the Court nothing on this issue."

Motion to Amend Judgment, 2, 3 (capitalization in original).

Of course, Plaintiff at no time previously has suggested that First American is, or claims to be, a "beneficiary." The Complaint unequivocally states that First American was the original "trustee" on the deed of trust and was replaced by another trustee before the foreclosure proceedings commenced. *See* Complaint, ¶¶ 3.1, 3.3, and Exhibits A and B. Lumping First American with other defendants appears to be Plaintiff's misguided effort to divert the Court's attention from the undisputed allegations in his Complaint.

Similarly, First American has never taken any action to foreclose the Note or Deed of Trust — again, Plaintiff makes no such allegation in his Complaint. Obviously, because First American has not participated in any part of the foreclosure against Plaintiff's property and Plaintiff has not alleged otherwise, First American has had no reason to offer this Court any authority on why First American is empowered to take "action to foreclose the subject Note and Deed of Trust."

Reading the Motion to Amend Judgment repeatedly reinforces the conclusion that Plaintiff's attack is leveled against the foreclosure process. He consistently refers to, and relies upon, RCW Chapter 61.24, which chiefly deals with the foreclosure of deeds of trust. *At no point in his Complaint, in his response to First American's motion to dismiss, and now in his Motion to Amend Judgment, does Plaintiff ever identify a single action taken by First American as part of the foreclosure process.* First American is unquestionably a stranger to the transactions underlying Plaintiff's lawsuit; it should take more than gratuitously adding First American's name to lists of other defendants for Plaintiff to sustain the validity of his claims against the title company.

FIRST AMERICAN'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND STATEMENT ON COURT'S ORDER TO SHOW CAUSE - 4

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

Plaintiff's Motion to Amend Judgment should be denied as against First American. Plaintiff's motion is devoid of any meritorious substantive argument with respect to First American; accordingly, First American respectfully requests the Court for an award of attorney fees pursuant to Fed.R.Civ.P. 11 for the time spent responding to Plaintiff's motion.

**B.    CERTIFICATION OF ISSUE TO WASHINGTON SUPREME COURT**

If the Court denies Plaintiff's Motion to Amend Judgment and sustains the dismissal of the Complaint as to First American, then First American takes no position with respect to the issue of certification to the Washington Supreme Court. Should the Court vacate its order dismissing the Complaint, then First American submits that certification would not be appropriate with respect to any issues raised by Plaintiff as against the title company.

This Court's October 6 Order directs the parties to show cause why the Court should not submit the following issues to the Washington Supreme Court pursuant to RCW 2.60.030:

> 1. Whether Washington has addressed Mortgage Electronic Registration Systems' — and similar organizations' — ability to serve as the beneficiary and nominee of the lender under Washington's Deed of Trust Act when it does not hold the promissory note secured by a deed of trust. *See* 61.24.005(2) (defining "beneficiary").
>
> 2. Whether Washington has addressed the legal effect in a nonjudicial foreclosure of an unauthorized beneficiary's appointment of a successor trustee.

Order to Show Cause (Docket No. 26), 2-3.

The first question concerns MERS, lenders, holders in due course, and the foreclosure process. In this case, the Complaint makes clear that First American has not played any role in the assignment of the Plaintiff's promissory note or deed of trust or in the foreclosure itself. The parties directly interested in the answer to the issues implicated

FIRST AMERICAN'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND STATEMENT ON COURT'S ORDER TO SHOW CAUSE - 5

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

by the Court's first question are MERS, New Century, and the assignees. Accordingly, as it does not affect First American's interests, First American takes no position with respect to certification of this question.

Although the Court's second question facially may implicate First American, careful analysis yields the conclusion that its resolution cannot result in any present case or controversy as between Plaintiff and First American.[2] In a nonjudicial foreclosure, the beneficiary notifies the trustee of a default and requests the trustee to commence the foreclosure. If the trustee was not properly appointed — for example, because the beneficiary was unauthorized — the most drastic consequences would be to invalidate the foreclosure sale; re-vest title to the property in the debtor (if the trustee sale has been completed); perhaps void an assignment of the deed of trust; and require the last-authorized beneficiary to start the foreclosure process over again. This *might* result in reinstatement of the original trustee under the deed of trust,[3] but the original trustee still would have had no role in the invalidated foreclosure and, hence, no liability to the debtor.[4] Foreclosure would have to be started again from scratch, with at least a new notice of trustee's sale and the running of the statutory period between notice and sale. If the new foreclosure were somehow defective, then the debtor could challenge it in a new court proceeding; at that point the original trustee — if, in fact, it is the original trustee who is conducting the

---

[2] In response to the literal question posed by the Court's Order to Show Cause, First American's research has not yielded any Washington cases discussing the legal effect in a nonjudicial foreclosure of an unauthorized beneficiary's appointment of a successor trustee.

