The Honorable John C. Coughenour

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

KEVIN SELKOWITZ, and individual,

  Plaintiff,

v.

LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; DOE DEFENDANTS 1-20,

  Defendants.

No. 3:10-cv-05523-JCC

**DEFENDANT QUALITY LOAN SERVICE CORPORATION OF WASHINGTON'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

### I. I. INTRODUCTION

COMES NOW Defendant Quality Loan Service Corporation of Washington ("QUALITY") responding to this Court's Order to Show Cause entered on October 6, 2010.

/ / / /

/ / / /

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 1 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

II. **ISSUE ONE:** *Whether Washington has addressed Mortgage Electronic Registration Systems'— and similar organizations'—ability to serve as the beneficiary and nominee of the lender under Washington's Deed of Trust Act when it does not hold the promissory note secured by a deed of trust.*

    A. <u>**Washington Courts have held that MERS' may act as the beneficiary and nominee to the lender.**</u>

Washington Courts, while not specifically reviewing the role of MERS under RCW 61.24.0005(2), have reviewed countless cases in which MERS has acted as a beneficiary and nominee to the lender under a Deed of Trust Secured by real property. None of those cases found MERS' role in the origination and/or non-judicial foreclosure upon said deeds of trust impermissible under Washington law. Notably, multiple recent Washington decisions have found the opposite; that MERS may in fact act as the beneficiary and nominee to a lender. *See Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 U.S. Dist. LEXIS 50223, at *18 (W.D. Wash. May 20, 2010); *Vawter v. Quality Loan Service Corp.*, 707 F.Supp. 2d 1115 (U.S. Dist. Ct. W.D. Wash. 2010); *Moon v. GMAC Mortgage Corp.*, Moon v. GMAC Mortgage Corp., No. C08-969Z, 2008 U.S. Dist. LEXIS 90912, at *5 (W.D. Wash. Oct. 24, 2008).

In *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 U.S. Dist. LEXIS 50223 (W.D. Wash. May 20, 2010), the plaintiff challenged a non-judicial foreclosure based on MERS' status as beneficiary where MERS was not the holder of the promissory note. *Id.* at *18. Rather, the note was held by Wells Fargo & Deutche National Trust Company, and Morgan Stanley ABS Capital I Inc,. *Id.* at *16 Fn 2. However, like the Deed of Trust at issue in the instant case, the deed of trust in *Daddabbo* also named MERS as the beneficiary and nominee to the lender. *Id.* at *18. Upon review of the plaintiff's claims in light of the Defendants' Motion to Dismiss, the *Daddabbo* Court held that:

> Plaintiffs' sole basis for blocking the foreclosure (other than the bases rejected above) is their contention that MERS has no beneficial interest in the note that the deed of trust secures, and that Recontrust therefore has no power as MERS's designee to initiate a foreclosure action. This assertion is baffling. The deed of trust, of which the court takes judicial notice, explicitly names MERS as a

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 2 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

> beneficiary. The deed of trust grants MERS not only legal title to the interests created in the trust, but the authorization of the lender and any of its successors to take any action to protect those interest, including the "right to foreclose and sell the Property." Plaintiffs attempt to counter this unambiguous grant of power by introducing a prospectus for the trust that holds the deed of trust. Plaintiffs do not explain how the court can properly consider this document on a motion to dismiss. The court considers it nonetheless, because nothing in it remotely supports Plaintiffs' assertion that MERS somehow has been stripped of the power that the deed of trust grants. Plaintiffs have raised no valid basis to stop any foreclosure sale." *Id.* (internal citations omitted).

