The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| KEVIN SELKOWITZ, and individual,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; DOE DEFENDANTS 1-20,<br><br>Defendants. | No. 3:10-cv-05523-JCC<br><br>**DEFENDANTS LITTON LOAN SERVICING, LP AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** |

COME NOW Defendants Litton Loan Servicing ("Litton") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") and respond to the Order to Show Cause entered by this Court on October 6, 2010.

**I.  Whether Washington has addressed Mortgage Electronic Registration Systems'— and similar organizations'—ability to serve as the beneficiary and nominee of the lender under Washington's Deed of Trust Act when it does not hold the promissory note secured by a deed of trust.**

In a recent decision from this Court, the plaintiff challenged a non-judicial foreclosure based on MERS' status as beneficiary under Washington's Deed of Trust Act where MERS did not hold the promissory note. *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 WL 2102485, at *5 (W.D. Wash. May 20, 2010). In *Daddabbo*, the note was

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 1 of 10 CASE NO.  3:10-cv-05523-JCC

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

held by Wells Fargo & Deutsche National Trust Company, and Morgan Stanley ABS Capital I Inc,. *Id.* at *2 Fn 2.  The deed of trust named MERS as the beneficiary.  *Id.* at *5.  The Court held that "the deed of trust, of which the court takes judicial notice, explicitly names MERS as beneficiary.  The deed of trust grants MERS not only legal title to the interests created in the trust, but the authorization of the lender and any of its successors to take any action to protect those interests, including the right to foreclose and sell the Property."  *Id.* (internal citations omitted).  The Court considered the documents identifying the trust company as the holder of the note, and held that it does not "remotely support[] Plaintiffs' assertion that MERS somehow has been stripped of the power that the deed of trust grants." *Id.*

In another decision from this Court, the plaintiff invoked the same Deed of Trust Act issue that plaintiff raises in this case, challenging a non-judicial foreclosure based on "MERS' role as beneficiary on the Deed of Trust where MERS did not hold the note."  *Vawter v. Quality Loan Servicing Corp. of Washington*, 707 F.Supp.2d 1115 (W.D. Wash. 2010).  In *Vawter*, the original lender was Paul Financial, and the original beneficiary "acting solely as nominee for Lender and Lender's successors and assigns" was MERS.  *Id.* at 1118.  During the life of the loan, the note was negotiated to Chase, and MERS also assigned its interest in the deed of trust to Chase.  *Id.* at 1119.  The plaintiffs argued that the original lender, Paul Financial, remained the beneficiary and that MERS' assignment of the deed of trust had no effect.  *Id.* at 1125.  The Court held that "the factual allegations of the complaint, even accepted as true, do not give rise to a genuine issue of material fact as to whether MERS properly held a beneficial interest under the Deed of Trust." *Id.* at 1126.

In both *Vawter and Daddabbo*, MERS was not the holder of the note at the time that MERS was designated as the beneficiary, and in both cases the Court held that it did not affect any actions taken by MERS as the beneficiary of the deed of trust, as nominee for lender and lender's successors and assigns.  Therefore, the Western District of Washington has squarely addressed the issues presented in this Court's Order to Show Cause and has held that MERS can

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 2 of 10 CASE NO.  3:10-cv-05523-JCC

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

serve as the beneficiary, as nominee for the lender, under Washington's Deed of Trust Act when it does not hold the promissory note secured by the deed of trust.

### A. Under Washington law, the borrower and lender are free to contractually appoint MERS as the beneficiary, solely as lender's nominee, for purposes of carrying out actions required of the beneficiary.

The *Vawter and Daddabbo* cases are supported entirely by Washington law. The Court's rulings rightly respect the parties' freedom to contract by agreeing that MERS will act as the beneficiary, as nominee for the lender. MERS is designated in the contract—that is the deed of trust—by the Plaintiff (the borrower and grantor) and by the lender, to serve as the beneficiary of the deed of trust, as nominee for lender and lender's successors and assigns. *See* Dkt. 8, Exhibit A. Deeds of trust, like mortgages, are contracts used to secure the performance of an obligation or the payment of a debt. *In re McGrath's Estate*, 71 P.2d 395, 40 (1937) ("the trust deeds are contracts"); *Spark Networks, PLC v. Knedlik*, 155 Wn. App. 1024 (Wash. Ct. App. 2010) (applying the six year statute of limitations on contracts to deeds of trust); *see also, Kenly v. Miracle Props*, 412 F. Supp. 1072, 1075 (D. Ariz. 1976) (a deed of trust is a "private contractual relationship" between "the trustor and the beneficiary, with the trustee acting as agent for both and acting pursuant to the terms of the instrument and their instructions").

