Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN J. SELKOWITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California Corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation ; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE Defendants 1-20,<br><br>Defendants. | **NO. 3:10-CV-05523-JCC**<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Minute Order of August 22, 2012, the parties submit the following Joint Status Report and Discovery Plan.

**1.     NATURE AND COMPLEXITY OF THE CASE.**

a.     **Plaintiff's Statement**: This is an action was originally brought by Plaintiff, alleging claims for declaratory relief, permanent injunction, wrongful foreclosure, quiet title, violation of the Washington State Consumer Protection Act (*RCW 19.86, et seq.*), and violation of the Federal Fair Debt Collection Practices Act (*15 U.S.C. §§ 1962, et seq.*)  This action was initiated on or about July 2, 2010, under King County Superior Court Case No.  10-2-24157-4 KNT.

On July 27, 2012, Defendant, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation (hereinafter "Quality Loan"), removed this action, pursuant to *28 USC 1332, 1441* and *1446*.  Dkt 1.  No other named Defendant has formally joined in the removal.

On August 6, 2010, Defendant, FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation (hereinafter "First American") filed a Motion to Dismiss, pursuant to *FRCP 12(b)(6)*.  Dkt. 7.  A hearing on this Motion was noted for August 27, 2010.

On August 12, 2010, Defendants, LITTON LOAN SERVICING LP, a Delaware Limited Partnership (hereinafter "Litton") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation (hereinafter "MERS") filed a Motion to Dismiss, pursuant to *FRCP 12(b)*.  Dkt. 8.  A hearing on this Motion was noted for September 3, 2010.

On August 18, 2010, Plaintiff filed an Amended Complaint, alleging claims for, permanent and permanent injunction, wrongful foreclosure, quiet title, defamation of title, malicious prosecution and violation of the Washington State Consumer Protection Act (*RCW 19.86, et seq.*).  Dkt. 9.  No Defendant named herein has answered either Plaintiff's Complaint of July 2, 2010 or his Amended Complaint of August 18, 2010.

On August 18, 2010, Plaintiff filed a Motion for Remand, pursuant to the provisions of *28 USC 1441(b),* based upon Plaintiff's Amended Complaint. Dkt 14. A hearing on this Motion was noted for September 3, 2010.

On August 18, 2010, Plaintiff filed a Motion for Temporary Restraining Order, pursuant to *RCW 61.24.130.* Dkt 13. A hearing on this Motion was noted on shortened time for August 26, 2010.

On August 31, 2010, the Court granted the Motions to Dismiss of First American, Litton and MERS. The Court also denied Plaintiff's Motions for Temporary Restraining Order and Remand. Dkt. 22.

On September 3, 2010, Quality Loan filed a Motion to Dismiss, pursuant to *FRCP 12(b)(6).* Dkt 24. A hearing on this Motion was noted for October 1, 2010.

On September 27, 2010, Plaintiff filed a Motion to Amend the Judgment to seek reconsideration of the Court's Order of August 31, 2010, pursuant to *FRCP 59(d).* Dkt. 25. A hearing was noted on this Motion for October 4, 2010.

On October 6, 2010, the Court entered an Order staying all proceedings in this matter and ordering the parties to show cause why the Court should not submit the issue of whether MERS is an "authorized beneficiary" under *RCW 61.24, et seq.* Dkt. 26.

On June 27, 2011, the Court certified three questions to the Washington Supreme Court, pursuant to *RCW 2.60.020:*

> A. Is Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), a lawful "beneficiary" within the terms of Washington's deed of Trust Act, *RCW 61.24.005(2),* if it never held the promissory note secured by the deed of trust?
>
> B. If [not], what is the legal effect of MERS acting as an unlawful beneficiary under the terms of Washington's Deed of Trust Act?

C. Does a homeowner possess a cause of action under Washington's Consumer Protection Act against MERS, if MERS acts as an unlawful beneficiary under the terms of Washington's Deed of Trust Act?

On August 16, 2012, the Washington Supreme Court answered each of the foregoing questions as follows:

> Under the deed of trust act, the beneficiary must hold the promissory note and we answer the first certified question 'no.' We decline to resolve the second question. We answer the third question with a qualified 'yes,' a CPA action may be maintainable, but the mere fact that MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury.

This matter has now been remanded back to this Court and the Court has lifted the stay entered October 6, 2010. Dkt. 50.

