THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7       UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8              AT SEATTLE

9   KEVIN SELKOWITZ, an individual          CASE NO. C10-5523-JCC

10                                          ORDER REMANDING CASE
                    Plaintiff,
11
           v.
12

13   LITTON LOAN SERVICING LP, a
    Delaware Limited Partnership; NEW
14   CENTURY MORTGAGE
    CORPORATION, a California
15   Corporation; QUALITY LOAN
    SERVICE CORPORATION OF
16   WASHINGTON, a Washington
    Corporation; FIRST AMERICAN TITLE
17   INSURANCE COMPANY, a Washington
    Corporation; MORTGAGE
18   ELECTRONIC REGISTRATION
    SYSTEMS, INC., a Delaware
19   Corporation; and DOE Defendants 1–20,

20                  Defendants.
21

22        This matter comes before the Court on the parties' joint status report (Dkt. No. 54).

23   Having thoroughly considered the Washington Supreme Court's opinion in *Bain v. Metropolitan*

24   *Mortgage Group, Inc.*, 285 P.3d 34 (Wash. 2012), and the parties' filings in this case, the Court

25   hereby VACATES its August 31, 2010 order (Dkt. No. 22) and REMANDS this case to King

26   County Superior Court for the reasons explained herein.

Plaintiff Kevin Selkowitz filed his original complaint in this matter in King County Superior Court in June 2010. (Dkt. No. 1 Ex. B.) Selkowitz alleged violations of Washington state law and the federal Fair Debt Collection Practices Act ("FDCPA"). (*Id.*) In July 2010, Defendant Quality Loan Services Corporation of Washington removed the case to this Court, alleging federal question jurisdiction under 28 U.S.C. § 1331 over the FDCPA claims and supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims. (*Id.* at 1–3.) In August 2010, Defendants First American Title Insurance Company, Litton Loan Servicing LP, and Mortgage Electronic Registration Systems, Inc. ("MERS") moved to dismiss Selkowitz's complaint. (Dkt. Nos. 7 & 8.) Selkowitz then filed an amended complaint in which he dropped his FDCPA claims, leaving only state-law claims. (Dkt. No. 9.) Later that month, Selkowitz moved for a temporary restraining order ("TRO"), and to remand the case to state court. (Dkt. Nos. 13 & 14.)

The Court granted First American's, Litton's, and MERS' motions to dismiss, as applied to Selkowitz's amended complaint, and denied Selkowitz's motions to remand and for a TRO. (Dkt. No. 22.) Selkowitz moved for reconsideration. (Dkt. No. 25.) He urged the Court to exercise its discretion under 28 U.S.C. § 1367(c) to decline to exercise supplemental jurisdiction over his complaint, given that (1) he had voluntarily dismissed the FDCPA claims—the only claims over which the Court had original jurisdiction, (2) from the outset, the FDCPA claims were "dependent upon the interpretation of Washington law for [their] adequacy, as absent a finding that the foreclosure process initiated by Defendants was improper under Washington law, the FDCPA claim[s] could not exist," (3) the Washington state-law claims predominated in the original complaint and were the only claims remaining in the amended complaint, and (4) those state-law claims "raise[] . . . novel or complex issue[s] of State law," 28 U.S.C. § 1367(c). (Dkt. No. 25 at 11.)

Before ruling on Selkowitz's motion for reconsideration, the Court stayed all proceedings in this matter and ordered the parties to show cause why the Court should not submit the issue of

1    whether MERS is an authorized "beneficiary" under Washington's Deed of Trust Act ("DTA")

2    to the Washington Supreme Court. (Dkt. No. 26 at 2.) The Court observed that "a withdrawal of

3    the Court's previous order [of dismissal and denying Selkowitz's motions to remand and for a

4    TRO] may become appropriate." (*Id.*) In June 2011, the Court certified the MERS-beneficiary

5    issue to the Washington Supreme Court. (Dkt. No. 41.) In August 2012, the Supreme Court

6    issued an opinion answering the certified questions in part. *See Bain*, 285 P.3d 34. This Court

7    then lifted the stay and ordered the parties to file a joint status report. (Dkt. No. 50.)

