Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| KEVIN SELKOWITZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOE DEFENDANTS 1-20,<br><br>Defendants. | NO. 3:10-cv-05523-JCC<br><br>DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF ORDER REMANDING CASE<br><br>NOTE ON MOTION CALENDAR: November 14, 2012 |

COMES NOW Defendant First American Title Insurance Company ("First American"), by its attorneys, Kennard M. Goodman and Ann T. Marshall, of Bishop, White, Marshall & Weibel, P.S., and moves for reconsideration of the Court's Order Remanding Case which also vacates the order dismissing the Amended Complaint as to First American.

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 1

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

## I. RELIEF REQUESTED

Pursuant to CR 7(h), First American requests that this Court reinstate its order dismissing as to First American all claims for relief set forth in Plaintiff Kevin Selkowitz's Amended Complaint on file herein. Alternatively, First American requests that this Court amend its Order Remanding Case (Docket No. 55) to clarify that First American's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) was not "premised on the argument that 'MERS[] [can] hold a Deed of Trust as the beneficiary and . . . agent (or nominee) of the lender.'" Docket No. 55, p. 3.

## II. STATEMENT OF FACTS

First American moved to dismiss Selkowitz's complaint pursuant to Fed.R.Civ.P. 12(b)(6). *See* Docket No. 7. In a nutshell, First American demonstrated that the pleadings described its only involvement as having been the original trustee named in the deed of trust who was replaced by another trustee before any foreclosure process was initiated against Selkowitz. First American argued that it should be dismissed because all the wrongful conduct alleged by Selkowitz occurred after the new trustee was substituted and Selkowitz did not describe anything actually done by First American. Critically, First American's motion to dismiss did not assert, much less rely, on the premise that MERS could be a beneficiary under a deed of trust.

While the motion was pending, Selkowitz served and filed an Amended Complaint (Docket No. 9) that eliminated all of his federal-law claims. Selkowitz filed and served a response to First American's motion at 5:30 p.m. on Thursday, August 26, 2010. *See* Docket No. 16. Selkowitz's brief included arguments about MERS's capacity to serve as a beneficiary (some of which are quoted in the Court's Order Remanding Case).

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 2

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1  Before First American had an opportunity to file a reply responding to Selkowitz's arguments, the Court entered its order on Tuesday, August 31, 2010, granting the motion to dismiss. *See* Docket No. 22.

As set forth below, First American's reply would have demonstrated that Selkowitz's argument based on whether MERS could act as beneficiary was irrelevant to First American's motion. Consequently, the order granting First American's motion to dismiss should not be vacated. Alternatively, the Order Remanding Case should be amended to clarify that First American's motion to dismiss did not rely on MERS's capacity to be a beneficiary.

### III.   STATEMENT OF ISSUES

1. Should the order dismissing the Amended Complaint as against First American be reinstated?

2. Alternatively, should the Order Remanding Case be amended to clarify that First American's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) did not rely on the premise that MERS could serve as a beneficiary on a deed of trust?

### IV.   EVIDENCE RELIED UPON

First American relies upon the pleadings filed in this action.

### V.   ARGUMENT

A motion for reconsideration may be granted upon the showing of manifest error. CR 7(h)(1). The motion for reconsideration must be filed within 14 days of the filing of the order to which it is related. CR 7(h)(2). The Order Remanding Case which is the subject of the present motion was filed on November 14, 2012, the same day as which this motion for reconsideration is being filed.

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 3

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

1  The Order Remanding Case vacates the dismissal as to First American on the ground that First American argued that MERS could act as a beneficiary and agent of the lender. In support of this, the Court quotes from the Motion to Dismiss by Defendants Litton Loan Servicing, L.P., and MERS (Docket No. 8) and from Selkowitz's Response to First American's Motion to Dismiss (Docket No. 16). *See* Docket No. 55, p. 3.

First American's motion appears of record as Docket No. 7. The Court's Order Remanding Case does not cite to any language in First American's motion where the title company asserted MERS has the capacity to be a beneficiary or agent on the deed of trust. First American respectfully submits that it is unfair to characterize the basis for its motion based on Selkowitz's opposing arguments, when First American never had an opportunity to reply to those arguments.

In moving for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), First American challenged Selkowitz to demonstrate to this Court how his complaint and its exhibits state a claim for relief as against First American. Selkowitz's response largely consisted of an exposition why his complaint successfully asserts claims against the other defendants and concludes that, therefore, First American must remain a defendant. The most notable point about Selkowitz's response was what it omitted: a specific discussion — with citations to the complaint, its exhibits, and legal authority — explaining why Selkowitz has a valid claim for relief against First American, a former trustee that was removed before any attempt to foreclose on the deed of trust against Selkowitz's property.

