THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN SELKOWITZ, an individual<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING LP, a Delaware Limited Partnership; NEW CENTURY MORTGAGE CORPORATION, a California Corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a Washington Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; and DOE Defendants 1–20,<br><br>Defendants. | CASE NO. C10-5523-JCC<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant First American Title Insurance Company's motion for reconsideration of the Court's order (1) vacating its prior order granting, *inter alia*, First American's motion to dismiss and (2) remanding this case to King County Superior Court. (Dkt. No. 57.) First American correctly clarifies that, while Defendants Litton Loan Servicing LP's and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to

ORDER ON MOTION FOR RECONSIDERATION
PAGE - 1

dismiss was premised on the argument that "MERS[] [can] hold a Deed of Trust as the beneficiary and . . . agent (or nominee) of the lender" (Dkt. No. 8 at 11), First American's motion to dismiss was not premised on that argument. Rather, First American

> demonstrated [in its motion to dismiss] that the pleadings described [First American's] only involvement as having been the original trustee named in the deed of trust who was replaced by another trustee before any foreclosure process was initiated against Selkowitz. First American argued that it should be dismissed because all the wrongful conduct alleged by Selkowitz occurred after the new trustee was substituted and Selkowitz did not describe anything actually done by First American.

(Dkt. No. 57 at 2.) First American asks the Court either to reinstate its order dismissing Selkowitz's complaint as to First American, or, in the alternative, to clarify that First American's motion to dismiss was not premised on an argument implicated by the Washington Supreme Court's decision in *Bain v. Metropolitan Mortgage Group, Inc.*, 285 P.3d 34 (Wash. 2012).

The Court DENIES First American's request to reinstate the Court's prior order of dismissal. Reinstating that order would require the Court to exercise supplemental jurisdiction over Selkowitz's claims. For the reasons discussed in the Court's November 14th order, the Court declines to exercise such supplemental jurisdiction over Selkowitz's complaint, which states only state-law claims. *See* 28 U.S.C. § 1367(c). The Court GRANTS First American's request to clarify that First American's motion to dismiss was not premised on the argument that MERS is a lawful beneficiary under the Washington Deed of Trust Act, and the *Bain* decision does not bear on the arguments First American advanced in its motion. The Court's order (Dkt. No. 55) should not be read to state the contrary. First American may renew its motion to dismiss in the Superior Court. A certified copy of this order shall be transmitted without delay to the clerk of the State court.

//
//
//

1      DATED this 15th day of November 2012.

                                          *[signature]*

                                          John C. Coughenour
                                          UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR RECONSIDERATION
PAGE - 3