[3] Plaintiff has cited nothing to support that this is a foregone conclusion. Indeed, nothing would prevent any authorized beneficiary from unilaterally substituting a new trustee before commencing a new foreclosure, even if the original trustee were automatically reinstated.

[4] A defendant with no duty to act and who does not act has no liability to a plaintiff. *See, e.g., McCormick v. Milner Hotels, Inc.,* 53 Wn.2d 207, 339 P.2d 239 (1958); *Pruitt v. Savage,* 128 Wn.App. 327, 115 P.3d 1000 (2005).

FIRST AMERICAN'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND
JUDGMENT AND STATEMENT ON
COURT'S ORDER TO SHOW CAUSE
- 6

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

1   renewed foreclosure sale — would be a proper party. But, it bears emphasizing that the
2   claim against the original trustee would arise out of the renewed foreclosure, independently
3   of and without relation to the initial foreclosure that was invalidated by the Court.

4   In short, as the original trustee who has been substituted out, First American has no
5   responsibility for the current foreclosure and no interest in the answer to the question of the
6   legal effect of an unauthorized beneficiary's appointment of a successor trustee in this
7   case. Plaintiff does not, and cannot, show that he has any existing claim for relief as
8   against First American based on the foreclosure itself or the purportedly improper
9   substitution of trustee that was effected unilaterally by a third party. *If*

10   the appointment of First American's successor trustee is invalid because the
11   appointing party was an unauthorized beneficiary,
12  *and if*
13   First American is thereby automatically reinstated as trustee,
14  *and if*
15   the last authorized beneficiary does not name a substitute trustee for First
16   American,
17  *and if*
18   a new foreclosure commenced by First American is defective in some manner,
19  *then and only then*
20   will Plaintiff have a potentially legitimate ground to start a lawsuit with First
21   American properly named as a defendant.
22  Only the first, and possibly the second, "ifs" would be answered by the question proposed
23  for certification, and even if both are answered affirmatively, the situation would still not
24  give rise to a present case or controversy between Plaintiff and First American. Thus, the
25

FIRST AMERICAN'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND
JUDGMENT AND STATEMENT ON
COURT'S ORDER TO SHOW CAUSE
- 7

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1 second question to be certified will not affect any interest of First American presented by

2 this lawsuit.

3       This raises an issue whether the second question can appropriately be certified to

4 the Supreme Court. "Certificate procedure shall include and be based upon the record …

5 ." RCW 2.60.030(2). "Record" means:

> A stipulation of facts approved by the federal court showing the nature of the case and the circumstances out of which the question of law arises or such part of the pleadings, proceedings and testimony in the cause pending before the federal court as in its opinion is necessary to enable the supreme court to answer the question submitted.

RCW 2.60.010(4)(a). By referring to "stipulation of facts" and "testimony," the statute apparently contemplates submission of questions pertaining to an existing situation, not to hypothetical factual contexts which would result in advisory opinions. Here, the parties have not entered into any stipulation of facts. Under First American's analysis, there can be no claim against it unless and until *future* acts or omissions occur — and there is no certainty that those will; consequently, there are no "pleadings, proceedings, or testimony" to lay a factual foundation for a question to be certified that has any direct effect upon First American in this lawsuit.

### III.   CONCLUSION

For the foregoing reasons, defendant First American Title Insurance Company respectfully requests this Court to deny Plaintiff's Motion to Amend Judgment as to First American; to award attorney fees to First American pursuant to Fed.R.Civ.P. 11 for time spent responding to Plaintiff's Motion to Amend Judgment; and, to the extent the Court does not dismiss the Complaint as to First American and determines certification to the

FIRST AMERICAN'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND STATEMENT ON COURT'S ORDER TO SHOW CAUSE - 8

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

Washington State Supreme Court is appropriate, to affirmatively state the certification does not extend to any questions of law as between Plaintiff and First American.

Dated this 22nd day of October, 2010.

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.


By:  /s/ Kennard M. Goodman
    Ann T. Marshall, WSBA No. 23533
    Kennard M. Goodman, WSBA No. 22823

Attorneys for Defendant
First American Title Insurance Company

FIRST AMERICAN'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND
JUDGMENT AND STATEMENT ON
COURT'S ORDER TO SHOW CAUSE
- 9

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1301
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354