The Court considered the documents identifying the trust company as the holder of the note, and held that it does not "remotely support[] Plaintiffs' assertion that MERS somehow has been stripped of the power that the deed of trust grants." *Id.* The Court then concluded by ruling that the plaintiffs had raised no valid basis to stop the impending non-judicial foreclosure of their property. *Id.*

Similarly, in *Vawter v. Quality Loan Servicing Corp. of Washington*, 707 F.Supp.2d 1115 (W.D. Wash. 2010), the plaintiff also challenged MERS's role as beneficiary and nominee to the lender under the deed of trust where MERS was not the holder of the note. *See Id.* In *Vawter*, the original lender was Paul Financial, and the original beneficiary "acting solely as nominee for Lender and Lender's successors and assigns" was MERS. *Id.* at 1118. MERS later assigned its interest in the deed of trust to Chase. *Id.* at 1119. The plaintiff argued "MERS cannot be a beneficiary and therefore MERS' appointment of a new trustee was invalid." *Id.* Upon review of the plaintiff's claims in light of the Defendants' Motion for Judgment on the Pleadings, the *Vawter* Court held that the factual allegations of the complaint, even accepted as true, did not give rise to a genuine issue of material fact as to whether MERS properly held a beneficial interest under the Deed of Trust." *Id.* at 1126. The Court also stated that "the deed of trust act allows a beneficiary, such as MERS, to appoint a successor trustee, which MERS did in this case." *Id.*

In both *Vawter and Daddabbo*, MERS was not the holder of the note at the time that MERS was designated as the beneficiary, and in both cases the Court held that it did not affect

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 3 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

any actions taken by MERS as the beneficiary of the deed of trust, as nominee for lender and lender's successors and assigns.[1] Therefore, Washington has addressed whether MERS can serve as the beneficiary and nominee for the lender, under Washington's Deed of Trust Act when it does not hold the promissory note secured by the deed of trust, and held in the affirmative that it can. Under Washington law, the borrower and lender are free to contract for the lender to act through MERS, solely as lender's nominee, for purposes of carrying out actions required of the beneficiary.

The *Vawter and Daddabbo* cases are supported entirely by Washington law. The Court's rulings rightly respect the parties' freedom to contract for MERS to serve as the beneficiary, as nominee for the lender. MERS is designated in the contract—that is the deed of trust—by the Plaintiff (the borrower and grantor) and by the lender, to serve as the beneficiary of the deed of trust, as nominee for lender and lender's successors and assigns. *See* Exhibit A to, Defendants' Motion to Dismiss. Deeds of trust, like mortgages, are contracts used to secure the performance of an obligation or the payment of a debt. *In re McGrath's Estate*, 71 P.2d 395, 40 (Wash. 1937) ("the trust deeds are contracts"); *Spark Networks, PLC v. Knedlik*, 155 Wash. App. 1024 (Wash. App. 2010) (applying the six year statute of limitations on contracts to deeds of trust); *see also*, *Kenly v. Miracle Props*, 412 F. Supp. 1072, 1075 (D. Ariz. 1976) (a deed of trust is a "private

---

[1] The Court's rulings in *Vawter and Daddabbo* are tantamount to the holdings of numerous other courts in various jurisdictions, in particular other states in the Ninth District, that have specifically held that MERS may, as beneficiary and nominee for the lender or lender's successors and assigns, hold legal title to the deed of trust as the beneficiary and has standing to assign the beneficial interest under the deed of trust, substitute or appoint a successor trustee, and even to initiate and pursue non-judicial foreclose to enforce the security interest created by the note and deed of trust. *See, e.g., Benham v. Aurora Loan Services*, (N.D. Cal. Feb 9, 2010) No. C-09-2059 SD, 2010 WL 532685 (As beneficiary under the Deed of Trust, MERS was free to make a substitution of the trustee in order to conduct the foreclosure sale.); *Castaneda v. Saxon Mortg. Servs., Inc.* (E.D. Cal. 2009) 687 F. Supp. 2d 1191, 1198 (MERS is duly authorized to conduct a non-judicial foreclosure, or to substitute a trustee to do the same.); *Elias v. HomeEq Servicing*, 2009 WL 481270, 1 (D. Nev. 2009) (deeds of trust confirmed the standing of the loan servicer, the loan owner, and MERS as the nominee beneficiary to seek foreclosure); *Blau v. America's Servicing Co.*, 2009 WL 3174823, 7-8 (D. Ariz. 2009) (MERS was authorized to act on behalf of, and exercise the rights of, the loan originator); *Cervantes v. Countrywide Home Loans Inc.*, 2009 WL 3157160, 11 (D. Ariz. 2009) (rejecting claim that MERS could not act as beneficiary under a deed of trust); *Foster v. BAC Home Loan Servicing, LP.*, 2010 U.S. Dist. LEXIS 100038 at *8 (D. Utah Sept. 22, 2010); *MERSCORP, Inc. v. Romaine*, 8 N.Y.3d 90, 101, 828 N.Y.S.2d 266, 271, 861 N.Ed.2d 81 (2006).