Absent an unlawful purpose, parties are free to contract as they wish. *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517, 210 P.3d 318, 322 (2009) ("It is black letter law of contracts that the parties to a contract shall be bound by its terms."); *Patton v. City of Bellingham*, 38 P.2d 364 (Wash. 1934) (Parties "are free to make any contract they choose for a lawful purpose"). Deeds of trust are subject to all laws relating to mortgages on real property. RCW 61.24.020. And Washington law specifically provides that "parties may insert in such mortgage any lawful agreement or condition." RCW 61.12.020. MERS agreed to be designated, and was designated, by both Plaintiff and the lender to act on behalf of the lender in the express capacity outlined in the deed of trust contract. Because there is nothing unlawful about a contract that designates a nominee (or agent) to act for one of the contracting parties for a limited

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 3 of 10 CASE NO. 3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

and specified purpose, the *Vawter* and *Daddabbo* Courts correctly held that MERS can serve as beneficiary of the deed of trust, solely as nominee for lender and lender's successors and assigns.

Having entered into a lawful contract whereby the parties agreed that MERS will act as beneficiary on the deed of trust, as nominee for lender, Plaintiff cannot now complain that the designation is invalid. Indeed, Plaintiff is estopped from asserting that the agreement is invalid. *Simonds v. Noland*, 253 P. 638 (1927) (where a contract is not against public policy, a party is estopped from denying its terms); *Seattle, R. & S. Ry. Co. v. Seattle-Tacoma Power Co.* 116 P. 289 (1911) (where parties contract to use a certain method of recording power usage, railway cannot be heard to say the method is improper). Here the Plaintiff borrower has shown no legal or factual reason why the agreement in the deed of trust should be disturbed in this contract or in millions of other contracts. There is no allegation that the agreement is for an unlawful purpose; there is no allegation of unconscionability; there is not even an allegation as to how the contract provision causes Plaintiff harm. Plaintiff knowingly signed the deed of trust, and the designation of MERS in the deed of trust is clear. Even if it were not, "[w]here there is any doubt about the meaning of words used in a deed, it is to be resolved against the grantor." *Carr v. Burlington Northern, Inc.*, 597 P.2d 409, 411 (Wash. Ct. App. 1979). Thus, Plaintiff is estopped from denying the agreement to designate MERS as beneficiary of the deed of trust, as nominee for the lender and lender's successors and assigns.

Not only is there nothing unlawful about the contract, but Washington's Deed of Trust Act expressly contemplates that the actions of the trustee or beneficiary will be performed by authorized agents. The most critical section of the Act, the section that outlines the detailed requirements for issuing the notice of default to the borrower prior to initiating a trustee sale, expressly contemplates that these duties can be performed by a "trustee, beneficiary, or authorized agent." RCW 61.24.031. These same duties of the beneficiary and trustee are referenced or described in other sections of the Act without reference to agents, thereby dispelling any notion that the Act intended to specify or limit when an actor can act through an agent and when it cannot. *e.g*. RCW 61.24.030(8); 61.24.040(1)(f).

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 4 of 10 CASE NO.  3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

And where there is no legislative intent to overturn the common law, it is presumed that legislation is consistent with existing common law. *State v. Lively*, 921 P.2d 1035, 1040-41 (Wash. 1996) (en banc); *Satterlee v. State Dep't of Social and Health Serv.*, 125 P.3d 1003, 1007 (2006). Agency relationships are a long-established part of Washington's common law. *Moss v. Vadman*, 463 P.2d 159, 164 (Wash. 1970) (en banc) ("We have frequently cited the Restatement of Agency for the proposition that an agency relationship results from the manifestation of consent by one person that another shall act on his behalf and subject to his control, with a correlative manifestation of consent by the other party to act on his behalf and subject to his control."). And taking title by way of a nominee, is also commonplace and accepted business practice. *See Ott v. Home Savings & Loan Ass'n*, 265 F.2d 643, 647 (9th Cir. 1958) ("The taking of title by a nominee of a principal or the conveyance of title by a nominee is a familiar device in stock transactions or in the transfer of other interests represented by documents.").

Therefore, whether the component acts within the Deed of Trust Act are fulfilled directly by the principal or through an authorized agent is immaterial. The parties' agreement to designate MERS as beneficiary, solely as nominee for the lender, is fully supported by Washington law, as demonstrated by the decisions in *Vawter* and *Daddaabbo*, and does not need to be certified as a question to the Washington Supreme Court.