Given the Washington Supreme Court's refusal/inability to resolve the second question certified by this Court, this case will remain an extremely complex case.

**b.** **Defendants' Statement:** Defendants do not believe the Supreme Court's opinion materially changes the prior dismissal of Plaintiff's Amended Complaint, and believe this case remains only moderately complex.

**2.** **FILINGS OR PAPERS PROPOSED TO BE STRICKEN**

**a.** **Plaintiff:** At this point in time, Plaintiff does not propose that any filing be stricken.

**b.** **New Century: N/A.**

**c.** **MERS:** MERS does not propose striking any filing.

**d.** **First American:** First American does not propose striking any filing.

**e.** **Quality Loan:** Quality does not propose striking any filing.

**f.** **Litton:** Litton does not propose striking any filing.

**3. FILINGS OR PAPERS PROPOSED TO BE AMENDED.**

    **a.** **Plaintiff**: Plaintiff intends to again amend its Complaint to re-plead a claim for violation of Federal Fair Debt Collection Practices Act (*15 U.S.C. §§ 1962, et seq.*) and to assert a claim for violation of *RCW 9A.82*. Included in this proposed amended complaint may be the dismissal of one or more of the currently named Defendants. Plaintiff respectfully requests the Court grant leave to amend his Complaint. Future amendments may be necessary as the identity of additional of additional parties becomes known through discovery.

    **b.** **New Century: N/A.**

    **c.** **MERS:** MERS responds that to the extent Plaintiff seeks to again amend his Complaint, he must first seek relief under *FRCP 60(b)(6)* to obtain relief from the Order dismissing his claims, and if granted, file a motion for leave to amend. Should Plaintiff file those motions, MERS will respond accordingly.

    **d.** **First American:** First American joins in MERS's comment in the preceding paragraph.

    **e.** **Quality Loan:** Quality will amend its motion to dismiss in the event Plaintiff is not granted leave to amend his complaint. Otherwise, Quality joins in MERS's comment in the preceding paragraph "c"

    **f.** **Litton:** Litton adopts MERS's statement above.

**4. FILINGS OR PAPERS PROPOSED TO BE RE-FILED.**

    **a.** **Plaintiff**: Plaintiff intends to revise, re-file and re-note his Motion to Amend the Judgment seeking reconsideration of the Court's Order of August 31, 2010, pursuant to *FRCP 59(d),* and his Motion for Temporary Restraining Order, pursuant to *RCW 61.24.130*, that were pending at the time the Court stayed the proceedings herein. Plaintiff also intends to revise, re-

file and re-note his Motion for Remand, based upon Plaintiff's Amended Complaint that remains before the Court. Finally, Plaintiff intends to file and note Motions for Default against each of the named Defendants, in view of their failure to respond to Plaintiff's Amended Complaint. Absent a *sua sponte* decision by the Court to vacate its Order of August 31, 2010, in view of the decision in *Bain v. Metro. Mortgage Group, Inc.*, Nos. 86206-1 & 86207-9, ___ Wn.2d.___, ___ P.3d ____ (2012) (WL 3517326), Plaintiff requests a briefing schedule be adopted to provide Plaintiff no less that 30 days to revise, re-file and re-note his Motions.

    **b.**    <u>**New Century:**</u> **N/A.**

    **c.**    <u>**MERS:**</u> MERS responds that the proper procedure for Plaintiff to pursue relief from the prior Orders claims is under FRCP 60(b)(6), rather than Rule 59. There is no operative Complaint pending (because of the dismissal), and thus there is no Complaint to Answer and nothing to remand. Further, MERS responds that Plaintiff's representation that he intends to add federal claims is contrary to his above allegation that he intends to seek remand. Should the Court grant a motion for relief from any of the prior Orders, MERS expects it will timely file a new motion to dismiss. Finally, MERS responds that Plaintiff may not file any default motion without first obtaining relief from the prior order of dismissal and then complying with the notice requirements *LR 55(a).*

    **d.**    <u>**First American:**</u> First American joins in MERS's comments set forth in the preceding paragraph. Specifically, First American expects it will also file a new motion to dismiss should Plaintiff obtain relief from the August 31, 2012, order (Docket No. 22) dismissing First American from the lawsuit.