8            Upon careful consideration of the Washington Supreme Court's *Bain* decision, this Court

9    finds—as it said it might—that withdrawal of its previous order dismissing Selkowitz's amended

10   complaint against First American, Litton, and MERS, and denying Selkowitz's motions to

11   remand and for a TRO, is appropriate. Those Defendants' motions to dismiss were premised on

12   the argument that "MERS[] [can] hold a Deed of Trust as the beneficiary and . . . agent (or

13   nominee) of the lender." (Dkt. No. 8 (Defendants Litton's and MERS' Motion to Dismiss) at 11.)

14   For example, Defendants relied on that argument for their assertion that "MERS had the

15   authority to appoint Quality Loan Service as successor trustee," and that Quality Loan Service in

16   turn acted lawfully under Washington's DTA. (*Id.* at 12.) Defendants also argued that, in order to

17   non-judicially foreclose, "all that matters is that the purported beneficiary be the holder of the

18   note," and that MERS was such a holder under the DTA. (*Id.* at 13.) The Washington Supreme

19   Court rejected the premise of Defendants' arguments in *Bain*, answering the certified question,

20   "Is Mortgage Electronic Registration Systems, Inc., a lawful 'beneficiary' within the terms of

21   Washington's Deed of Trust Act, Revised Code of Washington section 61.24.005(2), if it never

22   held the promissory note secured by the deed of trust?" in the negative. 285 P.3d at 37; *see id.* at

23   41–47; *see* Dkt. No. 16 (Plaintiff's Response to Defendant First American's Motion to Dismiss)

24   at 6 ("The role of MERS in the subject transaction and its legal interest in the Note and/or Deed

25   of Trust is crucial, because if MERS had no authority to act under the subject Deed of Trust, the

26   arguments of Defendants fail."). In light of *Bain*, the Court VACATES its August 31, 2010 order

1    (Dkt. No. 22).

2        Outstanding, then, is Selkowitz's first amended complaint (Dkt. No. 9), Defendants'

3 motions to dismiss (Dkt. Nos. 7, 8 & 24), Selkowitz's motion for a TRO (Dkt. No. 13), and

4 Selkowitz's motion to remand (Dkt. No. 14). Selkowitz's first amended complaint (Dkt. No. 9)

5 does not contain a federal cause of action. The Court's jurisdiction over the claims in that

6 complaint (all state-law claims) is thus entirely supplemental, under 28 U.S.C. § 1367. *See St.*

7 *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Under § 1367(c)(2),

8 "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim

9 substantially predominates over the claim or claims over which the district court has original

10 jurisdiction." And, as demonstrated by the need to certify questions implicated by those claims to

11 the Washington Supreme Court, those claims "raise[] . . . novel or complex issue[s] of State

12 law," another factor militating in favor of declining jurisdiction. 28 U.S.C. § 1367(c)(1). As

13 such, the Court finds that the most appropriate course of action is to decline to exercise

14 supplemental jurisdiction over the claims contained in the first amended complaint, and to

15 remand the case to King County Superior Court.

16        The Court acknowledges Selkowitz's statement in the joint status report that he intends to

17 file a motion for leave to amend his complaint again, to re-plead the federal FDCPA claims.

18 (Dkt. No. 54 at 5 ¶ 3.a.) The Court is puzzled by that statement, given Selkowitz's concurrent

19 statement in the same report that he intends to revise and re-file his motion to remand. (*Id.* at 5–6

20 ¶ 4.a.) In any event, were the Court to grant Selkowitz leave to amend his complaint to add the

21 FDCPA claims, the Court would still decline to exercise supplemental jurisdiction over the state-

22 law claims, because they "raise[] . . . novel or complex issue[s] of State law" and would

23 "substantially predominate[] over the [FDCPA] claim." 28 U.S.C. § 1367(c)(1)–(2).

24        For the foregoing reasons, the Court's August 31, 2010 order (Dkt. No. 22) is

25 VACATED, and, having declined to exercise supplemental jurisdiction over all of the claims in

26 the operative complaint, the Court REMANDS this case to King County Superior Court. A

ORDER REMANDING CASE
PAGE - 4

1   certified copy of this order shall be transmitted without delay to the clerk of the State court.

2       DATED this 14th day of November 2012.

3

4

5

6

7

8   _____

9   John C. Coughenour
    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER REMANDING CASE
PAGE - 5