Selkowitz's own Statement of Facts established the paucity of merit to his claims against First American:

> Plaintiff executed a Deed of Trust on November 1, 2006, with Defendant [First American] as trustee, naming MERS as purported beneficiary; the

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 4

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

> lender was identified as New Century Mortgage Corporation ("New Century"). . . .
>
> . . .
>
> On May 12, 2010, Defendant MERS executed, as beneficiary of the security instrument, an Appointment of Successor Trustee nominating Defendant QLS as trustee. . . .
>
> On May 27, 2010, Defendant QLS executed a Notice of Trustee's Sale in connection with the Property.

Docket No. 16, p. 2.  Selkowitz thereby established once again that First American did not play any role in the effort to foreclose the deed of trust on his property.  Any remaining question on this point was unequivocally eliminated by the remainder of Selkowitz's opposition:

- "*MERS directed QLS* to execute and record a Notice of Trustee's Sale … ."
- "By virtue of its [sic] recording its [sic] Notice of Trustee's Sale without the legal authority to do so, *QLS and Litton* defamed Plaintiff's title to his property."
- "*QLS and Litton* knew at the time it [sic] recorded its [sic] Notice of Trustee's Sale, the underlying Notice of Default, the proper issuance of which is a prerequisite to the issuance of the filing of a Notice of Trustee's Sale, was defective."

Docket No. 16, pp. 18, 19 (emphasis added).

Selkowitz's opposition included an exegesis on RCW Chapter 61.24.[1] *See* Docket No. 16, pp. 4-12.   This was, and remains, a red herring.

---

[1] The excerpt quoted in the Order Remanding Case (Docket No. 16, p. 3, lines 23-26) comes from this portion of Selkowitz's brief.

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 5

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1   Most of Selkowitz's argument discussed the Deed of Trust Act and attempted to explain why he is purportedly the victim of a wrongful foreclosure (which is pleaded as his fourth claim for relief). The thrust of Selkowitz's argument was that MERS cannot be a beneficiary under the deed of trust he executed, and therefore all the subsequent substitutions, assignments, collection efforts, and attempts to foreclose are invalid, void, and unlawful. *See* Docket No. 16, pp. 4-12.

In its opening brief, First American explained that the trustee on a deed of trust is typically nominated, without notice, by the beneficiary, who has complete discretion to substitute a new trustee at any time. *See* Docket No. 7, p. 5 n.2. The trustee is a nominal party with no real interest in the transaction. *See Mutual Reserve Ass'n v. Zeran,* 152 Wash. 342, 350, 277 P. 984 (1929).

In eight pages of discussion about RCW Chapter 61.24, Selkowitz never even attempted to refute this basic proposition.

Indeed, Selkowitz mentioned First American only three times in his discussion of the Deed of Trust Act: once, to identify it as the original trustee; and two times, to observe that First American does not dispute that New Century may still hold Selkowitz's promissory note. *See* Docket No. 16, pp. 4, 6, and 11. None of those references provided any meaningful support for finding that First American has assisted in the foreclosure against Selkowitz's property, much less violated RCW Chapter 61.24, so as to give rise to a claim for relief against First American.

Nonetheless, Selkowitz then made the remarkable assertion:

> If Defendants intend to foreclose a property non-judicially they are obligated to have evidence that they are doing so on a legitimate and legal basis. [First American] presents no evidence that their actions were anything other than wrongful and fraudulent. Based upon the foregoing, [First American] has knowingly and recklessly violated *RCW 61.24.*

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

Docket No. 16, p. 12.

Selkowitz's conclusion ignored that it is he, not First American, who has the burden of persuasion here. Selkowitz proffered no explanation why his allegations support holding *First American* liable for any wrongful or fraudulent conduct allegedly committed by *QLS or Litton.* Selkowitz proffered no explanation how his allegations show *First American* knowingly or recklessly violated RCW Chapter 61.24 when it played no role whatsoever in the foreclosure process. Other than *ipse dixit,* Selkowitz proffered no factual allegations or legal authority for his conclusion that First American is liable for anything done in connection with the foreclosure against his property.

Nor does the Washington Supreme Court's decision create any reason to keep First American in this lawsuit. The Supreme Court declined to answer the second certified question about the legal effect of MERS's acting as an unlawful beneficiary under the Deed of Trust Act. With respect to First American, that question addresses the validity of the substitution of trustee replacing First American. A careful analysis yields the conclusion that, even after *Bain,* Selkowitz does not have any current claim for relief as against First American.