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 4 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

contractual relationship" between "the trustor and the beneficiary, with the trustee acting as agent for both and acting pursuant to the terms of the instrument and their instructions").

Absent an unlawful purpose, parties are free to contract as they wish. *Torgerson v. One Lincoln Tower, LLC* 166 Wash.2d 510, 517, 210 P.3d 318, 322 (Wash. 2009) ("It is black letter law of contracts that the parties to a contract shall be bound by its terms."); *Patton v. City of Bellingham*, 38 P.2d 364 (Wash. 1934) (Parties "are free to make any contract they choose for a lawful purpose"). And Washington law specifically provides that "parties may insert in such mortgage any lawful agreement or condition." Wash. Rev. Code § 61.12.020. Deeds of trust are, of course, mortgages. Wash. Rev. Code § 61.24.020 ("The county auditor shall record the deed as a mortgage"); *Kendrick v. Davis*, 75 Wash.2d 456, 460, 452 P.2d 222, 225 (Wash. 1969) ("if the intent is to use the property as security, it will be a mortgage"); 18 WAPRAC § 20.2 ("a deed that is given as security for an obligation is a mortgage"). MERS agreed to be designated, and was designated, by both Plaintiff and the lender to act on behalf of the lender in the express capacity outlined in the deed of trust contract. Because there is nothing unlawful about a contract that designates a nominee to act for one of the contracting parties for a limited and specified purpose, the *Vawter* and *Daddabbo* Courts correctly held that MERS can serve as beneficiary of the deed of trust, solely as nominee for lender and lender's successors and assigns.

Not only is there nothing unlawful about the contract, but Washington's Deed of Trust Act expressly contemplates that the actions of the trustee or beneficiary will be performed by authorized agents. The most critical section of the Act, the section that outlines the detailed requirements for issuing the notice of default to the borrower prior to initiating a trustee sale, expressly contemplates that these duties can be performed by a "trustee, beneficiary, or authorized agent." Wash. Rev. Code § 61.24.031. These same duties of the beneficiary and trustee are referenced or described in other sections of the act without reference to agents, thereby dispelling any notion that the Act intended to specify or limit when an actor can act through an agent and when it cannot. *e.g.* § 61.24.030(8); 61.24.040(1)(f). Acting through an

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 5 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

agent is a commonplace and uncontroversial practice in the conduct of any business. It is the trustee's statutory duty to ensure that a sale is being initiated on behalf of the holder of the note, § 61.24.030, and the trustee and beneficiary's duty to ensure that the borrower receives proper notice. § 61.24.030; 61.24.031; 61.24.040. Whether the duties are fulfilled directly by the principal or through an authorized agent is immaterial. Therefore, the parties' agreement to designate MERS as beneficiary, solely as nominee for the lender, is fully supported by Washington law, as demonstrated by the decisions in *Vawter* and *Daddaabbo*, and does not need to be certified as a question to the Washington Supreme Court.