**B.    MERS' agency relationship with lenders.**

MERS is an agent of the lender, its successors and assigns based on the terms of the deed of trust. Black's Law Dictionary defines "nominee" in relevant part as "[a] person designated to act in place of another, usually in a very limited way[,] [or] [a] party who holds bare legal title for the benefit of others[.]" Black's Law Dictionary (9th ed. 2009), at 1149. An agency relationship exists when a principal manifests assent to have an agent act on its behalf, subject to the principal's control and consent of the agent. Restatement (Third) of Agency § 1.01 (2006). An agent may act on behalf of both a disclosed principal (the original lender) and a later

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 5 of 10 CASE NO.  3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

unidentified principal (lender's successor and assign). *Id.* at § 1.04. The recorded deed of trust agreement, as executed by the borrower, expressly spells out the principal-agency relationship between MERS and the lender. *Id.* at § 2.02 ("An agent has actual authority to take action designated or implied in the principal's manifestations to the agent and acts necessary or incidental to achieving the principal's objectives . . ."). As such, any actions taken by MERS are necessarily actions taken by the lender, its successors and assigns. *See* Dkt. 8, Exhibit A. ("Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests . . . *and to take any action required of Lender* . . ."). The terms of the deed of trust clearly define the powers of MERS under the agency relationship to act in place of the lender, its successors and assigns, which logically include the power to substitute a trustee. Therefore, as record beneficiary, MERS is the agent of the lender, its successors and assigns, with respect to the deed of trust, and is generally understood as a person designated to act in place of another.

The agreement between MERS and its members further defines the agency relationship agreed to in the deed of trust. The Terms and Conditions that govern the relationship state that "MERS shall at all times comply with the instructions of the holder of mortgage loan promissory notes." *See* MERSCORP, Inc., Terms and Conditions, Paragraph 3, (available at: www.mersinc.org/files/filedownload.aspx?id=282&table=ProductFile)[1]. Whether initiated by the holder of the promissory note or by MERS, as nominee for the lender/note holder, the sale is initiated on behalf of and for the benefit of the holder of the note, a fact which must be ultimately verified to the trustee. RCW 61.24.030(7). In the end, the intent of the

---

[1] MERS requests that the Court take judicial notice of the Terms and Conditions. Judicial notice may be taken at any stage of the proceeding. ER 201(f). A court shall take judicial notice if requested by a party and supplied with the necessary information. ER 201(d). A judicially noted fact must be one not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. ER 201(b)(2).

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 6 of 10 CASE NO. 3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

contracting parties and of the Act is met. If the borrower/grantor fails to make payments, the lender or current note holder is entitled to have the property sold to satisfy the delinquent debt.

### C. The cases cited by the Court in its Order to Show Cause support a finding that MERS may act as an agent for the lender/ note holder.

The Court cites to two cases in its Order to show cause in *Selkowitz v. Litton Loan Servicing, LP*, Case No. C10-5523-JCC, ECF 26: *In re Jacobson,* 402 B.R. 359 (W.D. Wash. 2009), and *In re Walker*, No. 10-21656, at *2 (E.D. Cal. Bankr. May 20, 2010). *In re Jacobson* addresses whether a servicing agent, UBS AG, provided sufficient evidence to establish standing to seek relief from a bankruptcy stay. *In re Jacobsen*, 402 B.R. at 359. UBS AG was not the holder of the note, and the Court finds that "UBS AG has submitted no evidence that it is authorized to act for whomever holds the note." *Id.* at 366. The Court holds that for purposes of Rule 17, "setting forth that the holder may act through agents. . . is appropriate." *Id.* at 366. And the Court also holds that"[t]o have standing, [a party] must establish its authority to act for the holder of the Debtor's note." *Id.* at 367. The Court only mentions MERS because, not only did UBS AG present no evidence that it could act on behalf of ACT Properties LLC, the alleged note holder, but UBS AG presented no evidence that ACT Properties LLC actually held the note. *Id.* at 367-68. There was only an assignment of the deed of trust from MERS to ACT Properties LLC, but Wells Fargo held the note. *Id.* at 362. The *Jacobson* Court's analysis demonstrates that, pursuant to the deed of trust, MERS would be the real party in interest and would have standing because, unlike UBS AG, the express language in the deed of trust, signed by the debtor and the lender/note holder, establishes MERS' "authority to act for the holder of the Debtor's note." *Id.* at 367.