JOINT STATUS REPORT
10-CV-05523-JCC
Page 6

DWT 20361630v2 0096475-000004

**e.      Quality Loan:** Quality joins in MERS's comments set forth above in paragraph "c". Further, Quality likewise expects it will file an amended motion to dismiss should Plaintiff obtain relief from the August 31, 2012 order (Docket No. 22)

**f.      Litton:** Litton adopts MERS' statement above.

**5.      DISCOVERY PLAN.**

**a.      Rule 26(f) conference and Rule 26(a) Initial Disclosures**.  No discovery has been conducted in this matter to date.  No initial disclosures or discovery conferences, pursuant to *FRCP 26(a) and (f),* has been conducted in connection with this matter to date.

**b.      Plaintiff.**  A date should be set for the parties to provide initial disclosures and engage in a discovery conferences, pursuant to *FRCP 26(a) and (f)*.  Discovery issues include, without limitation, the existence and extent of the subject debt owed to these Defendants, the source of authority for Defendants to declare a default on the subject obligation (*RCW 61.24.030*) and MERS authority, if any, in assigning the subject Note and Deed of Trust and the appointment of a successor trustee (*RCW 61.24.010*), the consideration, if any, paid for the assignment and the identity of the entity who paid said consideration, the identity of the true owner and "holder" of the subject Note (*RCW 61.24.030(7)*), and the current location of the subject Note.  No limitations in discovery should be imposed on discovery.  Given the probability that Defendants will attempt to impose limitation on discovery or interpose objections, it would be prudent to consider the appointment of a discovery maters.  Otherwise, discovery should be managed in accordance with Federal and Local Civil Rules.  There is no current basis to impose protective orders at the outset of discovery, pursuant to *FRCP 26(c).*  It would be advisable to require a Joint Status Report at the conclusion of discovery to review the efficacy of ADR, pursuant to *CR 16.*  Given the current status of discovery, the potential

1  difficulties in locating relevant witnesses and the potential difficulties in obtaining documentary evidence from some of the corporate defendants and their agents, Plaintiff requests discovery be concluded no earlier than seven (7) weeks of trial.

     **c.**    <u>**New Century:**</u> **N/A.**

     **d.**    <u>**MERS:**</u>  MERS responds that it will attend a Rule 26(f) conference and provide initial disclosures by whatever deadline is set by the Court as a result of this Joint Status Report. Because there are no claims currently pending before the Court, MERS objects to any discovery at this time.  Should the Court permit relief from prior Orders, MERS expects it will move to dismiss the Complaint again.  MERS will respond to any timely discovery requests as permitted by the Federal Rules of Civil Procedure, including seeking a protective order under *FRCP 26* as necessary. MERS further responds that no discovery master is appropriate at this time because there are no claims or discovery requests currently pending.

     **e.**    <u>**First American:**</u>  First American joins in MERS's comments in the preceding paragraph.

     **f.**    <u>**Quality Loan:**</u> Quality joins in MERS's comments in the preceding paragraph "c".

     **g.**    <u>**Litton:**</u> Litton adopts MERS' statement above**.**

     **6.**    <u>**BIFURCATION**</u>**.**

     **a.**    <u>**Plaintiff**</u>**:**  This matter should not be bifurcated.

     **b.**    <u>**New Century:**</u> **N/A.**

     **c.**    <u>**MERS:**</u> MERS does not seek bifurcation at this time.

     **d.**    <u>**First American:**</u>  First American does not seek bifurcation at this time.

     **e.**    <u>**Quality Loan:**</u> <u>Quality does not seek bifurcation at this time.</u>

f.  **Litton:** Litton does not seek bifurcation.

7.  **SIMPLIFYING THE CASE.**

a.  **Plaintiff:** Plaintiff believes ADR could be helpful in negotiating a modification of the underlying debt and settling the issues before the Court. This matter should not be bifurcated. ADR would be most effective if conducted within two (2) weeks of completion of discovery.

b.  **New Century: N/A.**

c.  **MERS:** MERS believes that, should the Court permit this action to proceed, mediation is the best form of ADR, and should take place after dispositive motions are ruled upon and discovery is complete.

d.  **First American:** First American believes that mediation would be an appropriate method for resolving this lawsuit and should be conducted after completing discovery and rulings on dispositive motions.

e.  **Quality Loan:** Quality joins in MERS's and First American's statements in the preceding paragraphs "c" and "d'

f.  **Litton:** Litton does not believe that ADR is necessary to negotiate a modification of the debt and settle the issues before the Court. In the event that this Court orders ADR, Litton believes that it is only appropriate after dispositive motions are ruled upon and discovery is complete. Further, any ADR process must proceed with Litton counsel only, and not with the presence of a Litton representative.