In a nonjudicial foreclosure, the beneficiary notifies the trustee of a default and requests the trustee to commence the foreclosure. If the current trustee was not properly appointed — for example, because the appointment was by an unauthorized beneficiary — the most drastic consequences would be to invalidate the foreclosure sale; re-vest title to the property in the debtor (if the trustee sale has been completed); and require the last-authorized beneficiary to start the foreclosure process over again. This *might* result in

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 7

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

1 reinstatement of the original trustee (in this case, First American) as trustee under the deed of trust.[2]  But, even if that is the case, First American still has had no role in the invalidated foreclosure and, hence, has no liability to Selkowitz.[3]  The foreclosure will have to be started again from scratch.  If the new foreclosure were somehow defective, then Selkowitz could challenge it in a new court proceeding; at that point First American — if, in fact, it is First American who is the trustee conducting the renewed foreclosure sale — would be a proper party.  But, it bears emphasizing that Selkowitz's claim against First American would arise out of the renewed foreclosure, independently of and without relation to the current foreclosure that he is challenging in this lawsuit.

In short, as the original trustee who has been substituted out, First American has no responsibility for the current foreclosure.  Selkowitz has never shown that he has any existing claim for relief as against First American based on the foreclosure itself or the purportedly improper substitution of trustee that was effected unilaterally by a third party.  A number of conditions must occur before Selkowitz can have any cognizable claim against First American:

*If*

> the appointment of First American's successor trustee is invalid because MERS is an unauthorized beneficiary,

*and if*

---

[2] In declining to answer the second certified question, the Washington Supreme Court also left unanswered whether the substitution of trustee is valid and, if not, who now serves as trustee.  In any event, nothing would prevent any authorized beneficiary from unilaterally substituting a new trustee before commencing a new foreclosure, even if the original trustee were automatically reinstated.

[3] A defendant with no duty to act and who does not act has no liability to a plaintiff.  *See, e.g., McCormick v. Milner Hotels, Inc.,* 53 Wn.2d 207, 339 P.2d 239 (1958); *Pruitt v. Savage,* 128 Wn.App. 327, 115 P.3d 1000 (2005).

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 8

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354

1  First American is thereby automatically reinstated as trustee,

2  *and if*

3  the last authorized beneficiary does not name a substitute trustee for First
4  American,

5  *and if*

6  a new foreclosure conducted by First American is defective in some manner,

7  *then and only then*

8  will Selkowitz have a potentially legitimate ground to start a lawsuit with First
9  American properly named as a defendant.

10

11  This Court correctly granted First American's motion to dismiss on the ground that
12  Selkowitz had alleged no wrongdoing by the title company.  First American's motion did
13  not rely in any way on whether MERS was authorized to be a beneficiary.  To the contrary,
14  that issue was first raised by Selkowitz in his opposition, and First American had no
15  opportunity to refute its relevance because its motion was granted before it could file a
16  reply brief.  *Bain* has no impact upon the grounds for dismissing the lawsuit against First
17  American.  Accordingly, the order of dismissal should be reinstated.

18  Alternatively, First American respectfully requests the Court to amend the Order
19  Remanding Case to clarify that First American's motion to dismiss was not premised on
20  the argument that MERS was a lawful beneficiary under the Washington Deeds of Trust
21  Act and is not affected by the *Bain* decision.  First American will renew its motion to
22  dismiss in the Superior Court, and this Court's clarification will save First American the
23  time and cost of having to demonstrate the falsity of any argument by Selkowitz that this

24

25

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 9

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX: 206/622-0354

Court already denied First American's motion to dismiss because of the Washington Supreme Court's ruling.

## II.   CONCLUSION

For the foregoing reasons, defendant First American respectfully requests this Court to reconsider the Order Remanding Case (Docket No. 55) and reinstate the order dismissing the lawsuit, with prejudice, as to First American (Docket No. 22) or, alternatively, amending the Order Remanding Case to clarify that First American's motion to dismiss did not rely on any argument concerning MERS's capacity to act as beneficiary or agent.

Dated this 14th day of November, 2012.

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.

By:   */s/ Kennard M. Goodman*
     Ann T. Marshall, WSBA No. 23533
     Kennard M. Goodman, WSBA No. 22823

Attorneys for Defendant
First American Title Insurance Company

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION - 10

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WASHINGTON 98101-1801
206/622-5306  FAX:  206/622-0354