### B. MERS' agency relationship with lenders.

MERS is an agent of the lender, its successors and assigns based on the terms of the deed of trust. An agency relationship exists when a principal manifests assent to have an agent act on its behalf, subject to the principal's control and consent of the agent. Restatement (Third) of Agency § 1.01 (2006). An agent may act on behalf of both a disclosed principal (the original lender) and a later unidentified principal (lender's successor and assign). *Id.* at § 1.04. The recorded deed of trust agreement, as executed by the borrower, expressly spells out the principal-agency relationship between MERS and the lender. *Id.* at § 2.02 ("An agent has actual authority to take action designated or implied in the principal's manifestations to the agent and acts necessary or incidental to achieving the principal's objectives . . ."). As such, any action taken by MERS is necessarily actions taken by the lender, its successors and assigns. *See* Deed of Trust, Exhibit A to Defendants' Motion to Dismiss. ("Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests . . . *and to take any action required of Lender* . . ."). The terms of the deed of trust clearly define the powers of MERS under the agency relationship to act in place of the lender, its successors and assigns, which logically include the power to substitute a trustee. Therefore, as beneficiary, MERS is the

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 6 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

agent of the lender, its successors and assigns, with respect to the deed of trust, and is generally understood as a person designated to act in place of another.

The agreement between MERS and its members further defines the agency relationship agreed to in the deed of trust. The Terms and Conditions that govern the relationship state that "MERS shall at all times comply with the instructions of the holder of mortgage loan promissory notes." *See* MERSCORP, Inc., Terms and Conditions, Paragraph 3, attached as Exhibit A. Whether initiated by the holder of the promissory note or by MERS, as nominee for the lender/note holder, the sale is initiated on behalf of and for the benefit of the holder of the note for whom the property is held in trust, a requirement that the trustee has an independent duty to affirm. § 61.24.030. In the end, the intent of the contracting parties and of the Act is met. If the borrower/grantor fails to make payments, the lender or current note holder is entitled to have the property sold to satisfy the delinquent debt.

### III. ISSUE TWO: Whether Washington has addressed the legal effect in a nonjudicial foreclosure of an unauthorized beneficiary's appointment of a successor trustee.

The Court in *Vawter* addressed this same issue where the beneficiary, Chase, conceded that Chase appointed the successor trustee before Chase was assigned the deed of trust. *Vawter*, 707 F. Supp.2d at 1126-27. The Court entered summary judgment for Chase and MERS as related to the appointment of the successor trustee, holding that the Plaintiff did not show how the error caused them prejudice or harm or "how this error would affect any future nonjudicial foreclosure proceedings." *Id.* at 1127.

In *Taylor v. Premier Mortg. Serv. of Washington, Inc.*, 2004 WL 1658626 at * 2-3 (Wash. App. 2004), the Court addressed an issue where "the trustee did not record the notice of appointment of successor trustee until after service of the notices of default, foreclosure and sale," such that the trustee was acting without being properly appointed. The Court upheld judgment against the plaintiff because the trustee remedied the error when it reissued notices for a rescheduled sale. *Id.*

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 7 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Accordingly, because Plaintiff in the present case, as in *Vawter*, has not pled any harm arising from the appointment of a successor trustee, and the present holder of the promissory note has affirmed the appointment of the trustee, even if the original appointment were in error there is no harm and thus no remedy for Plaintiff. And in accordance with *Taylor*, if the Court determines that MERS was not authorized to appoint a successor trustee on behalf of the lender, at the very most the current holder of the promissory note would be required to affirm the appointment and the trustee would be required to reissue notices for the foreclosure sale. [2]

### IV. The cases cited by the Court in its Order to Show Cause support a finding that MERS may act as an agent for the lender/ note holder.