*In re Walker* is very similar to *In re Jacobson* because again the claimant did not present evidence to the Court as to who held the note, or whether any party before the court properly represented the holder. *In re Walker*, No. 10-21656, at *2 (E.D. Cal. Bankr. May 20, 2010). The Court denies a proof of claim by Citibank because Citibank presented no proof that it held the note. *Id.* Bayrock Mortgage held the note, and Citibank was not purporting to act on

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 7 of 10 CASE NO. 3:10-cv-05523-JCC

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

behalf of Bayrock. *Id.* The Court finds that MERS' transfer of its legal title to the deed of trust to Citibank did not give Citibank the necessary interest in the note because MERS never held the note. *Id.* The Court does not address whether MERS could have moved on behalf of Bayrock Mortgage, pursuant to its "authority [in the deed of trust] to act for the holder," as in *Jacobson*. California courts, however, have consistently held that MERS can properly be designated as beneficiary on a deed of trust, as nominee for lender. For example, *Lane v. Vitek Real Estate Indus. Group,* 2010 U.S. Dist. LEXIS 54831 (E.D. Cal. May 11, 2010), citing numerous cases, holds that MERS can initiate foreclosure and appoint successor trustees:

> MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party. *See, e.g., Morgera v. Countrywide Home Loans, Inc.,* No. Civ. 2:09-01476 MCE GGH, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010) (collecting cases)*; Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177 (N.D. Cal. 2009)*; Castaneda v. Saxon Mortg. Servs., Inc.,* 687 F. Supp. 2d 1191, 2009 WL 4640673, at *4 (E.D. Cal. 2009)*; Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 91287, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009)*; Kachlon v. Markowitz,* 168 Cal. App. 4th 316, 334-35, 85 Cal. Rptr. 3d 532 (2008). MERS properly substituted Cal-Western Reconveyance Corp. as a Trustee and assigned its beneficial interest to CMI on September 15, 2009.[2]

Based on the analysis in *In re Jacobson* and *In re Walker*, MERS can establish standing in court to act on behalf of the lender because MERS' authority to act is spelled out in the deed of trust, which is signed by Plaintiff. Similar to the Courts' analyses in *In re Jacobson* and *In re Walker*, yet with a different outcome, the Court's decision in *In re Tucker* further

---

[2] *See also Morgera v. Countrywide Home Loans, Inc.,* 2010 U.S. Dist. LEXIS 2037 (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender. *See, e.g., Trent v. Mortgage Elec. Registration Sys., Inc.,* 288 Fed. Appx. 571 (11th Cir. 2008) (unpublished)*; Mortgage Elec. Registration Sys., Inc. v. Azize,* 965 So. 2d 151 (Fla. App. 2 Dist. 2007)*; Mortgage Elec. Registration Sys., Inc. v. Revoredo,* 955 So. 2d 33 (Fla. App. 3 Dist. 2007)*; In re Huggins,* 357 B.R. 180 (Bankr. D. Mass. 2006)*; In re Sina, No.* A06-200, 2006 Minn. App. Unpub. LEXIS 1094, 2006 WL 2729544 (Minn. Ct. App. Sept. 26, 2006) (unpublished)*; Mortgage Elec. Registration Sys., Inc. v. Ventura*, No. CV 054003168S, 2006 Conn. Super. LEXIS 1154, 2006 WL 1230265 (Conn. Super. Ct. April 20, 2006) (unpublished)*; Mortgage Elec. Registration Sys., Inc. v. Leslie,* No. CV044001051, 2005 Conn. Super. LEXIS 1360, 2005 WL 1433922 (Conn. Super. Ct. May 25, 2005) (unpublished).")*; Jackson v. Mortgage Elec. Registration Sys., Inc.,* 770 N.W.2d 487 (Minn. 2009); *Diessner v. Mortgage Electronic Registration Systems, Inc., et al.,* 2:09cv00095 (D. Az., 2009), *aff'd* 09-16497 (9th Cir. 2010)*, and Mansour v. Mortgage Electronic Registration Systems, Inc., et al.,* 2:09cv00037 (D. Az., 2009), *aff'd* 09-16778 (9th Cir. 2010) (9th Circuit affirmed that MERS was entitled to foreclose and did not need to be in possession of the original note).