8.  **ANTICIPATED TRIAL DATE.**

a.  **Plaintiff:** Plaintiff requests this matter be set for trial no earlier than on December 16, 2013, at 1:30 p.m.

b. **New Century:** N/A.

c. **MERS:** Because there are no claims currently pending, and Plaintiff represents that he expects to seek leave to amend the Complaint should the Court grant relief from prior orders, MERS requests that any trial date occur approximately 15 months from now. This will allow three months to rule on any motions from Plaintiff, nine months of discovery, as need be, three months for ruling on dispositive motions, and three months to prepare for trial, if need be.

d. **First American:** First American joins in MERS's comments in the preceding paragraph.

e. **Quality Loan:** Quality joins in MERS's comments in the preceding paragraph "c"

f. **Litton:** Litton adopts MERS's position above.

9. **LENGTH OF TRIAL.**

a. **Plaintiff:** This is a non-jury case. Trial in this matter should take approximately 5 days.

b. **New Century:** N/A.

c. **MERS:** MERS expects that this case can be tried in 3-5 days.

d. **First American:** First American expects this case can be tried in 3-5 days.

e. **Quality Loan:** Quality expects that this case can be tried in 3-5 days.

f. **Litton:** Litton expects that this case can be tried in 3-5 days.

**10.     ADDRESSES OF TRIAL COUNSEL.**

For Plaintiff:                KOVAC & JONES, PLLC.
                              Richard Llewellyn Jones
                              2050 – 112th Ave. N.E.
                              Bellevue, WA  98004
                              (425) 462-7322
                              Fax (424) 450.0249
                              rlj@kovacandjones.com
                              rlj@richardjoneslaw.com

For Litton:                   HOUSER & ALLISON
                              Charles T. Meyer and Robert W. Norman
                              9970 Research Dr.
                              Irvine, CA  92618
                              (949) 679-1111
                              cmeyer@houser-law.com

For New Century               N/A

For Quality Loan              McCARTHY & HOLTHUS
                              Mary Stearns
                              19735 10th Ave., N.E., Suite N200
                              Poulsbo, WA  98370-7478
                              (206) 319-9100
                              mstearns@mccarthyholthus.com

For First American            BISHOP WHITE MARSHALL &
                              WEIBEL, P.S.
                              Kennard M. Goodman
                              Ann T. Marshall
                              720 Olive Way, Suite 1301
                              Seattle, WA  98101
                              (206) 622-5306
                              Fax: (206) 622-0354
                              kgoodman@bwm.legal.com
                              amarshall@bwmlegal.com

JOINT STATUS REPORT
10-CV-05523-JCC
Page 11

DWT 20361630v2 0096475-000004

| | | |
|---|---|---|
| 1 | For MERS | DAVIS WRIGHT TREMAINE |
| 2 | | Fred Burnside and Hugh McCullough<br>1201 Third Ave., Suite 2200<br>Seattle, WA  98101-3045 |
| 3 | | (206) 757-8016<br>Fax (206) 757-7016 |
| 4 | | fredburnside@dwt.com<br>hughmccullough@dwt.com |

**11. SCHEDULING CONFERENCE.** The parties believe that a scheduling conference is necessary prior to entering a scheduling order.

**DATED** this 19th day of September, 2012.

| | |
|---|---|
| KOVAC & JONES, PLLC. | HOUSER & ALLISON |
| | |
| By: *s/ Richard Llewellyn Jones* | By   *s/ Charles T. Meyer* |
| Richard Llewellyn Jones, WSBA 12904 | Charles T. Meyer, WSBA 39754 |
| Attorneys for Plaintiff | Attorneys for Litton |
| | |
| McCARTHY & HOLTHUS | BISHOP WHITE MARSHALL & WEIBEL, P.S |
| | |
| By: *Mary Stearns* | By: *s/ Kennard M. Goodman* |
| Mary Stearns, WSBA 42543 | Kennard M. Goodman, WSBA #22823 |
| Attorneys for Quality Loan | Attorneys for First American |

DAVIS WRIGHT TREMAINE


By: *s/ Fred B. Burnside*
Fred Burnside, WSBA No. 32491
Attorneys for MERS