The Court cites to two cases in its Order to show cause in this matter: *In re Jacobson*, 402 B.R. 359 (W.D. Wash. 2009), and *In re Walker*, No. 10-21656, at *2 (E.D. Cal. Bankr. May 20, 2010). *In re Jacobson* addresses whether a servicing agent, UBS AG, provided sufficient evidence to establish standing to seek relief from a bankruptcy stay. *In re Jacobsen*, 402 B.R. at 359. The servicing agent was not the holder of the note. The Court held that for purposes of Rule 17, "setting forth that the holder may act through agents. . . is appropriate." *Id.* at 366. And the Court held that"[t]o have standing, [a party] must establish its authority to act for the holder of the Debtor's note." *Id.* at 367. But the Court found that "UBS AG has submitted no evidence that it is authorized to act for whomever holds the note." *Id.* at 366. The Court only mentions MERS because, not only did UBS AG present no evidence that it could act on behalf of ACT Properties LLC, the alleged note holder, but UBS AG presented no evidence that ACT Properties LLC actually held the note. *Id.* at 367-68. There was only an assignment of the deed of trust

---

[2] If this Court were to hold that a portion of the parties' deed of trust contract is invalid and that MERS cannot be designated to act on behalf of the lender, this would not otherwise affect the validity of the deed of trust as security for the promissory note given to Plaintiff, or its priority in the land records. A defect in the security instrument does not affect the validity of the instrument. § 65.08.030; *see also Smith v Shurtlef*, 968 P.2d 904, 908 (Wash. App. 1998) ("documents which are not properly executed and acknowledged impart the same notice to third persons, from the date of recording"); *Anderson Buick Co.*, 110 P.2d at 862 ("the fact that securities were taken by one person in the name of another, who had no interest in them, does not invalidate the securities, or prevent the person beneficially interested from enforcing payment of them by action.").

DEFENDANT QUALITY'S RESPONSE TO ORDER TO SHOW CAUSE PAGE 8 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

from MERS to ACT Properties LLC. *Id.* at 3362. The *Jacobson* Court's analysis demonstrates that, pursuant to the deed of trust, MERS would be the real party in interest and would have standing because, unlike UBS AG, the express language in the deed of trust, signed by the debtor and the lender/note holder, establishes MERS' "authority to act for the holder of the Debtor's note."

*In re Walker* is very similar to *In re Jacobson* because again the claimant did not present evidence to the Court as to who held the note, or whether any party before the court properly represented the holder. The Court denied a proof of claim by Citibank because Citibank presented no proof that it held the note. Bayrock Mortgage held the note, and Citibank was not purporting to act on behalf of Bayrock. The Court found that MERS' transfer of its legal title to the deed of trust to Citibank did not give Citibank the necessary interest in the note because MERS never held the note. The Court does not address whether MERS could have moved on behalf of Bayrock Mortgage, pursuant to its "authority [in the deed of trust] to act for the holder," as in *Jacobson*. California courts, however, have consistently held that MERS can properly be designated as beneficiary on a deed of trust, as nominee for lender. For example, *Lane v. Vitek Real Estate Indus. Group,* 2010 U.S. Dist. LEXIS 54831 (E.D. Cal. May 11, 2010), citing numerous cases, holds that MERS can initiate foreclosure and appoint successor trustees.[3]

Based on the analysis in *In re Jacobson* and *In re Walker*, MERS can establish standing in court to act on behalf of the lender because MERS' authority to act is spelled out in the deed

---

[3] *See also Morgera v. Countrywide Home Loans, Inc.,* 2010 U.S. Dist. LEXIS 2037 (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender. *See, e.g., Trent v. Mortgage Elec. Registration Sys., Inc.,* 288 Fed. Appx. 571 (11th Cir. 2008) (unpublished); *Mortgage Elec. Registration Sys., Inc. v. Azize,* 965 So. 2d 151 (Fla. App. 2 Dist. 2007); *Mortgage Elec. Registration Sys., Inc. v. Revoredo,* 955 So. 2d 33 (Fla. App. 3 Dist. 2007); *In re Huggins,* 357 B.R. 180 (Bankr. D. Mass. 2006); *In re Sina,* No. A06-200, 2006 Minn. App. Unpub. LEXIS 1094, 2006 WL 2729544 (Minn. Ct. App. Sept. 26, 2006) (unpublished); *Mortgage Elec. Registration Sys., Inc. v. Ventura,* No. CV 054003168S, 2006 Conn. Super. LEXIS 1154, 2006 WL 1230265 (Conn. Super. Ct. April 20, 2006) (unpublished); *Mortgage Elec. Registration Sys., Inc. v. Leslie,* No. CV044001051, 2005 Conn. Super. LEXIS 1360, 2005 WL 1433922 (Conn. Super. Ct. May 25, 2005) (unpublished)."); *Jackson v. Mortgage Elec. Registration Sys., Inc.,* 770 N.W.2d 487 (Minn. 2009).