DEFENDANTS LITTON AND MERS' RESPONSE TO ORDER TO SHOW CAUSE
PAGE 8 of 10 CASE NO. 3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  supports MERS role as agent for the lender. "The language of the recorded Deed of Trust clearly
2  authorizes MERS to act on behalf of the Lender in serving as the legal title holder to the
3  beneficial interest under the Deed of Trust and exercising any of the rights granted to the Lender
4  thereunder." *In re Tucker*, No. 10-61004 at *14 (W.D. Mo. Bankr., Sept. 19, 2010). The Court
5  found that the language in the subject deed of trust "is more than sufficient to create an agency
6  relationship between MERS and the Lender and its successors…". Unlike *In re Jacobson* and *In*
7  *re Walker* the Court in *In Re Tucker* granted the movant's motion for relief from stay (citing to
8  the agency relationship between MERS and the note-holder) because the movant was the note-
9  holder.[3] In further support of MERS standing as an agent of the lender see also Restatement
10 (Third) Property, § 5.4, comment e.[4]

11  Therefore, under Washington law MERS can act on behalf of the lender in a
12 judicial or non-judicial setting, pursuant to the agreement between Plaintiff, lender, and MERS.
13 The authority to act through an agent is expressly contemplated in the Deed of Trust Act, and is
14 also part of the parties' express contract. Plaintiff has shown no reason why a lender should not
15 be able to act through MERS, and would receive an unjust windfall if allowed to avoid
16 foreclosure by the very means that Plaintiff contracted for and where Plaintiff has failed to make
17 payments on the note.

---

[3] See also *In re Huggins,* 357 B.R. 180, 183 (Bankr. D. Mass. 2006)( The Court held that MERS has standing to seek relief from the stay and that "MERS as the mortgagee named in a recorded mortgage (albeit in a nominee capacity) is authorized to conduct a foreclosure by power of sale."

[4] *Mortgage may not be enforced except by a person having the right to enforce the obligation or one acting on behalf of such a person.* As mentioned, in general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation. For example, assume that the original mortgagee transfers the mortgage alone to A and the promissory note that it secures to B. Since the obligation is not enforceable by A, A can never suffer a default and hence cannot foreclose the mortgage. B, as holder of the note, can suffer a default. However, in the absence of some additional facts creating authority in A to enforce the mortgage for B, B cannot cause the mortgage to be foreclosed since B does not own the mortgage. **The result is changed if A has authority from B to enforce the mortgage on B's behalf**. For example, A may be a trustee **or agent of B** with responsibility to enforce the mortgage at B's direction. A' enforcement of the mortgage in these circumstances is proper . . . **The trust or agency relationship may arise from the terms of the assignment, from a separate agreement, or from other circumstances. Courts should be vigorous in seeking to find such a relationship, since the result is otherwise likely to be a windfall for the mortgagor and the frustration of B's expectation of security.** (emphasis added). Restatement (Third) Property, § 5.4, comment e.

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 9 of 10 CASE NO. 3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II. Whether Washington has addressed the legal effect in a nonjudicial foreclosure of an unauthorized beneficiary's appointment of a successor trustee.

This Court in *Vawter* addressed the issue where the beneficiary, Chase, conceded that Chase appointed the successor trustee before the deed of trust was assigned to Chase. *Vawter*, 707 F. Supp.2d at 1126-27. The Court entered summary judgment for Chase and MERS as related to the appointment of the successor trustee, holding that the Plaintiff did not show how the error caused them prejudice or harm or "how this error would affect any future nonjudicial foreclosure proceedings." *Id.* at 1127.

In *Taylor v. Premier Mortg. Serv. of Washington, Inc.*, 2004 WL 1658626 at * 2-3 (Wash. Ct. App. 2004), the Court addressed an issue where plaintiff alleged "the trustee did not record the notice of appointment of successor trustee until after service of the notices of default, foreclosure and sale," such that the trustee was acting without being properly appointed. The Court upheld judgment against the plaintiff holding that any alleged error was immaterial because the trustee remedied the error when it reissued notices for a rescheduled sale. *Id.*

Accordingly, because Plaintiff in the present case, as in *Vawter,* has not pled any harm arising from the appointment of a successor trustee, even if the original appointment had not been made by an authorized beneficiary, which is not the case here, there is no harm and thus no remedy for Plaintiff. And in accordance with *Taylor*, if a beneficiary was not authorized to appoint a successor trustee on behalf of the lender, at the very most the current holder of the promissory note would be required to affirm the appointment and the trustee would be required to reissue notices for the foreclosure sale.

DATED this 27th day of October, 2010.

**ROUTH CRABTREE OLSEN, P.S.**

By: _/s/ Heidi Buck_____
    Heidi E. Buck, WSBA No. 41769
    Of Attorneys for Defendants Litton
    Loan Servicing, LP and Mortgage
    Electronic Registration Systems, Inc.

DEFENDANTS LITTON AND MERS'
RESPONSE TO ORDER TO SHOW CAUSE
PAGE 10 of 10 CASE NO. 3:10-cv-05523-JCC

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131