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 9 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

of trust signed, which is signed by Plaintiff.[4]  Therefore, under Washington law MERS can also act on behalf of the lender in a non-judicial setting, pursuant to the agreement between Plaintiff, lender, and MERS.  The authority to act through an agent is expressly contemplated in the Deed of Trust Act, and is also part of the parties express contract.  Plaintiff has shown no reason why the lender should not be able to act through MERS, and would receiver an unjust windfall if allowed to avoid foreclosure by the very means that Plaintiff contracted for and where Plaintiff has failed to make payments on the note.

## III. CONCLUSION

MERS may act as a beneficiary and nominee to the lender under a deed of trust in the state of Washington.  MERS properly appointed QUALITY as the successor Trustee under the instant Deed of Trust and as such the foreclosure of eth Subject Property was initiated and conducted pursuant to Washington Deeds of Trust Act.

DATED this 26th day of October, 2010.

MCARTHY & HOLTHUS, LLP

By: /s/ Mary Stearns
Mary Stearns, WSBA #42543
Attorneys for Defendant Quality Loan
Service Corporation of Washington

---

[4] Indeed, the Bankruptcy Court in Massachusetts holds that MERS has standing to seek relief from the stay and that "MERS as the mortgagee named in a recorded mortgage (albeit in a nominee capacity) is authorized to conduct a foreclosure by power of sale." *In re Huggins*, 357 B.R. 180, 183 (Bankr. D. Mass. 2006).

DEFENDANT QUALITY'S RESPONSE TO
ORDER TO SHOW CAUSE PAGE 10 of 10
CASE NO. 3:10-cv-05523-JCC

McCarthy & Holthus LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA, 98370
PH: (206) 319-9100
FAX: (206) 780-6862

# CERTIFICATE OF SERVICE

I certify that on October 26, 2010, I served a copy of the foregoing document in the manner specified on the following:

| | |
|---|---|
| Richard Llewelyn Jones<br>2050 112th Ave NE<br>Bellevue, WA 98004 | ☐ Hand Delivery<br>☐ First Class Mail<br>X Electronic Mail [via efiling]<br>☐ Facsimile<br>☐ Process Server<br>☐ Federal Express |
| Heidi E. Buck<br>Routh Crabtree & Olsen<br>13555 SE 36th Street, Ste 300<br>Bellevue, WA 98006 | ☐ Hand Delivery<br>☐ First Class Mail<br>X Electronic Mail [via efiling]<br>☐ Facsimile<br>☐ Process Server<br>☐ Federal Express |
| Ann T. Marshall<br>Kennard M. Goodman<br>Bishop, White, Marshall & Weibel, PS<br>720 Olive Way, Ste. 1301<br>Seattle, WA 98101 | ☐ Hand Delivery<br>☐ First Class Mail<br>X Electronic Mail [via efiling]<br>☐ Facsimile<br>☐ Process Server<br>☐ Federal Express |

I declare under penalty of perjury under the laws of the Unites States of America and the State of Washington that the foregoing is true and correct and that this Declaration was executed in Poulsbo, Washington.

Dated: October 26, 2010

_____
Melissa Rice, Legal Assistant
McCarthy & Holthus, LLP

DEFENDANT QLS' MOTION TO DISMISS
Page 14
CASE NO. 3:10-cv-05523-JCC
MH #WA WA10-6195

McCarthy & Holthus LLP
19735 10th Ave NE, Suite N-200
Poulsbo  WA  98370
PH: (206) 319-9100
FAX: (206) 780-6862